**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES GmbH, and ACCENTURE LLP, | ) | |
| Plaintiffs, | ) | C.A. No. 07-826-SLR |
| v. | ) | **JURY TRIAL DEMANDED** |
| GUIDEWIRE SOFTWARE, INC., | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs Accenture Global Services GmbH and Accenture LLP (collectively "Accenture") will serve the attached subpoena duces tecum with Schedule A on the following:

| **Name** | **Date/Location of Document Production** |
|---|---|
| CNA FINANCIAL CORPORATION<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | June 13, 2008<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801 |

OF COUNSEL:

James Pooley
L. Scott Oliver
Diana Luo
Ruchika Agrawal
Matthew Chen
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5700

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs Accenture Global Services GmbH and Accenture LLP*

Dated: May 30, 2008
867129 / 32523

AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

ACCENTURE GLOBAL SERVICES GmbH, et al.,

V.

GUIDEWIRE SOFTWARE, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-826-SLR
(Case pending in
District of Delaware)

TO: CNA FINANCIAL CORPORATION
c/o THE CORPORATION TRUST COMPANY (REGISTERED AGENT)
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DELAWARE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Scheduled A

| PLACE | DATE AND TIME |
|---|---|
| Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>TEL: 302-984-6000 | June 13, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/07) Subpoena in a Civil Case

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiffs | May 30, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Diana Luo, Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA 94304
Tel: (650) 813-5600

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

**Schedule A**

**Definitions**

1. The term "Accenture" means plaintiffs Accenture Global Services GmbH and Accenture LLP and any of their predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys or other persons acting on their behalf, including but not limited to Anderson Consulting.

2. The term "Guidewire," means Defendant Guidewire Software, Inc. and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, consultants, advisors, contractors, partners, subsidiaries, parent corporations, investors, attorneys or other persons acting on its behalf.

3. The terms "CNA," "you" and "your" mean Continental Casualty Company, any business unit that currently exists or previously existed therein (including but not limited to the CNA Personal (aka Encompass) business unit and the CNA Commercial business unit), and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys or other persons acting on its behalf.

4. The term "'284 Patent" means United States Patent No. 7,013,284.

5. The term "Guidewire Product" means any insurance claims processing, data entry or analysis product or prototype demonstrated, produced, developed, proposed, manufactured, tested, used, distributed, acquired, licensed, leased, sold, offered for sale, imported or marketed by or in conjunction with Guidewire, or in research and development, implementation or testing phase, including but not limited to the Guidewire Insurance Suite and Guidewire ClaimCenter, and also including but not limited to CNA's claims processing system allegedly developed jointly by CNA and Guidewire.

6. The term "code" means any source code, in the form in which it is created and maintained, including but not limited to library files, header files, project and make files, source files for the routines called out in the header files, date pump code, controller code, any documentation, and any third-party software components, which are sufficient to allow the compilation, linking and assembly of a functioning copy of each version of each product.

7. The term "lawsuit" refers the action entitled *Accenture Global Services GMBH, et al. v. Guidewire Software Inc.*, Case No. 07-826-SLR.

8. The terms "document," "writings," "recordings" or "things," as used herein are used in their broadest sense including without limitation, the original and all non-identical copies (including those with any notations) of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams, telex and facsimile messages; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgements and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices and announcements, and press releases; specification sheets and diagram; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, data schematics, data flow diagrams, entity-relationship diagrams, event flow diagrams, functional specifications, technical assessments, project plans, resource allocation plans, prototype, pictures and photographs; all data or information stored on

electronic or computer-readable media, such as electro-magnetic or other disks, diskettes, batch disk drives, tapes, cartridges, and CD-ROM, including but not limited to software, firmware, source code, and electronic mail; and all things in the broadest sense pursuant to Federal Rules of Civil Procedure 26 and 34.

9. The terms "person" or entity mean any natural person, firm, partnership, association, corporation, trust, and any other business, governmental or legal entity.

10. The terms "identify" or "identity" mean:

(a) when referring to a person, the person's full name, present or last known address, and the last known title and place of employment;

(b) when referring to a business, legal, or governmental entity or association, the name and address of the main office;

(c) when referring to a fact, the fact and the documentary or testimonial support for that fact;

(d) when referring to a product or thing, the title or model name/number, any code or project name, or other name by which it has been referred, and a general description of the product or thing;

(e) when referring to a written communication, identity of the document(s) in which the communication was made;

(f) when referring to an oral communication, the identity of persons participating in the communication;

(g) when referring to non-patent documents, the type of document, its general nature and subject matter, date of creation, and all author(s), addressee(s), and recipient(s); and

(h) when referring to patent documents, the country, patent and/or application number, dates of filing, publication, and issuance, and the names of patentees or applicants.

11. The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally or by document, and whether face to face, by telephone, mail, e-mail, personal delivery or otherwise. Unless otherwise indicated, a request calling for communications includes your internal communications and communications between you and any other person.

12. The term "Accenture Product" means any insurance claims processing, data entry or analysis product or prototype demonstrated, produced, developed, proposed, manufactured, tested, used, distributed, acquired, licensed, leased, sold, offered for sale, imported or marketed by or in conjunction with Accenture, or currently in a research and development, implementation or testing phase.

13. The terms "relate," "relates," or "relating" mean referring to, reflecting, constituting, proving, disproving or otherwise relating to the subject matter.

