IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES, GmbH and ACCENTURE, LLP, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 07-826 (SLR) |
| GUIDEWIRE SOFTWARE, INC., | ) | |
| Defendant. | ) | |

**DEFENDANT GUIDEWIRE SOFTWARE, INC.'S 30(B)(6) NOTICE OF DEPOSITION OF PLAINTIFFS ACCENTURE GLOBAL SERVICES GMBH AND ACCENTURE LLP**

PLEASE TAKE NOTICE that on December 19, 2008, beginning at 10:00 a.m., Defendant Guidewire Software, Inc. ("Guidewire") will take, as provided by Federal Rule of Civil Procedure 30(b)(6), the deposition of plaintiffs Accenture Global Services GmbH and Accenture LLP (collectively "Accenture") by oral examination of witnesses(es) designated by Accenture to testify on its behalf concerning the subjects listed below under Topics for Examination. Accenture must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to matters known or reasonably available to Accenture. This deposition will take place at the offices of Keker & Van Nest, LLP, located at 710 Sansome Street, San Francisco, California 94111.

PLEASE TAKE FURTHER NOTICE that, under Federal Rule of Civil Procedure 30(b)(6), the deposition testimony will be recorded by stenographic means and will also be recorded by sound-and-visual means, including videotape and interactive real-time (i.e., simultaneous display of the transcript on a laptop through Live Note or similar software).

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 30(b)(6), Accenture must designate the person or persons most qualified to testify on its behalf as to the matters listed below under Topics for Examination.

**DEFINITIONS**

For purposes of this Notice of Deposition, the following definitions shall apply:

1. The term "Accenture" means Accenture Global Services GmbH and Accenture LLP, including without limitation all of their corporate locations, and all of their predecessors, subsidiaries, parents, affiliates, and entities acting in joint-venture or partnership relationships with them, as well as all of their past or present directors, officers, agents, members, representatives, employees, consultants, attorneys, and others acting on behalf of them, either directly or indirectly.

2. The term "Accenture Claims Product" means any insurance claims processing, data entry, or analysis product or prototype demonstrated, produced, developed, proposed, manufactured, tested, used, distributed, acquired, licensed, leased, sold, offered for sale, imported, or marketed by or in conjunction with Accenture, or currently in a research and development, implementation, or testing phase, including but not limited to Accenture's ClaimCenter and ClaimWorks products.

3. The term "the '284 patent" means U.S. Patent No. 7,013,284, along with any patent claiming priority from a patent application from which that patent claims priority, any continuation, continuation in part, or divisional of a patent application from which that patent claims priority, or any foreign counterpart patent or patent application relating any of the above categories of patents or patent applications.

4. The term "patent related to the '284 patent" means any patent or patent application you filed on the same day as the '284 patent or with a similar specification, including

without limitation U.S. Patent No. 6,574,636; U.S. Patent Publication Nos. 2002/0165739, 2003/0145124, 2003/0009357, 2003/0154172, and 2005/0149376; and U.S. Patent Application No. 10/405,903, along with any patent or patent application claiming priority from a patent application from which the these applications claim priority, any continuation, continuation in part, or divisional of a patent application from which these patents or patent applications claim priority, or any foreign counterpart patents or patent applications relating any of the above categories of patents or patent applications.

5. The term "the '111 patent" means U.S. Patent No. 7,017,111, along with any patent claiming priority from a patent application from which that patent claims priority, any continuation, continuation in part, or divisional of a patent application from which that patent claims priority, or any foreign counterpart patent or patent application relating any of the above categories of patents or patent applications.

6. The term "patent related to the '111 patent" means any patent or patent application you filed on the same day as the '111 patent or with a similar specification, along with any patent or patent application claiming priority from a patent application from which the these applications claim priority, any continuation, continuation in part, or divisional of a patent application from which these patents or patent applications claim priority, or any foreign counterpart patents or patent applications relating any of the above categories of patents or patent applications.

7. The term "Accenture's Trade Secrets" has the meaning given that term in the complaint in the above-captioned action.

8. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

9. Nouns, whether singular or plural herein, shall be construed either as singular or plural as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

10. The term "all" means "any and all."

11. The term "any" means "any and all."

12. The term "each" shall mean "each and every."

13. The term "including" means "including but not limited to."

## TOPICS FOR EXAMINATION

**Topic 1:** The existence and location of documents related to the product development of all Accenture Claims Products, including information about the design and operation of all such Products insofar as it is necessary to identify discoverable documents.

**Topic 2:** The existence and location of documents related to the conception, reduction to practice, and first sale of all inventions claimed in the '284 patent, patents related to the '284 patent, the '111 patent, and patents related to the '111 patent.

**Topic 3:** The existence and location of documents related to the drafting, prosecution, and licensing of the '284 patent, patents related to the '284 patent, the '111 patent, and patents related to the '111 patent.

**Topic 4:** The existence and location of documents related to Accenture's Trade Secrets, including documents related to the development and disclosure of those secrets and Accenture's efforts to maintain the confidentiality of those secrets.

**Topic 5:** The locations in which Accenture stores documents relating to its insurance business, including without limitation the Accenture Claims Products, the '284 patent, patents related to the '284 patent, the '111 patent, patents related to the '111 patent, and Accenture's Trade Secrets.

**Topic 6:** For the locations encompassed by Topic 5, the searches Accenture has performed in connection with this litigation, including the way each such search was conducted and the results of each such search.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Defendant*
*GUIDEWIRE SOFTWARE, INC.*

OF COUNSEL:

Daralyn J. Durie
Clement S. Roberts
Joseph C. Gratz
Eric K. Chiu
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111

Dated: December 5, 2008

2619213

**CERTIFICATE OF SERVICE**

I, Julia Heaney, hereby certify that copies of the foregoing were caused to be served on December 5, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19801

James Pooley, Esquire
L. Scott Oliver, Esquire
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304

Julia Heaney (#3052)