IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES, GmbH and ACCENTURE, LLP, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 07-826 (SLR) |
| GUIDEWIRE SOFTWARE, INC., | ) | |
| Defendant. | ) | |

**NOTICE OF SUBPOENAS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the attached subpoenas are being served on the following:

| | Tab |
|---|---|
| Steven S. Kelley<br>c/o Harrity & Harrity, LLP<br>11350 Random Hills Road, Suite 600<br>Fairfax, VA 22030 | A |
| DeWayne L. Bentley<br>c/o GE Healthcare Bio-Sciences Corp.<br>800 Centennial Avenue<br>Piscataway, NJ 08855 | B |
| Matthew A. Kaminer<br>c/o WebMD<br>111 8th Avenue, 7th Floor<br>New York, NY 10011 | C |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jheaney@mnat.com
*Attorneys for Defendant Guidewire Software, Inc.*

OF COUNSEL:

Daralyn J. Durie
Clement S. Roberts
Joseph C. Gratz
Eric K. Chiu
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

December 16, 2008

2632822

# TAB A

AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ACCENTURE GLOBAL SERVICES, GmbH and
ACCENTURE, LLP

V.

GUIDEWIRE SOFTWARE, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] 07-826(SLR)
U.S. District Court, District of Delaware

TO: STEVEN S. KELLEY
c/o Harrity & Harrity, LLP
11350 Random Hills Road, Suite 600, Fairfax, VA 22030

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[x] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>8484 Westpark Drive, Suite 110, McLean, VA 22102 (Telephone: 703-288-0026) | 10:00 a.m.<br>January 15, 2009 |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| IKON ENTERPRISE SERVICES<br>1120 G Street NW, 4th Floor<br>Washington, DC 20005 (Telephone: 202-452-8818) | 2:00 p.m.<br>December 30, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Joseph C. Gratz | 12/16/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph C. Gratz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 (Telephone 415-391-5400)

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ 
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

1. "You," and/or "Your," refers to the recipient of this subpoena, and to all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, representatives and any other person acting on your behalf.

2. "Accenture" refers to Accenture Global Services GmbH, Accenture LLP, Andersen Consulting Co., and all other predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, representatives and any other person acting on its behalf.

3. The term "person" refers to any individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust-incorporated organization, governmental, legal or political subdivision, and any non-natural persons of whatever nature.

4. Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

5. The term "relating to" means referring to, concerning, pertaining to, discussing, mentioning, containing, reflecting, evidencing, constituting, describing, displaying, showing, identifying, proving, disproving, consisting of, supporting or contradicting. This expressly includes, without limitation, written communications reflecting or pertaining to the subject matter of the request.

6. The term "any" shall mean one or more; "all" includes and encompasses "any" and "each."

7. The term "and" as well as "or" shall be construed disjunctively or conjunctively

as necessary to bring within the scope of these requests all facts, documents, things, or communications that might otherwise be construed as outside the scope of these requests.

8. The term "communication" or any variant thereof means any exchange of words or information between two or more persons and shall include, without limitation, letters, memoranda, telegrams, telecopies, telexes, e-mail, and any oral contact such as face-to-face meetings, or telephone conversations.

9. The term "documents" is used herein in its broadest sense and includes, without limitation, written, recorded, or graphic matter, however produced, including but not limited to, communications, training manuals, videotapes, photographs, memoranda, correspondence, telegrams, memoranda, letters, telecopies, telexes, brochures, licenses, assignments, contracts, agreements, notes, transcripts, précises, outlines, instructions, checks, analyses, projections, charts, graphs, work papers, drawings, designs, diagrams, photographs, films, newspaper clippings, records, reports, studies, advertisements, press releases, or any other writings of any kind including drafts and copies of the foregoing, which by reason of notes, identification marks, or other modifications are not identical to the original. The term also includes any information that is stored or carried electronically (by means of computer equipment or otherwise) and that can be retrieved in visual, printed, audio, and/or graphic form.

## INSTRUCTIONS

1. YOU are required to produce all DOCUMENTS in the manner, form, and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 34(b), including, where applicable, any index tabs, file dividers, designations, or information as to the location of DOCUMENTS.

