**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES GmbH, and ACCENTURE LLP,<br><br>Plaintiffs,<br><br>v.<br><br>GUIDEWIRE SOFTWARE, INC.,<br><br>Defendant. | ) | C.A. No. 07-826-SLR<br><br>**JURY TRIAL DEMANDED** |

**NOTICE OF DEPOSITION OF GUIDEWIRE SOFTWARE, INC.**
**PURSUANT TO FED. R. CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Accenture Global Services GmbH and Accenture LLP (collectively "Accenture"), by their counsel, will take the deposition of Guidewire Software, Inc. ("Guidewire") by oral examination. The deposition will begin at 9:00 a.m. on Friday, May 1, 2009, at the offices of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304, or at a location mutually agreed to by the parties, and will continue from day to day until completed. The deposition will be taken before a certified shorthand reporter duly authorized to administer oaths and will be recorded through both stenographic means, including the use of real time transcription, and videotape. You are invited to attend and cross-examine the witness.

Guidewire is instructed to present one or more representatives to testify on the topics listed in Exhibit A attached hereto.

POTTER ANDERSON & CORROON LLP

By: */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Plaintiffs*
*Accenture Global Services GmbH*
*and Accenture LLP*

OF COUNSEL:

James Pooley
L. Scott Oliver
Diana Luo
Ruchika Agrawal
Matthew Chen
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5700

Dated: April 13, 2009
911690 / 32523

**EXHIBIT A**

DEFINITIONS

For purposes of this Notice of Deposition, the following definitions shall apply:

1. The term "Accenture" means plaintiffs Accenture Global Services GmbH and Accenture LLP and any of their predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys or other persons acting on its behalf.

2. The terms "Guidewire," "you" and "your" mean Defendant Guidewire Software, Inc. and any of its predecessors (including but not limited to Centrica and Kana), successors, assigns, agents, employees, officers, directors, affiliates, consultants, advisors, contractors, partners, subsidiaries, parent corporations, investors, attorneys or other persons acting on its behalf.

3. The term "'284 Patent" means United States Patent No. 7,013,284.

4. The term "'111 Patent" means United States Patent No. 7,017,111.

5. The term "Patents-in-suit" means the '284 Patent and the '111 Patent.

6. The term "Guidewire Product" means 1) any insurance claims processing, data entry or analysis product or prototype demonstrated, produced, developed, proposed, manufactured, tested, used, distributed, acquired, licensed, leased, sold, offered for sale, imported or marketed by or in conjunction with Guidewire, or currently in a research and development, implementation or testing phase, including but not limited to Guidewire's Insurance Suite, ClaimCenter, Policy Center and Billing Center products, and 2) any services, related to such products, including without limitation, services related to implementation, installation, maintenance, and/or customer support.

7. The term "lawsuit" refers the action entitled *Accenture Global Services GmbH v. Guidewire Software Inc.*, Case No. 07-826-SLR.

8. The term "prior art" is used in these requests as that phrase is generally understood in proceedings before the U.S. Patent and Trademark Office and in 35 U.S.C. §§ 102 *et seq*.

9. The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally or by document, and whether face to face, by telephone, mail, e-mail, personal delivery or otherwise. Unless otherwise indicated, a request calling for communications includes your internal communications and communications between you and any other person.

10. The terms "relate," "relates," or "relating" mean referring to, reflecting, constituting, proving, disproving or otherwise relating to the subject matter.

11. The terms "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive.

12. The singular form of a word shall include the plural and vice-versa.

13. The term "including" means "including, but not limited to."

14. Any pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case is most appropriate.

15. The terms "all," "any," "each," or "every" means "all, each and every."

**DEPOSITION TOPICS**

1. Guidewire's decision to develop insurance claims processing software.

2. Any knowledge, information, or access to information relating to Accenture's insurance claims products or services obtained by Guidewire, including but not limited to

promotion materials, technical demonstrations, instruction manuals, architectural information, and technical specifications and documents.

3. Guidewire's efforts, if any, to avoid learning about or using competitors' confidential, proprietary or trade-secret information.

4. Guidewire's knowledge of the features and functionalities in Accenture's insurance claims products or services, including but not limited to, the source of that knowledge and when Guidewire obtained that knowledge.

5. Guidewire's access to industry reviews or comments regarding Accenture's insurance claims products or services.

6. The development of any specific features in any Guidewire Product resulting from comments, suggestions, requests or criticisms from customers and/or prospective customers.

7. Any advice, suggestion, and input from Michael Conroy regarding the development of the Guidewire Products.

8. Any advice, suggestion, and input from Wayne Hoeschen regarding the development of the Guidewire Products.

9. Any advice, suggestion, and input from Dennis Chookaszian regarding the development of the Guidewire Products.

10. Any advice, suggestion, and input from Bob Finlayson regarding the development of the Guidewire Products.

11. The development of Guidewire's alleged trade secrets, including but not limited to, when they were developed, how they were developed, the identity of all persons who developed them, the costs of developing them, and the time taken to develop them.

