**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES GmbH, and ACCENTURE LLP, | ) | |
| Plaintiffs, | ) | C.A. No. 07-826-SLR |
| v. | ) | **JURY TRIAL DEMANDED** |
| GUIDEWIRE SOFTWARE, INC., | ) | |
| Defendant. | ) | |

**NOTICE OF SUBPOENA *DUCES TECUM***

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs Accenture Global Services GmbH and Accenture LLP (collectively "Accenture"), will serve the attached subpoena *duces tecum* upon Mike Conroy.


POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Plaintiffs*
*Accenture Global Services GmbH*
*and Accenture LLP*

OF COUNSEL:

James Pooley
L. Scott Oliver
Diana Luo
Ruchika Agrawal
Matthew Chen
Douglas Chartier
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5700


Dated: May 12, 2009
915798 / 32523

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

DISTRICT OF NEW JERSEY

ACCENTURE GLOBAL SERVICES, GmbH, et al.,
*Plaintiff*
v.
GUIDEWIRE SOFTWARE, INC.
*Defendant*

Civil Action No. 07-826-SLR

(If the action is pending in another district, state where: United States District Court, District of Delaware)

## SUBPOENA TO TESTIFY AT A DEPOSITION OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Mike Conroy, 12 Saddle Hill Road, Far Hills, NJ 07931

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| Sentry Court Reporting & Litigation Services, LLC<br>45 Horsehill Road<br>Cedar Knolls, NJ 07927<br>(973)359-8444 | June 1, 2009- 9:00 a.m. |

The deposition may be recorded by this method: ______________________

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
As set forth in Schedule A, attached hereto. Said documents are to be produced at Sentry Court Reporting & Litigation Services as set forth above.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: May 11, 2009

*CLERK OF COURT*

______________________
*Signature of Clerk or Deputy Clerk*

OR

Diana Luo
*Attorney's signature*
Diana Luo

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ACCENTURE GLOBAL SERVICES, GmbH, et al., who issues or requests this subpoena, are:

Diana Luo
Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, Ca 94304 (650)813-5600, dluo@mofo.com

American LegalNet, Inc.
www.FormsWorkflow.com

Civil Action No. 07-826-SLR

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________

☐ I personally served the subpoena on the individual at *(place)* ______________________________
______________________________ on *(date)* ______________ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* ______________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because ______________________________ ; or

☐ Other *(specify)*:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ___.______________

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ ___.______________

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:



American LegalNet, Inc.
www.FormsWorkflow.com

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) ***Command to Produce Materials or Permit Inspection.***

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) ***Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for* Producing *Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) ***Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

**Schedule A**

**REQUESTS FOR DOCUMENTS**

**Definitions**

1. The term "Accenture" means plaintiffs Accenture Global Services GmbH and Accenture LLP and any of their predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys or other persons acting on its behalf.

2. The term "Guidewire" means Defendant Guidewire Software, Inc. and any of its predecessors (including Centrica Software), successors, assigns, agents, employees, officers, directors, affiliates, consultants, advisors, contractors, partners, subsidiaries, parent corporations, investors, attorney's or other persons acting on its behalf.

3. The term "St. Paul" means The Travelers Companies, Inc., any business unit that currently exists or previously existed therein, and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys or other persons acting on its behalf.

4. The term "'284 Patent" means United States Patent No. 7,013,284.

5. The term "'111 Patent" means United States Patent No. 7,017,111.

6. The term "Guidewire Product" means 1) any insurance claims processing, data entry or analysis product or prototype demonstrated, produced, developed, proposed, manufactured, tested, used, distributed, acquired, licensed, leased, sold, offered for sale, imported or marketed by or in conjunction with Guidewire, or currently in a research and development, implementation or testing phase, including but not limited to Guidewire's Insurance Suite, ClaimCenter, Policy Center and Billing Center products, and 2) any services,

related to such products, including without limitation, services related to implementation, installation, maintenance, and/or customer support.

7. The term "code" means any source code, in the form in which it is created and maintained by Guidewire, including but not limited to library files, header files, project and make files, source code files containing executable routines, methods, and class or object definitions, data pump code, controller code, any documentation, and any third-party software components, which are sufficient to allow the compilation, linking and assembly of a functioning copy of each version of each product.

8. The term "lawsuit" refers the action entitled *Accenture Global Services GMBH, et al. v. Guidewire Software Inc.*, Case No. 07-826-SLR.

9. The terms "document," "writings," "recordings" or "things," as used herein are used in their broadest sense including without limitation, the original and all non-identical copies (including those with any notations) of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams, telex and facsimile messages; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgements and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices and announcements, and press releases; specification sheets and diagram; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blueprints, schematics,

logic diagrams, timing diagrams, data schematics, data flow diagrams, entity-relationship diagrams, event flow diagrams, functional specifications, technical assessments, project plans, resource allocation plans, prototype, pictures and photographs; all data or information stored on electronic or computer-readable media, such as electro-magnetic or other disks, diskettes, batch disk drives, tapes, cartridges, and CD-ROM, including but not limited to software, firmware, source code, and electronic mail; and all things in the broadest sense pursuant to Federal Rules of Civil Procedure 26 and 34.

10. The terms "person" or entity mean any natural person, firm, partnership, association, corporation, trust, and any other business, governmental or legal entity.

