IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ACCENTURE GLOBAL SERVICES
GMBH, et al.,

        Plaintiffs,

v.

GUIDEWIRE SOFTWARE, INC.,

        Defendant.

)
)
)
)
)
) Civ. No. 07-826-SLR
)
)
)
)

**MEMORANDUM ORDER**

At Wilmington this 29th day of July, 2009, having reviewed the papers submitted by the parties regarding a dispute over the assertion of work product protection for patent prosecution activities in a deposition of a nonparty witness taken outside of this jurisdiction (D.I. 211, 212);

IT IS ORDERED that:

1. **Jurisdiction to resolve the dispute.** Federal Rule of Civil Procedure 37 (a)(2) provides the following guidance as to the appropriate court to resolve a discovery dispute: "A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."

2. In this case, although the nonparty deposition was taken outside this jurisdiction, the nonparty witness was represented by plaintiff's counsel, and it was plaintiff's counsel who instructed the witness not to answer certain questions based on

work product.  Nevertheless, the protection belongs to the attorney witness, not to the client (although their interests are probably the same); therefore, I conclude that, in this case, an order compelling the nonparty witness to answer is directed to the nonparty, not to plaintiff.[1]

3.  Because I conclude that I do not have jurisdiction to resolve the scope of the work product protection as applied to patent prosecution activities, I note only that the guidance given in *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136 (D. Del. 1977), calls for a case-by-case examination of the circumstances surrounding the patent prosecution activities to determine whether the documents at issue were prepared "with an eye toward litigation."  *Id.* at 152.  In other words, patent prosecution activities are subject neither to a blanket immunity nor automatic disclosure.

United States District Judge

---

[1] I believe my conclusion would have been different had the dispute arisen over the assertion of the attorney-client privilege, since the privilege belongs to the client and the client is the party plaintiff, a situation more akin to that analyzed in *Platypus Wear, Inc. v. K.D. Company, Inc.,* 905 F. Supp. 808, 810 (S.D. Cal. 1995) (an order addressing the assertion of the accountant-client privilege should be heard by court in which action is pending).  *Cf. In re John Adams Associates, Inc.,* 255 F.R.D. 7, 9 n.3 (D.D.C. 2008) (a protective order that specifically applied to nonparties should be interpreted by court in which action is pending, pursuant to Fed. R. Civ. P. 37(b)).