THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES, GmbH and ACCENTURE, LLP, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 07-826 (SLR) |
| GUIDEWIRE SOFTWARE, INC., | ) | |
| Defendant. | ) | |

**NOTICE OF SUBPOENA**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 6, 2010, a true and correct copy of the attached Subpoena to Dr. Michael Ian Shamos, Ph.D. was sent to the following person(s) in the manner indicated:

**VIA EMAIL**

Ruchika Agrawal
L. Scott Oliver
James Bennett
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19801

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Andrew C. Mayo*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Andrew C. Mayo (#5207)
1201 North Market Street, P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
amayo@mnat.com
*Attorneys for Defendant Guidewire Software Inc.*

OF COUNSEL:

Daralyn J. Durie
Ragesh K. Tangri
Clement S. Roberts
Joseph C. Gratz
Sonali Maitra
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666

January 6, 2010

# EXHIBIT A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

Accenture Global Services, et al.,
*Plaintiff*
v.
Guidewire Software, Inc.,
*Defendant*

Civil Action No. 07-826 (SLR)

(If the action is pending in another district, state where:
District of Delaware )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dr. Michael Ian Shamos, Ph.D., shamos@cmu.edu
605 Devonshire Street; Pittsburgh, PA 15213-2904; (412) 681-8398

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| Place: Duane Morris LLP<br>600 Grant Street, Suite 5010<br>Pittsburgh, PA 15219-2802 | Date and Time:<br>01/19/2010 11:00 am |

The deposition will be recorded by this method: stenographic and videographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/06/2010

*CLERK OF COURT*

OR

/s/ Andrew C. Mayo

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Guidewire Software, Inc. , who issues or requests this subpoena, are:

Andrew C. Mayo, Esquire (#5207)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street; P.O. Box 1347; Wilmington, DE 19899; (302) 658-9200; amayo@mnat.com

Civil Action No. 07-826 (SLR)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit A**

Definitions

1. "Accenture" refers to Accenture Global Services, GmbH, Accenture LLP, Anderson Consulting Co., and all other predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers directors, agents, employees, consultants, representatives and any other person acting on its behalf.

2. The term "documents" is used herein in its broadest sense and includes, without limitation, any written, recorded, or graphic matter, however produced, including but no limited to videotapes, photographs, memoranda, correspondence, telegrams, other written communications, newspaper clippings, records, reports, studies, advertisements, or any other writing of any kind including drafts and copies of any kind together with any highlighting and notation. The term also includes any information that is stored or carried electronically (by means of computer equipment or otherwise) and that can be retrieved in visual, printed, audio or graphic form.

3. The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all facts. Documents, things or communications that might otherwise be construed as outside the scope of these requests.

4. The term "any" shall mean one or more, the term "all" includes and encompasses "any" and "each."

5. The term "relating to" means referring to, concerning, pertaining to, discussion, mentioning, containing, reflecting, evidencing, constituting, describing, displaying, showing, identifying, proving, disproving, consisting of, supporting or contradicting.

6. The term "publication" as used herein means both documents that have been published by third parties and documents that have been self-published. The term expressly *includes* documents that have been posted on the internet, distributed to students in connection with an

academic course, and/or presented (orally or physically distributed) at a conference, seminar or other assembly.

7. The term "expert reports" means any notes, writings, drafts or final reports prepared (in whole or in part) and/or signed by you as a consultant or expert witness for a person or company in connection with state or federal litigation, mediation, arbitration, or administrative proceedings before the USPTO or other regulatory body.

8. The term "insurance" means all aspects of the insurance industry including, claims handling, underwriting, subrogation, policy issuance, as well as customs and practices in the insurance industry.

## Instructions

1. You are required to produce all documents in the manner, form and position in which they are kept in the ordinary course of business, as required by FRCP 34(b), including where applicable, any index tabs, file dividers, designations or information as to the location of the produced documents.

2. If you cannot respond to a document request fully, after a diligent attempt to obtain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. If no documents are responsive to a particular request, please state that no responsive documents exist.

4. In the event that any document called for by a request below has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such document as completely as possible and shall specify; (a) the identity of any persons who received copies of the documents; (b) the nature of the document; (c) a brief description of the subject matter of the document; (d) the date of disposal of the documents; (e) the manner of disposal; (f) the reason for disposal; (g) the person authorizing the disposal and (h) the person disposing of the document.

5. In the event any document is withheld on a claim of attorney-client privilege or work product doctrine or on any other ground, you shall provide a log that identifies any such document and includes the following information: (a) the nature of the document; (b) a brief description of the document; (c) the date of the document; (d) the source of the document; (e) any person to whom that information was disclosed and (f) any statute, rule or decision upon which you rely in withholding the document.

6. Please maintain and produce a record of the source of each document produced. The record should include the name and location of the file where each document was located and the name of the person or group having possession, custody or control of each document.

Requests for Production

1. All prior testimony you have given, in deposition, at trial, in arbitration or in any other similar proceeding.

2. All expert reports in which you have participated. Pursuant to the stipulated protective order, this request expressly *excludes* draft reports prepared in connection with the proceeding currently pending in Federal Court for the District of Delaware entitled *Accenture Global Services GmbH, et al v. Guidewire Software, Inc.*, CA No 07-826-SLR.

3. All documents relating to your knowledge of insurance, including but not limited to all course work, self-study, and/or professional experience in insurance.

4. Any document on which you intend to rely to support a claim of knowledge of, familiarity with, or expertise in insurance.

5. All documents relating to any work you have done with claims-handling software, including but not limited to all course work, self-study, and professional experience with claims-handling software, and any other document on which you intend to rely to support a claim of knowledge of, familiarity with or expertise in claims-handling software.

6. All publications you have authored or contributed to in the fields of insurance, claims-handling software, intellectual property, electronic commerce, software, object oriented programming or expert testimony.

7. All notes, text, slides or handouts for any prepared remarks or speeches you have given relating to the topics of insurance, claims-handling software, intellectual property, electronic commerce, software, or object oriented programming.

8. All materials (whether or not authored by you) from any class or course for which you have been an instructor relating to the fields of insurance, claims-handling software, intellectual property, electronic commerce, software, or object oriented programming including but not limited to copies of all textbooks used in those courses, syllabi or lists of required reading for students in those classes, tests, quizzes, exams, answer keys, essay topics and sample answers.

9. All press articles in which you have been quoted, cited, or referred to as an expert or authority.

10. All correspondence between you and the United States Patent and Trademark Office on any topic about which you intend to testify in the above-captioned litigation, including but not limited to correspondence that you received (even if not directly addressed to you) and correspondence to which you contributed (even if not expressly signed by you).

11. All patent applications you have filed or submitted and the related file histories.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2010 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on January 6, 2010 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>1313 North Market Street<br>Wilmington, DE 19801 | L. Scott Oliver<br>James Bennett<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304 |

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)