**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES GmbH, and ACCENTURE LLP, | ) | C.A. No. 07-826-SLR |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED** |
| v. | ) | **PUBLIC VERSION** |
| GUIDEWIRE SOFTWARE, INC., | ) | |
| Defendant. | ) | |

**ACCENTURE'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE ARGUMENTS AND DOCUMENTS NOT IDENTIFIED IN GUIDEWIRE'S <u>INVALIDITY CONTENTIONS</u>**

OF COUNSEL:

James P. Bennett
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7169

L. Scott Oliver
Diana Luo
Ruchika Agrawal
Matthew Chen
Douglas Chartier
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5700

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs Accenture Global Services GmbH and Accenture LLP*

Dated: Decemeber 29, 2009
Public Version Dated: January 7, 2010
948664 / 32523

**TABLE OF CONTENTS**


**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ..... 1

II. SUMMARY OF ARGUMENTS ..... 1

III. STATEMENT OF MATERIAL FACTS ..... 2

A. Guidewire Failed To Disclose Its Contentions ..... 3

B. Guidewire Did Not Disclose Its Contentions And Supporting Documents During Expert Discovery ..... 4

C. Guidewire Added Another 67 Pages Of New Arguments And 41 New Documents In Its Summary Judgment Motion ..... 5

IV. ARGUMENT ..... 5

A. Guidewire Chose To Violate Federal Rules Of Civil Procedure ..... 6

B. Guidewire's Untimely Changes To Its Invalidity Contentions Are Not Justified And Accenture Has Been Prejudiced ..... 7

1. Accenture Will Be Unfairly Prejudiced If Guidewire Is Allowed To "Supplement" Its Invalidity Contentions At This Stage Of The Litigation ..... 8

2. There Is No Legitimate Explanation For Guidewire's Delay ..... 10

C. Guidewire's Gamesmanship Subverts The Purposes Of The Discovery Rules ..... 11

V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Boehringer Ingelheim Int'l GMBH v. Barr Labs., Inc.*,
C.A. No. 05-700-JJF, 2008 WL 2756127 (D. Del. July 15, 2008) .......... 6, 7, 8

*Computer Acceleration Corp. v. Microsoft Corp.*,
503 F. Supp. 2d 819 (E.D. Tex. 2007) .......... 11

*Convolve, Inc. v. Compaq Computer Corp.*,
No. 00 Civ. 5141(GBD)(JCF), 2007 WL 700904 (S.D.N.Y. Mar. 7, 2007) .......... 9

*EZ Dock, Inc. v. Schafer Sys., Inc.*,
276 F.3d 1347 (Fed. Cir. 2002) .......... 9

*Heidtman v. County of El Paso*,
171 F.3d 1038 (5th Cir. 1999) .......... 8

*Insight Tech., Inc. v. Surefire, LLC*,
C.A. No. 04-cv-74-JD, 2007 WL 3244092 (D.N.H. Nov. 1, 2007) .......... 8

*Konstantopoulos v. Westvaco Corp.*,
112 F.3d 710 (3d Cir. 1997) .......... 10

*Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*,
C.A. No. 06-601-JJF, 2009 WL 3296256 (D. Del. Oct. 14, 2009) .......... 6

*Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*,
336 F.3d 1373 (Fed. Cir. 2003) .......... 8-9

*MOSAID Techs. Inc. v. Samsung Elecs. Co., Ltd.*,
362 F. Supp. 2d 526 (D.N.J. 2005) .......... 10

*O2 Micro, Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006) .......... 11

*Sharpe v. United States*,
230 F.R.D. 452 (E.D. Va. 2005) .......... 8

*Sparton Corp. v. United States*,
399 F.3d 1321 (Fed. Cir. 2005) .......... 9

*Wilson v. Bradlees of New England, Inc.*,
250 F.3d 10 (1st Cir. 2001) .......... 8

**STATUTES**

35 U.S.C. § 282 ........................................ 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(a)(2)(B) ........................................ 2

