52) Portion [8.6] of claim 8 requires "*transmitting the determined task to a task assistant accessible by an assigned claim handler, wherein said client component displays the determined task*."

53) The *client component* is found in Abbruzzese's "plurality of workstations 242 and 244, functioning as smart terminals, [that] are linked with the Main CPU 210... [and] form[] the basis for operator interaction with the system."[130] As discussed earlier, Abbruzzese's System Driver's LPTX function is executed by the Main CPU and generates the proper LPTX screens for data entry [*tasks*] based on the insurance organization, claim type, and input.[131] Accordingly, Abbruzzese's workstations interact with the Main CPU and receive the LPTX screens transmitted from the Main CPU. Thus, Abbruzzese discloses "*transmitting the determined task to a task assistant accessible by an assigned claim handler, wherein said client component displays the determined task*."[132]

54) Portion [8.7] of claim 8 requires "*allowing an authorized user to edit and perform the determined task and to update the information related to the insurance transaction in accordance with the determined task*."

55) Abbruzzese's workstations allow an assigned claim handler [*allow an authorized user*] to remotely access a database providing the LPTX screens [*task*s] and

---

[130] Abbruzzese, col.15 ll.4-16 and Fig. 6 (and associated text).

[131] *See e.g.*, Abbruzzese, col.18 l.65 to col.19 l.37 and Figs. 38A-F (and associated text).

[132] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners noted that Abbruzzese discloses this limitation. Specifically, the examiners stated that "The *task library database for storing rules for determining tasks to be completed upon an occurrence of an event* is functionally equivalent to the series of input screens called Loan Processing Transactions (LPTX) in the prior art, whose presentation embodies 'rules' for performing tasks related to each particular line of business subject to the claim (column 3, line 44, to column 4, line 44). Rules for determining tasks are inherent in the order and presentation *of* the input screens for each claims process. For example, Figure 1 shows at least one rule for determining the task "MAKE COPY", i.e., if the Notice of Loss is not received in duplicate, then make a copy. The *task library* is the collection of these rules and screens that form the LPTX.

Abbruzzese further discloses that the system is driven by events (see at least Fig. 32 and related text). Figure 16 and related text demonstrates at least how the LPTX are driven by the event of receiving incoming claim-related documents by fax, mail, or telephone report events. The event of document arriving triggers an appropriate task such as routing the document image to an appropriate queue for review by a supervisor (see Fig. 11) and subsequent routing to an agent at the client component (the remote terminal, see Fig. 5-6). In at least the manner described above, Abbruzzese teaches functionality inherent in performing the event driven, insurance claims processing workflow as recited in the limitations of claim 36…").

provide information to these screens which is then stored in the Main database [*perform the determined task and to update the information related to the insurance transaction in accordance with the determined task*].[133] Additionally, an assigned user may choose in which order the LPTX screens are to be filled in [*edit* the *determined task*].[134] Thus, Abbruzzese discloses "*allowing an authorized user to edit and perform the determined task and to update the information related to the insurance transaction in accordance with the determined task*."[135]

56) Portion [8.8] of claim 8 requires "*storing the updated information related to the insurance transaction*."

57) Information input into Abbruzzese's LPTX screens is stored in the Main database.[136] This information includes information that was not previously entered into the LPTX screens, thus, constituting *updated information related to the insurance transaction*. Accordingly, Abbruzzese discloses "*storing the updated information related to the insurance transaction*."[137]

---

[133] *See, e.g.,* Abbruzzese, Tables IV to XX (and associated text).

[134] *See, e.g.,* Abbruzzese, Tables IV to XX (and associated text).

[135] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners noted that Abbruzzese discloses this limitation. Specifically, the examiners stated that "The *task library database for storing rules for determining tasks to be completed upon an occurrence of an event* is functionally equivalent to the series of input screens called Loan Processing Transactions (LPTX) in the prior art, whose presentation embodies 'rules' for performing tasks related to each particular line of business subject to the claim (column 3, line 44, to column 4, line 44). Rules for determining tasks are inherent in the order and presentation *of* the input screens for each claims process. For example, Figure 1 shows at least one rule for determining the task "MAKE COPY", i.e., if the Notice of Loss is not received in duplicate, then make a copy. The *task library* is the collection of these rules and screens that form the LPTX.

