MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JULIA HEANEY
302 351 9221
302 425 3004 FAX
jheaney@mnat.com

January 20, 2010

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Guidewire Software, Inc.*, v. *Accenture Global Services, GmbH and Accenture, LLP*, C.A. No. 07-826 (SLR)

Dear Judge Robinson:

In an effort to streamline the issues for tomorrow's hearing, counsel for both sides suggest that the following constructions be adopted as undisputed:

- Insurance transaction: any transaction relating to insurance
- Claim Folder: feature that manages information about a claim
- Decomposed into a plurality of levels: broken down into two or more structured sets of information
- Policy Level : structured set of information about an insurance policy
- Claim level: structured set of information about an insurance claim
- Participant level: structured set of information about a person relevant to a claim
- Line Level: structured set of information about applicable coverage
- Event Trigger: notification or indication that an event has happened
- Task Engine: feature that generates the tasks that need to be performed in response to an event

- Task Library: feature that maintains the templates that contain the fields and values with which tasks are established
- Rules: guidelines that govern which tasks are generated (to the extent that the term requires construction)
- Standardized tasks: tasks commonly performed
- Free form notes: computerized version of handwritten notes
- Short text: data entered that corresponds to each variable in a pre-defined text area
- Suffix: applicable coverable from an insurance policy for a claim

These constructions are either expressly undisputed in the parties' briefs, adopt Accenture's proposed constructions, or suggest insubstantial changes to Accenture's proposed constructions only for the sake of clarity.

Guidewire has offered a proposed construction of "event processor" to Accenture as follows: "a feature that announces an event to the task engine." Accenture's position is "a module that determines what the response should be to an event". Guidewire has also offered a construction of "task assistant" that it believes should be acceptable: "a feature that provides a list of tasks to be performed on a claim." Accenture agrees.

This leaves only two issues for the court to resolve from the claim construction briefing with respect to the '284 patent: (1) whether the preamble is limiting and (2) the definition of application event.

There are only two issues with respect to the '111 patent: (1) level of significance and (2) field.

Guidewire contends that there are, however, issues that have arisen in connection with the summary judgment briefing that appear to present additional claim construction issues. Accenture believes these are summary judgment, rather than claim construction, issues.

One is the meaning of the phrase "decomposed into a plurality of levels from the group comprising a policy level, a claim level, a participant level and a line level, wherein the plurality of levels reflects a policy, the information related to the insurance transaction, claimants and an insured person in a structured format." The parties disagree as to whether this phrase renders the claim indefinite.

Also, in light of the many issues in the case, and the shortness of time, Guidewire proposes to focus its argument at the hearing on the indefiniteness and on sale bar issues as to the '284 patent, and the non-infringement issue as to the '111 patent, though counsel will of course be prepared to address any questions that the Court might have with respect to any of the

pending motions. Accenture reserves the right to address all six motions, particularly with respect to arguments raised by Guidewire in the reply briefs.

Respectfully,

Julia Heaney

JH:ncf
cc: Clerk, District Court (by hand delivery)
Richard L. Horwitz (by e-mail)
L. Scott Oliver (by e-mail)

3345305