MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JACK B. BLUMENFELD
302 351 9291
302 425 3012 FAX
jblumenfeld@mnat.com

January 22, 2010

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Guidewire Software, Inc.*, v. *Accenture Global Services, GmbH and Accenture, LLP*, C.A. No. 07-826 (SLR)

Dear Judge Robinson:

I write on behalf of Guidewire to request that the Court consider this brief response to one issue that came up at the hearing yesterday morning. We regret not having made this response at the hearing, but believe it is sufficiently important to raise now so that the issue can be decided on the merits. We have no objection to Accenture making a responsive submission.

Accenture suggested that the Court should read the claims of the '284 patent to require the presence of all four of the recited levels, even if that construction did not comport with the plain language of the claims, distinguishing *Chef America*, 358 F.3d 1371, 1373 (Fed. Cir. 2004) (refusing to correct claim that called for dough to be heated **to** a specified temperature, rather than **at** that temperate). In essence, Accenture asked the Court to **correct** the claims to make their scope more definite based on the assertion that the claims can be readily understood. Guidewire failed to make an important point in response. In *Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003), the Federal Circuit held that a "district court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Id.* Here, the requested correction **is** subject to reasonable debate because the claims could be "corrected" in at least two ways: to require all four levels, as Accenture suggests, or to require only two such levels, by revising "comprising" to "consisting of." The latter "correction" would result in a properly drafted claim requiring the selection of two or more of the four levels. Because a person of ordinary skill in the art could not know which of these two possible corrections was intended, the Court cannot correct the claims as a way to render them definite in scope.

Respectfully,

Jack B. Blumenfeld (#1014)

JBB/bac

cc: Clerk, District Court (by hand delivery)
Richard L. Horwitz (by e-mail)
L. Scott Oliver (by e-mail)

3352057