Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

January 27, 2010

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Accenture Global Services GmbH, et al. v. Guidewire Software Inc.*
C.A. No. 07-826-SLR

Dear Judge Robinson:

On behalf of Accenture, I respectfully submit this letter in response to Guidewire's letter dated January 22, 2010. As a threshold matter, Accenture objects to Guidewire's letter and requests that the Court not consider additional arguments raised outside of the hearing on January 21st. Subject to and without waiving that objection, Accenture responds as follows:

Guidewire's submission simply builds on the unfounded positions it advanced during oral argument. Guidewire now raises a question of whether the claims need to be redrafted based on its fundamental misreading of the claims as containing an improper Markush group. But the '284 patent, properly understood, does not contain Markush claims, the asserted claims are clear on their face, and no redrafting is necessary.

As Accenture explained at last Thursday's hearing, when the relevant phrase in the '284 patent is viewed in the context of the surrounding claim language and specification, nothing suggests the selection of alternatives or options that is the hallmark of a Markush claim. The '284 patent presents no choice: every level is required, and the "wherein" clause confirms this. The specification similarly defines the claim folder by reference to the organizational structure of the enumerated levels of information, and it emphasizes that ***all of these levels are "key."***[1]

[1] '284 Patent at col. 84:33-63.

The necessity of these four levels also reflects the knowledge of those skilled in the art that policy, claim, participant and line information are all important aspects of the claims handling solution. Guidewire's complaint that other levels directed to its lawyers' favorite animal or fruit might somehow be included in the claim proves precisely this point. D.I. 426 Guidewire Reply Br. at 1 (positing a "zebra" or "pomegranate" level). No one would ever associate such advocate-contrived levels with the invention because they don't exist in the insurance industry and do not "reflect" anything about an insurance claim as required by the "wherein" clause. The claims state the sort of information and characteristics the levels must have, as persons of skill in the art would understand them.

Guidewire similarly confuses the significance of the term "consisting of" versus "comprising." In a Markush group, in exchange for the breadth offered by a choice, closed language is usually required, in part to prevent the patentee from later claiming that an unspecified alternative can infringe. *See Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1372 (Fed. Cir. 2005); *Abbott Labs. v. Baxter Pharm. Products, Inc.*, 334 F.3d 1274, 1280-81 (Fed. Cir. 2003). The claim language here does not present that problem, because the claim itself and supporting written description already make clear what is required. Like the patent in *Gillette*—which also used the open-ended terms "comprising" and "group of" (albeit in a different context)—all the enumerated items (in *Gillette,* razor blades; here, structural levels of information related to an insurance transaction) must be present. *Gillette*, 405 F.3d at 1371.

Moreover, Guidewire's arguments paradoxically suggest that the clarity of the '284 patent claims was ***reduced*** by the inclusion of additional descriptive claim language. Consider Claim 1 if the language "from the group comprising a policy level, a claim level, a participant level and a line level" were removed. The relevant portion of Claim 1 would then read:

> "[A] claim folder containing the information related to the insurance transaction decomposed into a plurality of levels [], wherein the plurality of levels reflects a policy, the information related to the insurance transaction, claimants and an insured person in a structured format."

This would be a definite claim. When the applicants added "from the group comprising a policy level, a claim level, a participant level and a line level," they emphasized an important feature disclosed in the specification—that the policy, claim, participant, and line levels are required levels for the claim folder, as defined by the specification and these claims. By requiring the inclusion of these four levels as the minimum, the phrase renders the claims ***more*** definite, not less.[2]

---

[2] It is actually Guidewire that asks the Court to rewrite the claim into the simplified version above (such that the added language merely provides options for each level, rather than requirements). But even if that were the proper claim construction—and it is

For at least these reasons, Guidewire's reliance on *Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348 (Fed. Cir. 2003) is misplaced. Guidewire argues without factual support that these claims need to be corrected by the Court. *Novo* confirmed that courts may correct obvious minor typographical and clerical errors in patents. *Novo*, 350 F.3d at 1357. But nothing in the patent or claims indicates that such an error exists, and absent a clear drafting error, the *Novo* analysis becomes irrelevant.[3] *See, e.g., Taurus IP, LLC v. DaimlerChrysler Corp.*, No. 07-C-158-C, 2007 WL 5601495, at *7 (W.D. Wisc. Nov. 9, 2007). What Guidewire seeks to do is inject a fabricated issue of error into this debate as a means to advance its Markush-based argument, arguing essentially that its flawed reading of the claims is an "error" that the Court cannot correct. There is no error in the claim, nor is the Court required to correct it. In seeking to force application of *Novo*, Guidewire merely highlights its failure to apply the well-settled rules of claim construction.[4]

The parties offer competing constructions of the phrase at issue. Accenture argues that it means all four levels are required; Guidewire argues that it means only two levels are required. Accenture's construction is supported by the claim language, the specification (with its definition and reference to the four "key" levels) and by the prosecution history—the Patent Office reviewed the claims of the '284 patent numerous times and explicitly found that the language in question here, rather than being indefinite, ***rendered the claim allowable*** over the prior art.

Guidewire's proposed construction is undone by a fundamental tenet of claim construction. According to Guidewire, its own proposal would render the claim indefinite as an improper Markush group. Accenture's proposal, on the other hand, yields a definite claim. Because claims should be construed to preserve their validity, if possible, it is Accenture's proposal, which is most in line with the overall structure and language of the claim as a whole, and also the principal teaching of the patent, that should be adopted. *See Wang Labs., Inc. v. America Online, Inc.*, 197 F.3d 1377, 1383 (Fed. Cir. 1999).[5]

---

not—there would be no defect in the claim. It remains reasonably understood, definite and adequate for both validity and infringement purposes.

[3] In stark contrast to the patentee in *Novo* who ***agreed*** that the claim language contained an error, Accenture maintains that the asserted claims are properly drafted and that no error exists.

[4] Indeed, under Guidewire's reasoning, every claim construction disagreement would become an "error" in the drafting requiring correction by the Court. That is not how claim construction proceeds. The parties present competing constructions, and the Court defines the phrase in light of the intrinsic evidence.

[5] It bears noting that Guidewire's argument of indefiniteness under its own proposed construction is in fact flawed. If the Court were to adopt Guidewire's construction (leaving aside that it conflicts with the intrinsic evidence), the claim would still be

Guidewire needed to show by clear and convincing evidence, with no dispute of material fact, that the asserted claims of the '284 patent are indefinite. Guidewire has failed to meet its burden, and its motion should be denied.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH/cet
951151 / 32523

cc: Clerk of the Court (via hand delivery)
Counsel of Record (via electronic mail)

951382v.1/32523

---

definite, because it can be understood by one skilled in the art. *See supra* n.2 and Accenture's Opp. Br. (D.I. 416) at 2, 9. Guidewire ducks this issue entirely.