14. The terms "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive.

15. The singular form of a word shall include the plural and vice-versa.

16. The term "including" means including, but not limited to.

17. Any pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case is most appropriate.

18. The terms "all," "any," "each," or "every" means "all, each and every."

**Instructions**

1. This subpoena seeks documents to the full extent permitted by the Federal Rules of Civil Procedure.

2. This subpoena shall apply to all documents in your possession, custody, or control as of the date of service hereof or coming into your possession, custody, or control prior to the date of the production.

3. If a document once existed, but has been lost, destroyed, erased or is otherwise no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you.

4. In the event any document is withheld on a claim of confidential information, attorney/client privilege, or work product immunity, provide a detailed privilege log that describes the nature and basis for your claim and the subject matter of the document withheld, in a manner sufficient to disclose facts upon which you relied in asserting your claim, and to permit the grounds and reasons for withholding the document to be identified. Such description should, at a minimum, include:

(a) the date of the document;

(b) an identification of each and every author of the document;

(c) an identification of each and every person who received the document;

(d) an identification of each and every person from whom the document was received;

(e) a description of the subject of the document; and

(f) sufficient further information concerning the document and circumstances thereof necessary to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

5. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6. If you propound any written answers to the document requests listed below, repeat verbatim, immediately before each answer, the request being answered.

7. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible. Production in native format is acceptable if the production is accompanied by sufficient documentation to permit loading and reviewing such materials in an intelligible form.

8. File folders with tabs or labels identifying documents called for by these requests must be produced intact with such documents.

9. Documents attached to each other must not be separated.

**<u>Documents Requested</u>**

1. All documents relating or referring to the operation, function, capabilities, design or implementation of any Accenture or Guidewire Product, including but not limited to requests for proposals (aka "RFPs"), project proposals or bids, "Genesis Initiatives," specifications, data sheets, product descriptions, assessments, users manuals, design guides, design requirements, flow charts, flow diagrams, design descriptions, design specifications, data models, conceptual models, block diagrams, schematic diagrams, software documentation, functional requirements, functional specification, technical assessments, database schemes, event flow diagrams, project

scope descriptions, project plans, bug fix requests, deployment documentation, maintenance documentation, requests for additional functionality, requests for maintenance, requests for modifications, technical reference manuals, language reference manuals, presentations, user interface designs, and layouts.

2. All documents relating or referring to analyses, audits, reviews, code reviews, or reports of any Accenture or Guidewire Product.

3. All document relating or referring to analysis, audits, reviews, and reports regarding Accenture or Guidewire.

4. All documents relating or referring to CNA's and Guidewire's development of any Guidewire Product, including without limitation any allegedly developed jointly by Gudiewire and CNA for CNA during the 2002-2005 timeframe.

5. All documents CNA acquired or received from, or sent to, Guidewire.

6. All documents Guidewire acquired or received from, or sent to, CNA.

7. All documents CNA's Commercial business unit acquired from CNA Personal business unit (aka Encompass) relating to claims processing technology.

8. All documents CNA acquired or received from Accenture.

9. All documents Accenture acquired or received from CNA.

10. All documents relating or referring to any project relating to, or implementation of, any Guidewire Product at CNA, including without limitation any allegedly developed jointly by Gudiewire and CNA for CNA during the 2002-2005 timeframe.

11. All documents relating or referring to any project relating to, or implementation of, any Accenture Product at CNA.

12. Documents sufficient to identify all CNA (including but not limited to CNA Commercial and Personal business units) current or former employees, consultants, officers, contractors, or agents who worked on any project relating to, or the implementation of, any Guidewire Product at CNA, and their roles.

13. Documents sufficient to identify all CNA (including but not limited to CNA Commercial and Personal business units) current or former employees, consultants, contractors, or agents who worked on any project relating to, or implementation of, any Accenture Product at CNA, and their roles.

14. All documents relating or referring to any financial arrangement or agreement regarding any project relating to, or implementation of, any Guidewire Product at CNA, including but not limited to fee amounts, royalties, credits, invoices, payments, and financial statements.

15. All documents relating or referring to any CNA plan or policy for bonuses, commissions, or rewards for any Guidewire employees, officers, executives, agents, consultant, contractors or representatives who worked on any project relating to, or implementation of, any Guidewire Product at CNA.

16. All documents authored by, referring or related to Wayne Hoeschen.

17. All documents authored by, referring or relating to Michael Conroy.

18. All documents authored by, referring or relating to Dennis Chookaszian created after Mr. Chookaszian was no longer employed by CNA.

19. Documents sufficient to identify all CNA (including but not limited to CNA Commercial and Personal business units) current or former employees, consultants, officers,

contractors, or agents who participated in any manner in the Accenture "Genesis Initiative" and who also had any role in developing or implementing any Guidewire Product at CNA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 30, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 30, 2008, the attached document was Electronically Mailed and mailed via U.S. First Class Mail to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
Wilmington, DE 19899-1347
JBlumenfeld@MNAT.com
jheaney@mnat.com

Daralyn J. Durie
Clement S. Roberts
Matthias Kamber
JuNelle Harris
Paven Malhotra
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
djd@kvn.com
csr@kvn.com
mxk@kvn.com
jharris@kvn.com
pmalhotra@kvn.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

848351 / 32523