2. If YOU cannot respond to a document request fully, after a diligent attempt to attain the requested information, YOU must answer the document request to the extent possible, specify the portion of the document request YOU are unable to answer, and provide whatever information YOU have regarding the unanswered portion.

3. If no DOCUMENTS are responsive to a particular request, please state that no responsive DOCUMENTS exist.

4. In the event that any DOCUMENT called for by the document requests has been destroyed, lost, discarded, or is otherwise no longer in YOUR possession, custody, or control, YOU shall identify such DOCUMENT as completely as possible, and shall specify

a. the identity of ANY PERSON(S) who received copies of the DOCUMENT,

b. the nature of the DOCUMENT,

c. a brief description of the subject matter of the DOCUMENT,

d. the date of disposal of the DOCUMENT,

e. the manner of disposal,

f. the reason for disposal,

g. the PERSON authorizing the disposal,

h. and the PERSON disposing of the DOCUMENT.

5. In the event ANY DOCUMENT is withheld on a claim of attorney-client privilege or work product doctrine or on ANY other ground, YOU shall provide a log that identifies ANY such DOCUMENT and includes at least the following information:

a. the nature of the DOCUMENT,

b. a brief description of the subject matter of the DOCUMENT,

c. the date of the DOCUMENT,

d. the source of the DOCUMENT,

e. ANY PERSON to whom that information was disclosed, and

f. ANY fact, statute, rule, or decision upon which YOU rely in withholding the DOCUMENT.

6. Please maintain and produce a record of the source of each DOCUMENT produced. This record should include the name and location of the file where each DOCUMENT was located and the name of the PERSON, group, or department having

possession, custody, or control of each DOCUMENT.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,331, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 2:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,816, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 3:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,234, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 4:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,228, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 5:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,817, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 6:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,146, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 7:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/550,499, filed April 14, 2000, assigned to Accenture L.L.P.

# TAB B

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

ACCENTURE GLOBAL SERVICES, GmbH and ACCENTURE, LLP

V.

GUIDEWIRE SOFTWARE, INC.

## SUBPOENA IN A CIVIL CASE

Case Number: [1] 07-826(SLR)
U.S. District Court, District of Delaware

TO: DEWAYNE L. BENTLEY
c/o GE Healthcare Bio-Sciences Corp.
800 Centennial Avenue, Piscataway, NJ 08855

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[x] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>60 Park Place, Suite 400, Newark, NJ 07102 (Telephone: 973-622-2500) | 10:00 a.m.<br>January 20, 2009 |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| IKON ENTERPRISE SERVICES<br>1 Speedwell Ave., 61 Headquarters Pl.<br>Morristown, NJ 07960 (Telephone: 973-455-7446) | 2:00 p.m.<br>December 30, 2008 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant [signature] | 12/16/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph C. Gratz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 (Telephone 415-391-5400)

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

1. "You," and/or "Your," refers to the recipient of this subpoena, and to all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, representatives and any other person acting on your behalf.

2. "Accenture" refers to Accenture Global Services GmbH, Accenture LLP, Andersen Consulting Co., and all other predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, representatives and any other person acting on its behalf.

3. The term "person" refers to any individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust-incorporated organization, governmental, legal or political subdivision, and any non-natural persons of whatever nature.

4. Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

5. The term "relating to" means referring to, concerning, pertaining to, discussing, mentioning, containing, reflecting, evidencing, constituting, describing, displaying, showing, identifying, proving, disproving, consisting of, supporting or contradicting. This expressly includes, without limitation, written communications reflecting or pertaining to the subject matter of the request.

6. The term "any" shall mean one or more; "all" includes and encompasses "any" and "each."

7. The term "and" as well as "or" shall be construed disjunctively or conjunctively

as necessary to bring within the scope of these requests all facts, documents, things, or communications that might otherwise be construed as outside the scope of these requests.

8. The term "communication" or any variant thereof means any exchange of words or information between two or more persons and shall include, without limitation, letters, memoranda, telegrams, telecopies, telexes, e-mail, and any oral contact such as face-to-face meetings, or telephone conversations.