12. The independent economic value Guidewire derives from the alleged secrets not being generally known to the public or to other persons who can obtain economic value from their disclosure or use including, but not limited to, the nature and extent of any benefit Guidewire has received from each alleged trade secret individually, and any group of them, including but not limited to all of them collectively.

13. Public knowledge or general knowledge of Guidewire's alleged trade secrets, including but not limited to the publication of any alleged trade secrets in patent applications, web sites, white papers, industry reviews, industry commentary, or other places.

14. Guidewire's efforts to maintain the secrecy of its alleged trade secrets.

15. The circumstances surrounding the negotiation, scope, and execution of the nondisclosure agreements between Guidewire and Accenture dated February 24, 2006, November 30, 2006, and August 15, 2007.

16. Any investigation, analysis, or study relating to the negotiation, scope, and execution of the nondisclosure agreements listed in the previous topic.

17. The design, features, functionalities, and operation of all Guidewire Products from 2002 to the present.

18. The deployment, configuration and implementation of all Guidewire Products from 2002 to the present.

19. Any services Guidewire provides or offers to its customers or licensees relating to any Guidewire Products.

20. All information about the Guidewire Products made available at any time on Guidewire's website[s], whether password-protected or not.

21. All information about the Guidewire Products made available in industry publications, including but not limited to Gartner publications.

22. Any sale, offer for sale, license, or offer to license by Guidewire or on behalf of Guidewire of any Guidewire Product.

23. Revenue and market share derived from sales, licensing fees, implementation fees, seat fees, or maintenance fees associated with any Guidewire Product, including but not limited to, information relating to the number of licensed seats or users of each Guidewire Product.

24. Guidewire's policies, procedures, and methodologies for developing appropriate licensing, implementation, and maintenance fees in connection with Guidewire Products.

25. Any license Guidewire has entered into with any person or entity for intellectual property, including but not limited to, the licensing fees and/or royalty paid or received under each such license.

26. The amounts received by Guidewire from any customer, including but not limited to all license, maintenance, seat, and implementation fees paid to Guidewire.

27. All financial reports, financial summaries, annual or quarterly financial reports, financial projections, market analyses, or information relating to Guidewire's financials provided to all or any of Guidewire's investors.

28. The basis for any contention that Guidewire is entitled to damages as a result of Accenture's alleged misappropriation of Guidewire's alleged trade secrets.

29. Any communication with non-parties relating to the Patents-in-suit or this lawsuit.

30. The circumstances under which Guidewire first became aware of the Patents-in-suit.

31. Any examination, investigation, analysis or study undertaken by or on behalf of Guidewire relating to prior art to the Patents-in-suit.

32. Any examination, investigation, analysis or study undertaken by or on behalf of Guidewire to determine the validity or invalidity of the Patents-in-suit.

33. Any evidence or documentation of the commercial success of the inventions claimed in the Patents-in-suit.

34. Any evidence or documentation of the desirability of the inventions claimed in the Patents-in-suit.

35. Any evidence or documentation relevant to any other secondary considerations, including any industry acceptance, alleged copying by others, and/or long-felt need of any of the inventions claimed or described in the Patents-in-suit.

36. Any evidence or documentation relevant to any secondary considerations based on the sale or license of Guidewire Products.

37. Any investigation, testing, analysis, study or comparison undertaken by or on behalf of Guidewire to determine whether any Guidewire Product infringes the Patents-in-suit.

38. Any steps taken by Guidewire to avoid infringement of the Patents-in-suit.

39. Any examination, investigation, analysis or study undertaken by or on behalf of Guidewire to determine the enforceability or unenforceability of the Patents-in-suit.

40. Guidewire's efforts to preserve relevant documents after the filing of this lawsuit.

41. Guidewire's policies or procedures for document retention, preservation, or destruction, both past and present.

42. The locations searched and persons who searched for the existence of documents potentially relevant to this lawsuit.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 13, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 13, 2009, the attached document was Electronically Mailed and mailed via U.S. First Class Mail to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
Wilmington, DE 19899-1347
JBlumenfeld@MNAT.com
jheaney@mnat.com

Daralyn J. Durie
Ragesh Tangri
Clement S. Roberts
Joseph C. Gratz
DURIE TANGRI LEMLEY ROBERTS & KENT
332 Pine Street, Suite 200
San Francisco, CA 94104
ddurie@durietangri.com
rtangri@durietangri.com
croberts@durietangri.com
jgratz@durietangri.com

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

848351 / 32523