11. The terms "identify" or "identity" mean:

(a) when referring to a person, the person's full name, present or last known address, and the last known title and place of employment;

(b) when referring to a business, legal, or governmental entity or association, the name and address of the main office;

(c) when referring to a fact, the fact and the documentary or testimonial support for that fact;

(d) when referring to a product or thing, the title or model name/number, any code or project name, or other name by which it has been referred, and a general description of the product or thing;

(e) when referring to a written communication, identity of the document(s) in which the communication was made;

(f) when referring to an oral communication, the identity of persons participating in the communication;

(g) when referring to non-patent documents, the type of document, its general nature and subject matter, date of creation, and all author(s), addressee(s), and recipient(s); and

(h) when referring to patent documents, the country, patent and/or application number, dates of filing, publication, and issuance, and the names of patentees or applicants.

12. The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally or by document, and whether face to face, by telephone, mail, e-mail, personal delivery or otherwise. Unless otherwise indicated, a request calling for communications includes your internal communications and communications between you and any other person.

13. The term "Accenture Product" means any insurance claims processing, data entry or analysis product or prototype demonstrated, produced, developed, proposed, manufactured, tested, used, distributed, acquired, licensed, leased, sold, offered for sale, imported or marketed by or in conjunction with Accenture, or currently in a research and development, implementation or testing phase.

14. The terms "relate," "relates," or "relating" mean referring to, reflecting, constituting, proving, disproving or otherwise relating to the subject matter.

15. The terms "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive.

16. The singular form of a word shall include the plural and vice-versa.

17. The term "including" means including, but not limited to.

18. Any pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case is most appropriate.

19. The terms "all," "any," "each," or "every" means "all, each and every."

**Instructions**

1. This subpoena seeks documents to the full extent permitted by the Federal Rules of Civil Procedure.

2. This subpoena shall apply to all documents in your possession, custody, or control as of the date of service hereof or coming into your possession, custody, or control prior to the date of the production.

3. If a document once existed, but has been lost, destroyed, erased or is otherwise no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you.

4. In the event any document is withheld on a claim of confidential information, attorney/client privilege, or work product immunity, provide a detailed privilege log that describes the nature and basis for your claim and the subject matter of the document withheld, in a manner sufficient to disclose facts upon which you relied in asserting your claim, and to permit the grounds and reasons for withholding the document to be identified. Such description should, at a minimum, include:

(a) the date of the document;

(b) an identification of each and every author of the document;

(c) an identification of each and every person who received the document;

(d) an identification of each and every person from whom the document was received;

(e) a description of the subject of the document; and

(f) sufficient further information concerning the document and circumstances thereof necessary to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

5. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6. If you propound any written answers to the document requests listed below, repeat verbatim, immediately before each answer, the request being answered.

7. All documents shall be produced in the format they are kept in the ordinary course of business. For example, electronic format (such as emails, MS office documents, etc.) shall be produced in their native format, rather than in paper, TIFF or PDF formats. Documents shall be produced with unaltered metadata. Documents shall be produced with labels and other identifying markings for any folders or containers where they may be found. Documents attached to each other should not be separated.

8. File folders with tabs or labels identifying documents called for by these requests must be produced intact with such documents.

9. Documents attached to each other must not be separated.

**Documents Requested**

1. An email sent from Marcus Ryu to your mconroy@rcn.com email account, time-stamped "Tue May 21 2002 14:34:05 PDT", and any attachments thereto.

2. All documents you acquired, received from, or sent to Guidewire in the 2001-2003 timeframe, including without limitation stored in the mconroy@rcn.com email account, the mconroy@patmedia.net email account, any other email accounts that you accessed in the 2001-2003 timeframe, any personal computer, laptop, personal digital assistant, or any storage device.

3. All documents you acquired, received from, or sent to Accenture before 2003, including without limitation stored in the mconroy@rcn.com email account, the mconroy@patmedia.net email account, any other email accounts that you accessed before 2003, any personal computer, laptop, personal digital assistant, or any storage device.

4. All documents relating or referring to the operation, function, capabilities, design or implementation of any Guidewire Product from the 2001-2003 timeframe.

5. All documents relating or referring to the operation, function, capabilities, design or implementation of any Accenture Product before 2003.

6. Documents sufficient to identify any communication you had with Guidewire in the 2001-2003 timeframe related to Accenture's work at St. Paul.

7. Documents sufficient to identify any communication you had with Guidewire in the 2001-2003 timeframe related to Guidewire's development and marketing of any Guidewire Product.

8. Documents sufficient to identify any communication you had with Guidewire in the 2001-2003 timeframe related to product differentiation of any Guidewire Product in comparison to any Accenture Product.

9. Documents sufficient to identify any demonstration by Guidewire of any Guidewire Product in the 2001-2003 timeframe.

10. All documents to, from, or referencing "Vic Guyan" in your possession dated before 2003.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 12, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 12, 2009, the attached document was Electronically Mailed and mailed via U.S. First Class Mail to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
Wilmington, DE 19899-1347
JBlumenfeld@MNAT.com
jheaney@mnat.com

Daralyn J. Durie
Ragesh Tangri
Clement S. Roberts
Joseph C. Gratz
DURIE TANGRI LEMLEY ROBERTS & KENT
332 Pine Street, Suite 200
San Francisco, CA 94104
ddurie@durietangri.com
rtangri@durietangri.com
croberts@durietangri.com
jgratz@durietangri.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

848351 / 32523