Fed. R. Civ. P. 26(e)(1) ........................................ 6

Fed. R. Civ. P. 26(e)(2) ........................................ 6

Fed. R. Civ. P. 37(c)(1) ........................................ 6, 8

Fed. R. Evid. 702 ........................................ 2

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Accenture Global Services GmbH and Accenture LLP (collectively, "Accenture") sued Guidewire Software, Inc. ("Guidewire") for infringement of U.S. Patent 7,013,284 ("the '284 patent") and U.S. Patent 7,017,111, trade-secret misappropriation and other state law claims. Guidewire counterclaimed, asserting the standard patent invalidity defenses.

Guidewire moved for summary judgment of invalidity based on the on-sale bar, relying on documents produced long ago. Yet it ***never previously identified*** the relevant documents or arguments in response to Accenture's contention interrogatories, and indeed, many of these documents and arguments are missing from even its latest expert reports. Guidewire's conduct makes a mockery of the discovery process, and of the fundamental principle that an adversary should know the other's contentions from discovery.

Guidewire made a deliberate choice to ambush Accenture with these arguments, and there should be consequences to that decision. Accenture moves to strike the arguments and documents that Guidewire failed to disclose in discovery.

## II. SUMMARY OF ARGUMENTS

Accenture previously sought emergency relief to strike Guidewire's delayed on-sale bar expert report because it contained arguments and documents not timely identified in Guidewire's invalidity contentions. The Court granted Accenture additional time to respond to that expert report.

Guidewire has now filed a summary judgment motion on on-sale bar using still ***more*** previously-undisclosed documents and arguments. Forty-one of the documents on which it now

relies were not disclosed even in the expert report that was the subject of the previous request for relief.[1] They appeared for the first time in the summary judgment brief.

Yet every one of those documents was produced long ago. All the documents Guidewire now relies upon were produced to Guidewire a minimum of five months ago,[2] and could—and should—have been timely identified by Guidewire in its contention interrogatory responses.

Accenture respectfully asks that the Court:

(1) strike any argument or document not identified in Guidewire's invalidity contentions, or in the alternative,

(2) strike any argument or document not identified in Guidewire's initial October 16, 2009 invalidity expert report, or

(3) strike any argument or document not identified in Guidewire's November 30, 2009 supplemental invalidity expert report.[3]

## III. STATEMENT OF MATERIAL FACTS

Guidewire's on-sale bar summary judgment motion makes new arguments and for the first time cites to documents produced long ago in support. Guidewire's invalidity contentions made no mention of any of these arguments or documents; and the vast majority of this new

---

[1] Only five documents from Guidewire's expert report appear in Guidewire's summary judgment motion.

[2] All the documents Guidewire now relies upon were produced to Guidewire between November 17, 2008 and July 22, 2009.

[3] Accenture reserves the right to address these and related concerns through motions in limine (which would be discussed at the pretrial conference without prior briefing, pursuant to the Court's standard practice), and/or Federal Rules of Evidence 702/*Daubert* motions. Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert's report to "contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). Any Guidewire expert testimony not disclosed in Guidewire's November 30, 2009 supplemental expert report is *ipso facto* improper.

material is also missing from Guidewire's supplemental expert report—a report submitted only one month ago.

The following table summarizes Guidewire's ever-evolving contentions relating to its on-sale bar defense:

| **Guidewire's 9/24/2009 Invalidity Contentions** | **Guidewire's 10/16/2009 Expert Report** | **Guidewire's 11/30/2009 Supplemental Expert Report** | **Guidewire's 12/16/2009 Summary Judgment Motion** |
|---|---|---|---|
| Two non-substantive sentences (zero documents identified) | One non-substantive paragraph, in a 246-page report (zero documents identified) | ***83*** new pages of arguments; cites to 36 new documents (all those documents had been produced to Guidewire between November 17, 2008 and July 22, 2009) | 67 pages of ***other*** new arguments[4]; cites to 41 ***other*** new documents (all of which had been produced to Guidewire between November 17, 2008 and June 1, 2009) |
| | | *Total:* | **150 pages of new arguments and 77 new documents** |

This simply isn't how civil discovery is meant to work.