Abbruzzese further discloses that the system is driven by events (see at least Fig. 32 and related text). Figure 16 and related text demonstrates at least how the LPTX are driven by the event of receiving incoming claim-related documents by fax, mail, or telephone report events. The event of document arriving triggers an appropriate task such as routing the document image to an appropriate queue for review by a supervisor (see Fig. 11) and subsequent routing to an agent at the client component (the remote terminal, see Fig. 5-6). In at least the manner described above, Abbruzzese teaches functionality inherent in performing the event driven, insurance claims processing workflow as recited in the limitations of claim 36…").

[136] *See* Abbruzzese, Tables IV to XX (and associated text) and col.3 ll.45-58.

[137] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this limitation under 35 U.S.C. § 102(b) because Abbruzzese disclosing that updated information related to the insurance transaction is "stored to the Loss Claim database").

58) Portion [8.9] of claim 8 requires "*generating a historical record of the completed task*."

59) Abbruzzese's System Driver provides numerous functions including the Activity Log, which generates a log of actions taken during the processing of the claim [*generating a historical record to document completion of tasks*].[138] Accordingly, Abbruzzese discloses "*generating a historical record of the completed task*."[139]

*iii. Dependent Claim 2*

60) Dependent claim 2 is reproduced below:

> [2.0] The system of claim 1, further comprising a task library administrator interface for adding or editing rules and tasks in the task library.

61) As discussed earlier, Abbruzzese's System Driver generates the proper LPTX screens for data entry [*task*s] based on the insurance organization, claim type, and requested LPTX function.[140] Because the LPTX screens generated by the System Driver are dependent on several factors, the System Driver must utilize a database with one or more rules used to determine which LPTX screen(s) to present based on the factors. This database is one of the "plurality of storage devices 214, 216 and 218" that are accessible to the Main CPU that executes the System Driver.[141] Additionally, an assigned user may choose in which order the LPTX screens are to be filled in [*edit tasks*].[142] Because each of these databases is accessible to the Main CPU and a user via a workstation, there is an *interfac*e *for adding or editing rules and tasks* stored in this database [the required *task library administrator interface for adding or editing rules and tasks in the task library*]. Thus, Abbruzzese discloses "[*t*]*he system of claim 1,*

---

[138] *See e.g.*, Abbruzzese, col.4 ll.58-67, col.17 ll.11-19, and Figures 38A-F (and associated text).
[139] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this limitation under 35 U.S.C. § 102(b) because Abbruzzese discloses "a historical record of activity (tasks)." Citing col.4 ll.58-67).
[140] *See e.g.*, Abbruzzese, col.17 ll.14-19, col.18 l.65 to col.19 l.37 and Figs. 38A-F.
[141] *See* Abbruzzese, col.13 l.55-59.
[142] *See* Abbruzzese, Tables IV to XX.

*further comprising a task library administrator interface for adding or editing rules and tasks in the task library."*[143]

*iv. Dependent Claim 3*

62) Dependent claim 3 is reproduced below:

> [3.0] The system of claim 2, wherein the task library includes a list of all standardized tasks.

63) As discussed above, one of the plurality of storage devices 214, 216 or 218 meets the required *task library.* Abbruzzese discloses work management of insurance claims processing that would necessarily be determined by "characteristics" governed by regulation, accounting service commitments, and best practices in insurance claim processing, and one skilled in the art would have recognized such characteristics as inherent to the design of an insurance claims processing system of which Abbruzzese is exemplary. The *task library* of Abbruzzese thus consists of a "*standardized*" list of tasks based on these "characteristics." Accordingly, Abbruzzese discloses "[*t*]*he system of claim 2, wherein the task library includes a list of all standardized tasks."*[144]

[143] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this claim under 35 U.S.C. § 102(b) because "Abbruzzese discloses a task library database for storing rules for determining tasks to be completed upon an occurrence of an event is functionally equivalent to the series of input screens called Loan Processing Transactions (LPTX) in the prior art, whose presentation embodies 'rules' for performing tasks related to each particular line of business subject to the claim (column 3, line 44, to column 4, line 44). To prepare such LPTX screens requires the use [of] an interface for entering the rules for determining tasks and the order and presentation of the LPTX input screens for each claims process.").