9. The term "documents" is used herein in its broadest sense and includes, without limitation, written, recorded, or graphic matter, however produced, including but not limited to, communications, training manuals, videotapes, photographs, memoranda, correspondence, telegrams, memoranda, letters, telecopies, telexes, brochures, licenses, assignments, contracts, agreements, notes, transcripts, précises, outlines, instructions, checks, analyses, projections, charts, graphs, work papers, drawings, designs, diagrams, photographs, films, newspaper clippings, records, reports, studies, advertisements, press releases, or any other writings of any kind including drafts and copies of the foregoing, which by reason of notes, identification marks, or other modifications are not identical to the original. The term also includes any information that is stored or carried electronically (by means of computer equipment or otherwise) and that can be retrieved in visual, printed, audio, and/or graphic form.

## INSTRUCTIONS

1. YOU are required to produce all DOCUMENTS in the manner, form, and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 34(b), including, where applicable, any index tabs, file dividers, designations, or information as to the location of DOCUMENTS.

2. If YOU cannot respond to a document request fully, after a diligent attempt to attain the requested information, YOU must answer the document request to the extent possible, specify the portion of the document request YOU are unable to answer, and provide whatever information YOU have regarding the unanswered portion.

3. If no DOCUMENTS are responsive to a particular request, please state that no responsive DOCUMENTS exist.

4. In the event that any DOCUMENT called for by the document requests has been destroyed, lost, discarded, or is otherwise no longer in YOUR possession, custody, or control, YOU shall identify such DOCUMENT as completely as possible, and shall specify

a. the identity of ANY PERSON(S) who received copies of the DOCUMENT,

b. the nature of the DOCUMENT,

c. a brief description of the subject matter of the DOCUMENT,

d. the date of disposal of the DOCUMENT,

e. the manner of disposal,

f. the reason for disposal,

g. the PERSON authorizing the disposal,

h. and the PERSON disposing of the DOCUMENT.

5. In the event ANY DOCUMENT is withheld on a claim of attorney-client privilege or work product doctrine or on ANY other ground, YOU shall provide a log that identifies ANY such DOCUMENT and includes at least the following information:

a. the nature of the DOCUMENT,

b. a brief description of the subject matter of the DOCUMENT,

c. the date of the DOCUMENT,

d. the source of the DOCUMENT,

e. ANY PERSON to whom that information was disclosed, and

f. ANY fact, statute, rule, or decision upon which YOU rely in withholding the DOCUMENT.

6. Please maintain and produce a record of the source of each DOCUMENT produced. This record should include the name and location of the file where each DOCUMENT was located and the name of the PERSON, group, or department having

possession, custody, or control of each DOCUMENT.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,331, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 2:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,816, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 3:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,234, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 4:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,228, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 5:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,817, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 6:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,146, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 7:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/550,499, filed April 14, 2000, assigned to Accenture L.L.P.

# TAB C

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ACCENTURE GLOBAL SERVICES, GmbH and ACCENTURE, LLP

V.

GUIDEWIRE SOFTWARE, INC.

## SUBPOENA IN A CIVIL CASE

Case Number: [1] 07-826(SLR)
U.S. District Court, District of Delaware

TO: MATTHEW A. KAMINER
c/o WebMD
111 8th Avenue, 7th Floor, New York, NY 10011

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[x] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 West 45th Street, 8th Floor, New York, NY 10036 (Telephone: 212-840-1133) | 10:00 a.m.<br>January 16, 2009 |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| IKON ENTERPRISE SERVICES<br>40 Broad Street, 24th Floor<br>New York, NY 10004 (Telephone: 212-376-6100) | 2:00 p.m.<br>December 30, 2008 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant [signature] | 12/16/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph C. Gratz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 (Telephone 415-391-5400)

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## DEFINITIONS

1. "You," and/or "Your," refers to the recipient of this subpoena, and to all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, representatives and any other person acting on your behalf.

2. "Accenture" refers to Accenture Global Services GmbH, Accenture LLP, Andersen Consulting Co., and all other predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, representatives and any other person acting on its behalf.