### A. Guidewire Failed To Disclose Its Contentions

Accenture propounded an interrogatory asking for Guidewire's invalidity contentions on May 20, 2008. Accenture's Interrogatory No. 3 asked:

> For each claim of the '284 Patent, state all facts and evidence supporting any contention by Guidewire that the claim is invalid, under 35 U.S.C. §§ 102, 103 and/or 112, including but not limited to the identification of all prior art to the '284 Patent and an explanation of why such prior art anticipates and/or renders obvious the invention in the '284 Patent.

(Declaration of Ruchika Agrawal in Support of Accenture's Motion to Strike Arguments and Documents Not Identified in Guidewire's Invalidity Contentions ("Agrawal Decl.") Ex. 1 at 6.) Guidewire did not raise on-sale bar by Accenture for over a year. Finally, in its September 24,

[4] This number reflects Guidewire's summary judgment brief and the two chart exhibits Guidewire integrally makes a part of its brief.

2009[5] supplemental interrogatory response, Guidewire contended that Accenture had put its invention on sale before the critical date. But it did so in a conclusory fashion, with zero citations to supporting detail or documents:[6]

[redacted]

(Agrawal Decl. Ex. 2 at 10.)

The Parties agreed to postpone the discovery deadline to November 27, 2009, and opening expert reports to November 30, 2009.[7] (Agrawal Decl. Ex. 3 at 33:25 to 34:8.) Guidewire never supplemented its response to Accenture's Interrogatory No. 3.

### B. Guidewire Did Not Disclose Its Contentions And Supporting Documents During Expert Discovery

In a 246-page amended report by expert Kuebler served on October 16, 2009, Guidewire wrote (emphasis added):

[redacted]

(D.I. 366, Ex. 162 ¶ 59.)

---

[5] September 24, 2009 was the fact discovery cut-off date before the Court permitted its extension during the November 4, 2009 hearing.

[6] Guidewire had all 77 documents that it later relied on months ***before*** it served this response to Accenture Interrogatory No. 3.

[7] During the November 4, 2009 discovery conference, Guidewire represented that "we do want an opportunity to serve a supplemental expert report on one specific issue" based on Accenture's September 24, 2009 production. (Agrawal Decl. Ex. 3 at 33:25-34:8.) But what it did was use this as an opportunity to ambush, supplementing its reports with documents it had possessed for more than five months. And even then, it held back on documents and arguments it knew it would use in summary judgment.

Then in a November 30, 2009 supplement to that report, Guidewire began to cite some of the documents it planned to use in support of its on-sale bar contentions. (D.I. 369, Ex. 182.)

Every one of the documents cited in this supplemental expert report was produced to Guidewire between November 17, 2008 and July 22, 2009. (Agrawal Decl. Ex. 4.)

Guidewire had argued that it first learned of these documents in a September 24, 2009 production. Besides being factually wrong, that is disingenuous: Guidewire used a number of them in depositions. (*See, e.g.*, D.I. 362-363, 7/21/2009 Lucarini Dep Exs 4, 5, 6; 8/3/2009 Guyan Dep. Exs. 15, 31, 35, 36, 38, 43, 45; 9/18/2009 Benes Dep. Ex. 6.[8])

### C. Guidewire Added *Another* 67 Pages Of New Arguments And 41 New Documents In Its Summary Judgment Motion

In its summary judgment motion, Guidewire has added new arguments and cited another 41 documents that were also long ago produced to Guidewire. None of these arguments or documents was identified in Guidewire's invalidity contentions, nor in expert reports,[9] and again, every one was produced to Guidewire between November 17, 2008 and June 1, 2009. (Agrawal Decl. Ex. 5.)