[144] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this claim under 35 U.S.C. § 102(b) because "Abbruzzese discloses work management of insurance claims processing that would necessarily be determined by 'characteristics' governed by regulation, account servicing characteristics, and best practices in insurance claim processing, and one skilled in the art would have recognized such characteristics as inherent to the design of an insurance claim processing of which Abbruzzese is exemplary. The library of tasks thus consists of a 'standardized' list of tasks based on these 'characteristics'.").

*v. Dependent Claim 4*

64) Dependent claim 4 is reproduced below:

> [4.0] The system of claim 3, wherein the tasks associated with the information relating to the insurance transaction include predetermined due dates.

65) Abbruzzese discloses the assignment of "diary" (or due) dates [*predetermined due dates*] for a *task* to be completed by the assigned claim handler with respect to an assigned claim [*the information relating to the insurance transaction*].[145] "The diary dates set for the handler are normally done automatically" and "are calculated and set by the System based on the type of claim and the handler's experience."[146] Accordingly, Abbruzzese discloses "[*t*]*he system of claim 3, wherein the tasks associated with the information relating to the insurance transaction include predetermined due dates*."[147]

*vi. Dependent Claim 5*

66) Dependent claim 5 is reproduced below:

> [5.0] The system of claim 4, wherein the task assistant generates a historical record to document completion of the tasks.

67) Abbruzzese's System Driver [*the task assistant*] provides numerous functions including the Activity Log, which generates a log of actions taken during the processing of the claim [*historical record to document completion of tasks*].[148]

---

[145] *See e.g.*, Abbruzzese, col.4 ll.46-57.
[146] Abbruzzese, col.4 ll.48-54.
[147] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this limitation under 35 U.S.C. § 102(b) because "Abbruzzese discloses task due dates (column 4, lines 46-57).").
[148] *See e.g.*, Abbruzzese, col.4 ll.58-67, col.17 ll.11-19, and Figures 38A-F (and associated text).

Accordingly, Abbruzzese discloses "[*t*]*he system of claim 4, wherein the task assistant generates a historical record to document completion of the tasks*."[149]

*vii. Dependent Claim 6*

68) Dependent claim 6 is reproduced below:

> [6.0] The system of claim 1, wherein the characteristics are regulatory compliance requirements, account servicing commitments and best practices for handling all types of claims.

69) Abbruzzese discloses work management of insurance *claims* processing that would necessarily be determined by *characteristics* governed *by regulatory compliance requirements, accounting service commitments, and best practices* in insurance claim processing, and one skilled in the art would have recognized such characteristics as inherent to the design of an insurance *claims* processing system of which Abbruzzese is exemplary. Accordingly, Abbruzzese discloses "[*t*]*he system of claim 1, wherein the characteristics are regulatory compliance requirements, account servicing commitments and best practices for handling all types of claims*."[150]

*viii. Dependent Claim 7*

70) Dependent claim 7 is reproduced below:

> [7.0] The system of claim 1, wherein the information related to the insurance transaction is a claim under an insurance policy.

---

[149] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this limitation under 35 U.S.C. § 102(b) because "Abbruzzese discloses an historical record of activity see Activity Log (column 4, lines 58-67).").

[150] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this claim under 35 U.S.C. § 102(b) because "Abbruzzese discloses work management of insurance claims processing that would necessarily be determined by 'characteristics' governed by regulation, account servicing characteristics, and best practices in insurance claim processing, and one skilled in the art would have recognized such characteristics as inherent to the design of an insurance claim processing of which Abbruzzese is exemplary. The library of tasks thus consists of a 'standardized' list of tasks based on these 'characteristics'.").