3. The term "person" refers to any individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust-incorporated organization, governmental, legal or political subdivision, and any non-natural persons of whatever nature.

4. Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

5. The term "relating to" means referring to, concerning, pertaining to, discussing, mentioning, containing, reflecting, evidencing, constituting, describing, displaying, showing, identifying, proving, disproving, consisting of, supporting or contradicting. This expressly includes, without limitation, written communications reflecting or pertaining to the subject matter of the request.

6. The term "any" shall mean one or more; "all" includes and encompasses "any" and "each."

7. The term "and" as well as "or" shall be construed disjunctively or conjunctively

as necessary to bring within the scope of these requests all facts, documents, things, or communications that might otherwise be construed as outside the scope of these requests.

8. The term "communication" or any variant thereof means any exchange of words or information between two or more persons and shall include, without limitation, letters, memoranda, telegrams, telecopies, telexes, e-mail, and any oral contact such as face-to-face meetings, or telephone conversations.

9. The term "documents" is used herein in its broadest sense and includes, without limitation, written, recorded, or graphic matter, however produced, including but not limited to, communications, training manuals, videotapes, photographs, memoranda, correspondence, telegrams, memoranda, letters, telecopies, telexes, brochures, licenses, assignments, contracts, agreements, notes, transcripts, précises, outlines, instructions, checks, analyses, projections, charts, graphs, work papers, drawings, designs, diagrams, photographs, films, newspaper clippings, records, reports, studies, advertisements, press releases, or any other writings of any kind including drafts and copies of the foregoing, which by reason of notes, identification marks, or other modifications are not identical to the original. The term also includes any information that is stored or carried electronically (by means of computer equipment or otherwise) and that can be retrieved in visual, printed, audio, and/or graphic form.

## INSTRUCTIONS

1. YOU are required to produce all DOCUMENTS in the manner, form, and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 34(b), including, where applicable, any index tabs, file dividers, designations, or information as to the location of DOCUMENTS.

2. If YOU cannot respond to a document request fully, after a diligent attempt to attain the requested information, YOU must answer the document request to the extent possible, specify the portion of the document request YOU are unable to answer, and provide whatever information YOU have regarding the unanswered portion.

3. If no DOCUMENTS are responsive to a particular request, please state that no responsive DOCUMENTS exist.

4. In the event that any DOCUMENT called for by the document requests has been destroyed, lost, discarded, or is otherwise no longer in YOUR possession, custody, or control, YOU shall identify such DOCUMENT as completely as possible, and shall specify

a. the identity of ANY PERSON(S) who received copies of the DOCUMENT,

b. the nature of the DOCUMENT,

c. a brief description of the subject matter of the DOCUMENT,

d. the date of disposal of the DOCUMENT,

e. the manner of disposal,

f. the reason for disposal,

g. the PERSON authorizing the disposal,

h. and the PERSON disposing of the DOCUMENT.

5. In the event ANY DOCUMENT is withheld on a claim of attorney-client privilege or work product doctrine or on ANY other ground, YOU shall provide a log that identifies ANY such DOCUMENT and includes at least the following information:

a. the nature of the DOCUMENT,

b. a brief description of the subject matter of the DOCUMENT,

c. the date of the DOCUMENT,

d. the source of the DOCUMENT,

e. ANY PERSON to whom that information was disclosed, and

f. ANY fact, statute, rule, or decision upon which YOU rely in withholding the DOCUMENT.

6. Please maintain and produce a record of the source of each DOCUMENT produced. This record should include the name and location of the file where each DOCUMENT was located and the name of the PERSON, group, or department having

possession, custody, or control of each DOCUMENT.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,331, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 2:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,816, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 3:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,234, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 4:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,228, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 5:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,817, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 6:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/305,146, filed May 4, 1999, assigned to Accenture L.L.P.

**REQUEST NO. 7:**

ALL DOCUMENTS RELATING TO United States Patent Application No. 09/550,499, filed April 14, 2000, assigned to Accenture L.L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on December 16, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19801

James Pooley, Esquire
L. Scott Oliver, Esquire
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304

*/s/ Julia Heaney (#3052)*

Julia Heaney (#3052)