Accenture contacted Guidewire's counsel to resolve the issue. Guidewire refused to provide any substantive response, merely incanting that "Our interrogatory responses were adequate, and you have had ample notice of our arguments and evidence." Neither is correct.

## IV. ARGUMENT

Guidewire's concealed contentions are precisely what civil discovery is designed to prevent.

---

[8] This list is exemplary but not exhaustive. These exhibits correspond to Guidewire's Motions for Summary Judgment Appendix Exhibits 68, 76, 66, 70, 97, 114, 115, 101, 72, 73, 98, respectively.

[9] Five other documents from Guidewire's summary judgment brief were cited in the final round of expert reports.

### A. Guidewire Chose To Violate Federal Rules Of Civil Procedure

The Federal Rules of Civil Procedure impose a duty to supplement discovery responses in a timely manner in Fed. R. Civ. P. 26(e)(1)[10] and permits evidentiary sanctions under Fed. R. Civ. P. 37(c)(1) in the form of the exclusion of any evidence supporting undisclosed contentions.[11] *See, e.g.*, *Boehringer Ingelheim Int'l GMBH v. Barr Labs., Inc.*, C.A. No. 05-700-JJF, 2008 WL 2756127, at *1-2 (D. Del. July 15, 2008) (denying plaintiffs' post-trial evidentiary objections where documents filed ***before*** the close of discovery provided sufficient notice); *Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*, C.A. No. 06-601-JJF, 2009 WL 3296256, at *2 (D. Del. Oct. 14, 2009) (resolving question of whether defendant's supplementation of discovery should be allowed).

In determining whether a party has breached its duty to amend a discovery response under Rule 26(e)(2), this Court has considered four factors: "(1) whether there was a prior response; (2) whether the response became materially incorrect or incomplete; (3) whether the party knew that the response was incomplete; and (4) whether the corrective information was otherwise made known to the other party through the discovery process or in writing."

---

[10] Rule 26(e)(1) provides in pertinent part:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

[11] Rule 37(c)(1) provides in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

*Boehringer,* 2008 WL 2756127, at *1-2 (citing *Tritek Techs., Inc. v. United States*, 63 Fed. Cl. 740, 746-47 (Ct. Cl. 2005)).

Here, factors (1)-(4) support an evidentiary sanction:

[redacted]

(2) as evidenced by Guidewire's November 30, 2009 supplemental invalidity expert report and December 16, 2009 on-sale bar summary judgment motion, Guidewire's response was materially incomplete (D.I. 369, Ex. 182; D.I. 353);

(3) as evidenced by the exhibits Guidewire marked during depositions that took place months ago, Guidewire knew its response was incomplete (*e.g.*, D.I. 362-363, 7/21/2009 Lucarini Dep Exs 4, 5, 6; 8/3/2009 Guyan Dep. Exs. 15, 31, 35, 36, 38, 43, 45; 9/18/2009 Benes Dep. Ex. 6); and

(4) no corrective information was otherwise made known to Accenture through the discovery process.

The first time Guidewire provided ***any*** arguments or documents in support of its Accenture-based on-sale bar contention was in its November 30, 2009 supplemental invalidity expert report. And in its summary judgment motion, Guidewire seeks to present still more new evidence and new arguments.

Rules 26 and 37 militate in favor of striking these untimely arguments and evidence.

### B. Guidewire's Untimely Changes To Its Invalidity Contentions Are Not Justified And Accenture Has Been Prejudiced

A party that fails to make the required disclosures under Federal Rule of Civil Procedure 26 is "not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at

a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Similarly, a "party who fails to disclose information required from an expert witness, without substantial justification, will not be permitted to use that evidence for purposes of summary judgment unless the failure to disclose was harmless." *Insight Tech., Inc. v. Surefire, LLC*, C.A. No. 04-cv-74-JD, 2007 WL 3244092, *2 (D.N.H. Nov. 1, 2007) (citing Fed. R. Civ. P. 37(c); *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004)).