71) Abbruzzese describes the creation and maintenance of a claim file created through the use of the LPTX screens and/or an OCR process, and stored in the Main database as *information related to the insurance transaction*.[151] The Main database includes a Loss Claim Table which reflects "specific loss and *claim* data"[152] and therefore represents *a claim under an insurance policy*. Accordingly, Abbruzzese discloses "[*t*]*he system of claim 1, wherein the information related to the insurance transaction is a claim under an insurance policy*."[153]

*ix. Dependent Claim 9*

72) Dependent claim 9 is reproduced below:

> [9.0] The method of claim 8, wherein the characteristics are regulatory compliance requirements, account servicing commitments and best practices for handling all types of claims.

73) Abbruzzese discloses work management of insurance *claims* processing that would necessarily be determined by *characteristics* governed *by regulatory compliance requirements, accounting service commitments, and best practices* in insurance *claims* processing, and one skilled in the art would have recognized such characteristics as inherent to the design of an insurance *claims* processing system of which Abbruzzese is exemplary. Accordingly, Abbruzzese discloses "[*t*]*he method of claim 8, wherein the characteristics are regulatory compliance requirements, account servicing commitments and best practices for handling all types of claims*."[154]

---

[151] *See e.g.*, Abbruzzese, col.3 ll.37-58, col.135 ll.18-39, col.137 ll.40-42, Tables IV to XX (and associated text), and Figures 30-31 (and associated text).

[152] Abbruzzese, col.137 l.40.

[153] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this limitation under 35 U.S.C. § 102(b) because "Abbruzzese discloses information related to the insurance transaction is a claim under an insurance policy (see Background). Claims under an insurance policy are inherently claims for compensation.").

[154] 284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this claim under 35 U.S.C. § 102(b) because "Abbruzzese discloses work management of insurance claims processing that would necessarily be determined by 'characteristics' governed by regulation, account servicing characteristics, and best practices in insurance claim processing, and one skilled in the art would have recognized such characteristics as inherent to the design of an insurance

*x. Dependent Claim 10*

74) Dependent claim 10 is reproduced below:

> [10.0] The method of claim 8, wherein the information related to the insurance transaction is a claim under an insurance policy.

75) Abbruzzese describes the creation and maintenance of a claim file created through the use of the LPTX screens and/or an OCR process, and stored in the Main database as *information related to the insurance transaction*.[155] The Main database includes a Loss Claim Table, which reflects "specific loss and *claim* data,"[156] and therefore represents *a claim under an insurance policy*. Accordingly, Abbruzzese discloses "[*t*]*he method of claim 8, wherein the information related to the insurance transaction is a claim under an insurance policy*."[157]

*xi. Dependent Claim 11*

76) Dependent claim 11 is reproduced below:

> [11.0] The method of claim 10, wherein the policy level further comprises information related to a covered automobile for automobile claims.

77) Abbruzzese describes the creation and maintenance of a claim file created through the use of the LPTX screens and/or an OCR process, and stored in the Main database.[158] Abbruzzese's Loss Event Policy Table, which stores "loss event, *policy*,

---

claim processing of which Abbruzzese is exemplary. The library of tasks thus consists of a 'standardized' list of tasks based on these 'characteristics'.").

[155] *See e.g.*, Abbruzzese, col.3 ll.37-58, col.135 ll.18-39, col.137 ll.40-42, Tables IV to XX (and associated text), and Figures 30-31 (and associated text).

[156] Abbruzzese, col.137 l.40.

[157] '284 patent file history, Office Actions of Aug. 14, 2002; Dec. 20, 2002; and June 30, 2003 (Both examiners rejected this limitation under 35 U.S.C. § 102(b) because "Abbruzzese discloses information related to the insurance transaction is a claim under an insurance policy (see Background). Claims under an insurance policy are inherently claims for compensation.").