The burden is on the party that failed to disclose to prove that the failure was "harmless." *See, e.g., id.*; *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).[12] Guidewire cannot do so.

In determining whether a failure to disclose is harmless, this Court has considered such factors as: "(1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence." *Boehringer,* 2008 WL 2756127, at *1-2 (enumerating the "Pennypack factors").

Each weighs in favor of Accenture.

**1. Accenture Will Be Unfairly Prejudiced If Guidewire Is Allowed To "Supplement" Its Invalidity Contentions At This Stage Of The Litigation**

Factors (1)-(4) weigh in Accenture's favor. Fact discovery is now closed, and this case is set for a *Markman* and summary judgment hearing on January 23, 2010. Trial is set for March 15, 2010. An on-sale bar defense is fact-intensive and typically requires significant discovery. *See, e.g., Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373, 1376 (Fed. Cir.

---

[12] *See also, e.g., Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001); *Sharpe v. United States*, 230 F.R.D. 452, 458-59 (E.D. Va. 2005).

2003) ("Because 'a patent is presumed to be valid, 35 U.S.C. § 282, and this presumption can only be overcome by clear and convincing evidence of facts to the contrary,' the facts underlying a conclusion that a claim is unpatentable in light of a sale must be proven with clear and convincing evidence.") (quoting *Dana Corp. v. Am. Axle & Mfg., Inc.*, 279 F.3d 1372, 1375 (Fed. Cir. 2002)).[13] Accenture is at a significant disadvantage in rebutting the on-sale bar claim in summary judgment, given the sheer volume of Guidewire's new invalidity contentions.[14] Moreover, numerous new witnesses may need to be brought to trial to testify. Had Guidewire timely disclosed its contentions, Accenture could have shown them to be without merit in a summary judgment motion. But by hiding them until its own motion was on file, Guidewire prevented Accenture from doing so, forcing Accenture to waste valuable preparation and trial time on this issue. Perhaps that was Guidewire's real motivation, but it is unfair and a blatant violation of the discovery rules.

Similarly, Accenture is also burdened with additional work from Accenture's experts that the looming deadlines make infeasible.[15]

---

[13] *See also, e.g., EZ Dock, Inc. v. Schafer Sys., Inc.*, 276 F.3d 1347, 1351 (Fed. Cir. 2002) ("an accused infringer may overcome a patent's presumption of validity by presenting clear and convincing evidence of facts showing that the patented device was on-sale before such critical date"); *Sparton Corp. v. United States*, 399 F.3d 1321, 1323 (Fed. Cir. 2005) ("this determination is based upon underlying factual considerations").

[14] *Cf. Convolve, Inc. v. Compaq Computer Corp.*, No. 00 Civ. 5141(GBD)(JCF), 2007 WL 700904, at *3 (S.D.N.Y. Mar. 7, 2007) (denying defendants motion to amend invalidity contentions as of right where "the volume of additional material that Seagate proposes to rely on may result in prejudice to Convolve" and "[r]eopening discovery and further delaying trial would not ameliorate this prejudice") (citations omitted). And here, Guidewire has not even sought leave to amend its invalidity contentions.

[15] Accenture's rebuttal to Guidewire's November 30, 2009 supplemental on-sale bar invalidity report was due and submitted on December 28, 2009. There was not enough time for Accenture's expert to deconstruct and address the new and additional arguments Guidewire made through its December 16, 2009 summary judgment motion and through chart Exhibits A and B Guidewire provided for the first time on December 27, 2009.

Guidewire's conduct prejudices Accenture in a way that that cannot be cured without reopening discovery and substantially lengthening the trial.