[158] *See e.g.*, Abbruzzese, col.3 ll.37-58, col.135 ll.18-39, col.137 ll.40-42, Tables IV to XX (and associated text), and Figures 30-31 (and associated text).

[and] insured data,"[159] meets the claimed *policy level. Information related to a covered automobile for automobile claims* is associated with one or more of the LPTX screens that provide information to the Loss Event Policy Table.[160] For example, information input into the Policy Information LPTX screen (illustrated as Table V) is provided to the Loss Event Policy table.[161]

TABLE V

POLICY INFORMATION

POL NUM: ___ ___ ___

AGT CODE: ____ AGCY NAME: SALESMAN CODE:

INSURED: ____________ P/C: __ TITLE:

STREET: ____________

CITY: ______ ST: ___ ZIP: ___

BUS PH: ______ RES PH: ______ TIN:

POL EFF: _____ POL EXP: _____ LOSS DATE: _____ REPT DATE:

FORMS/ENDT:

SPECIFY FORMS/ENDT AFF COV:

EXCESS IND: CERT NUM: LARS IND: LARS LOC CODE:
SERV EXPEDITER CODE:

ENTER) VEH-DRIVER 3) SPECIAL PROCEDURES 18) HELP
27) ERASE LPT 1) CLAIM SET-UP 19) SELF REFER
23) LC 30) LOCAL DATA

Policy Information LPTX screen.

78) All of the LPTX screens illustrated in Abbruzzese are directed toward presenting or acquiring *information related to a covered automobile for automobile claims*. For example, the Vehicle – Driver Coverage Information LPTX screen (Table VII) provides specific vehicle information such as the VIN number, make, model, etc. to the Loss Event Policy table.[162]

---

[159] Abbruzzese, col.137 ll.42.
[160] *See* Abbruzzese, Tables IV to XX (and associated text).
[161] *See e.g.*, Abbruzzese, Table V (and associated text).
[162] *See e.g.*, Abbruzzese, Table VII (and associated text).

TABLE VII

VEHICLE - DRIVER COVERAGE INFORMATION

CUSTOMER TESTER 02 PH 123123

VEH NUM: YR: MAKE: MODEL:
VIN: PLATE: ST:

Information related to a covered automobile

COV/DED BI: PD: MED PAY: NON COLL:
COLL: UM: NO FAULT:
T/L: RR: FULL GLASS:
LIAB DED AMT: DED COV:

SPECIFY IF OTHER COV/LIMITS:
MI: LOSS PAYEE:
SPECIFY IF OTHER INSUR ON VEHICLE:
ENTER 'X' IF DRIVER SAME AS INSD:
DRIVER: TITLE:
STREET:
CITY: ST: ZIP: PHONE:
LIC NUM: ST:
AGE: DOB: SEX: MS: REL TO
INSD:

ENTER) DESC OF ACC 19) SELF REFER 18) HELP 16) RETURN

Vehicle – Driver Coverage Information LPTX screen.
Dashed box and associated text added by the Requester.

79) Furthermore, "[a] separate series of LPTX screens is typically available for each line of insurance business (e.g. workmen's compensation, *automobile*, property/liability, fidelity/surety, etc.)."[163]

80) Accordingly, Abbruzzese discloses *"[t]he method of claim 10, wherein the policy level further comprises information related to a covered automobile for automobile claims."*[164]

*xii. Dependent Claim 12*

81) Dependent claim 12 is reproduced below:

> [12.0] The method of claim 10, wherein the policy level further comprises information related to covered property for property claims.

[163] Abbruzzese, col.3 ll.59-62 (emphasis added).
[164] '284 patent file history, Office Actions of Aug. 14, 2002 and Dec. 20, 2002 (The first examiner rejected this limitation under 35 U.S.C. § 102(b) because "Abbruzzese discloses different lines of insurance, i.e. workmen's comp, automobile, property/liability, etc. (column 3, lies 59-64) and LPTX screens to collect information particular to each.").