Factor (6)[16] also weighs in Accenture's favor.[17] Guidewire could have fully set out its invalidity contentions. It had the relevant documents for months; it even questioned Accenture witnesses on many of them. Its choice to never supplement the invalidity contentions, and instead to hide these arguments and documents was "tactical." *Cf. MOSAID Techs. Inc. v. Samsung Elecs. Co., Ltd.,* 362 F. Supp. 2d 526, 559 (D.N.J. 2005) (doctrine of equivalents analysis could have been included in expert's opening report and, by not including it, patentee was making a "tactical decision" to take "a risk that the Court would not allow any further supplementation based on the [scheduling order]. That risk has become a reality, and as before, [patentee's] attempt to interject an expert's opinion after the time allowed is denied."). This is paradigmatic bad faith.

**2. There Is No Legitimate Explanation For Guidewire's Delay**

Guidewire has no explanation for its lack of diligence. Therefore, factor (5) weighs in Accenture's favor.

The Federal Circuit has held that "good cause" to amend infringement and invalidity contentions requires a showing of diligence.

> [W]e see nothing in the Federal Rules that is inconsistent with local rules requiring the early disclosure of infringement and invalidity contentions and requiring amendments to contentions to be filed with diligence. If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation.

---

[16] A finding of bad faith is not necessary to a determination of harm. *See, e.g., Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 720 (3d Cir. 1997).

[17] Factor (5) will be discussed *infra.*

*O2 Micro, Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). While a party may require time "to digest and marshal [the] evidence, develop the new theory, and then chronicle the complete theory in contentions," this period of time must be reasonable. *O2 Micro*, 467 F.3d at 1367 (affirming district court's finding that a three month delay with lack of adequate explanation for the delay showed a lack of diligence).

Every single document Guidewire is using was in its hands by July 22, 2009. Guidewire's more than five-month delay is unreasonable and shows a lack of diligence. Guidewire could have, and should have, disclosed its on-sale bar contentions in a timely manner.

**C. Guidewire's Gamesmanship Subverts The Purposes Of The Discovery Rules**

The Federal Rules of discovery impose deadlines to move cases in an orderly fashion toward trial. Permitting the tardy addition of new theories and new evidence undercuts the purpose of the rules. "Allowing such a scanty and inadequate [] contention disclosure to stand would deter neither game-playing nor actual violation of the rules - to the contrary it would actually discourage the voluntary exchange of information. Courts rely upon, and must even insist upon, the professionalism and good faith cooperation of attorneys if they are not to be bogged down in micro-managing discovery disputes." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 825 (E.D. Tex. 2007); *see also, e.g.*, *O2 Micro,* 467 F.3d at 1365 ("discovery is designed to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case") (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Guidewire's practice and repeated pattern of ever-evolving contentions makes a mockery of the rules of discovery and its underlying policy, and ultimately results in a waste of judicial resources.

## V. CONCLUSION

For the foregoing reasons, Accenture respectfully asks the Court (1) to strike any argument or document not identified in Guidewire's invalidity contentions, or in the alternative, (2) to strike any argument or document not identified in Guidewire's initial invalidity expert report, or (3) to strike any argument or document not identified in Guidewire's late November 30, 2009 supplemental invalidity expert report.

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs Accenture Global Services GmbH and Accenture LLP*

OF COUNSEL:

James P. Bennett
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7169

L. Scott Oliver
Diana Luo
Ruchika Agrawal
Matthew Chen
Douglas Chartier
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5700

Dated: Decemeber 29, 2009
Public Version Dated: January 7, 2010
948664 / 32523

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore hereby certify that on January 7, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 7, 2010, the attached document was Electronically Mailed and mailed via U.S. First Class Mail to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
Wilmington, DE 19899-1347
JBlumenfeld@MNAT.com
jheaney@mnat.com

Daralyn J. Durie
Ragesh Tangri
Clement S. Roberts
Joseph C. Gratz
Sonali Maitra
Aaron Nathan
DURIE TANGRI LEMLEY ROBERTS & KENT LLP
217 Leidesedorff Street
San Francisco, CA 94111
ddurie@durietangri.com
rtangri@durietangri.com
croberts@durietangri.com
jgratz@durietangri.com
smaitra@durietangri.com
anathan@durietangri.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

848351 / 32523