82) Abbruzzese describes the creation and maintenance of a claim file created through the use of the LPTX screens and/or an OCR process, and stored in the Main database.[165] Abbruzzese's Loss Event Policy Table, which stores "loss event, *policy*, [and] insured data,"[166] meets the claimed *policy level*. *Information related to covered property for property claims* is associated with one or more of the LPTX screens that provide information to the Loss Event Policy Table.[167] For example, information input into the Auto Third Party Property Damage LPTX screen (illustrated as Table XI) is provided to the Loss Event Policy table.[168] This information includes a description of the property, a description of the damage, a repair estimate, and where the damage can be seen.

TABLE XI

AUTO THIRD PARTY PROPERTY DAMAGE

CUSOTMER TEST 02 PH 123123

OWNER: CUSTOMER TEST
PROPERTY DAMAGE
DESC OF PROP:

DESC OF DAMAGE:

REPAIR EST: ENTER "X" IF SALVAGE POSSIBILITIES:
WHERE DAMAGE CAN BE SEEN:

Information related to covered property

ATTY (N/R): NAME:
IF DRIVER OTHER THAN OWNER - DRIVER NAME:

OTHER PROP INSD BY:
ENTER "X" IF DED AMT APPLIES:
CLM DESC CODE: CLM DESC:
LOSS TYPE: CLM SYM: COV ID: TOTAL LOSS IND:
EST INC LOSS: EST INC ALLOC EXP: VERIFIER:
PTA: JIA: CLAIMS MADE DATE:

1) CLAIM SET-UP 18) HELP 30) LOCAL DATA 16) RETURN
6) ADD CLMT 13) INJURY 31) STAT CODING 23) LC

Auto Third Party Property Damage LPTX screen. Dashed box and associated text added by the Requester.

[165] *See e.g.*, Abbruzzese, col.3 ll.37-58, col.135 ll.18-39, col.137 ll.40-42, Tables IV to XX (and associated text), and Figures 30-31 (and associated text).
[166] Abbruzzese, col.137 ll.42.
[167] *See* Abbruzzese, Tables IV to XX (and associated text).
[168] *See e.g.*, Abbruzzese, Table XI (and associated text).

83) Moreover, "[a] separate series of LPTX screens is typically available for each line of insurance business (e.g. workmen's compensation, automobile, *property*/liability, fidelity/surety, etc.)."[169]

84) Accordingly, Abbruzzese discloses "[*t*]*he method of claim 10, wherein the policy level further comprises information related to a covered property for property claims*."[170]

*xiii. Dependent Claim 14*

85) Dependent claim 14 is reproduced below:

> [14.0] The method of claim 8, wherein the claim level further comprises information from the group comprising facts of loss, events and liability.

86) Abbruzzese describes the creation and maintenance of a claim file created through the use of the LPTX screens and/or an OCR process, and stored in the Main database.[171] The Loss Claim Table, which stores "specific loss and *claim* data,"[172] meets the required *claim level. Information from the group comprising facts of loss, events and liability* is associated with one or more of the LPTX screens that provide information to the Loss Claim Table. The Description of Accident LPTX screen (Table VIII) provides *facts of loss* and *events* as illustrated below.[173]

---

[169] Abbruzzese, col.3 ll.59-62 (emphasis added).
[170] '284 patent file history, Office Actions of Aug. 14, 2002 and Dec. 20, 2002 (The first examiner rejected this limitation under 35 U.S.C. § 102(b) because "Abbruzzese discloses different lines of insurance, i.e. workmen's comp, automobile, property/liability, etc. (column 3, lies 59-64) and LPTX screens to collect information particular to each.").
[171] *See e.g.*, Abbruzzese, col.3 ll.37-58, col.135 ll.18-39, col.137 ll.40-42, Tables IV to XX (and associated text), and Figures 30-31 (and associated text).
[172] Abbruzzese, col.137 l.40.
[173] *See* Abbruzzese, Table VIII (and associated text).