IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCENTURE GLOBAL SERVICES, GmbH and ACCENTURE, LLP,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>GUIDEWIRE SOFTWARE, INC.,  )<br>)<br>Defendant.  ) | C.A. No. 07-826 (SLR)<br><br>**REDACTED - PUBLIC VERSION** |

# GUIDEWIRE'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT STATUTE OF LIMITATIONS

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Defendant Guidewire Software, Inc.*

OF COUNSEL:

Daralyn J. Durie
Clement S. Roberts
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111-3007
(415) 362-6666

January 19, 2010

Redacted Filing Date:  February 2, 2010

## TABLE OF CONTENTS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. ....................................................................................................... ii

I.     ARGUMENT................................................................................................................1

     A.     Accenture's Complaint Constitutes A Representation That the Facts Alleged Were Sufficient to Show it was Entitled to Relief, And It Knew Those Facts In August 2004.......................................1

     B.     Accenture's Other Arguments to the Contrary Are Unavailing ..................2

# **TABLE OF AUTHORITIES**

**CASES**

*Alamar Biosciences, Inc. v. Difco Labs, Inc.*,
  No. 94-cv-941856-DFL, 1995 WL 912345 (E.D. Cal. Oct. 13, 1995) ...................................... 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................... 1, 3, 5

*Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.*,
  No. 1:08-cv-00873-JJF, 2009 WL 2567022 (D. Del. August 19, 2009) .............................. 2-4

*Epstein v. C.R. Bard, Inc.*,
  460 F.3d 183 (1st Cir. 2006) ....................................................................................................... 4

*Gregory v. Dillard's, Inc.*,
  565 F.3d 464 (8th Cir. 2009) (*en banc*) ...................................................................................... 1

*In re Cygnus Telecomm. Tech., LLC, Patent Litigation*,
  536 F.3d 1343 (Fed. Cir. 2008) ............................................................................................... 2, 4

*Intermedics, Inc. v. Ventritex, Inc.*,
  775 F.Supp. 1258 (N.D. Cal. 1991) ............................................................................................ 6

*Intermedics, Inc. v. Ventritex, Inc.*,
  804 F.Supp. 35 (N.D. Cal. 1992) ............................................................................................. 3, 6

*Intermedics, Inc. v Ventritex, Inc.*,
  822 F.Supp. 634 (N.D. Cal. 1993) .............................................................................................. 3

*Lauria v. Donahue*,
  438 F. Supp. 2d 131 (E.D.N.Y. 2006) ....................................................................................... 1

*National Iranian Oil Co. v. Mapco International, Inc.*,
  983 F.2d 485 (3rd Cir. 1992) ...................................................................................................... 4

*Phillips v. County of Allegheny*,
  515 F.3d 224 (3rd Cir. 2008) ................................................................................................... 3, 5

**RULES AND STATUTES**

6 Del. C. § 2006 .................................................................................................................................2

Fed. R. Civ. Proc. 8 ........................................................................................................................2, 5

Fed. R. Civ. Proc. 11 .................................................................................................................. 1-2, 6

Fed. R. Civ. Proc. 11(b)(2) ...............................................................................................................1

Fed. R. Civ. Proc. 56(e)(2) ................................................................................................................5

Minn. Stat. 325C.06 ..........................................................................................................................2

I.      **ARGUMENT**

   A.   **Accenture's Complaint Constitutes A Representation That the Facts Alleged Were Sufficient to Show it was Entitled to Relief, And It Knew Those Facts In August 2004**

Accenture's opposition misses the point. It never grapples with the undisputed fact that in August 2004, more than three years before it sued, it knew every fact that it alleged in its Amended Complaint, and the undisputed fact that it has since represented to the Court that those facts constituted a *sufficient showing* of its entitlement to relief. Instead, Accenture spends pages arguing about what additional facts it claims to have learned in April 2006, and what it could or couldn't have learned between August 2004 and December 2004 had it tried to conduct a diligent investigation into its suspicions that Guidewire had copied its product. None of that matters. In December 2008, *after* this Court held that *Twombly* applied and that Accenture therefore had to plead facts *showing* it was entitled to relief, Accenture filed an Amended Complaint – which Guidewire did not challenge on a pleadings motion – alleging only the following facts in support of its trade secret claims:

- Guidewire's product was strikingly similar to Accenture's;

- Guidewire's product had been developed so quickly as to raise suspicions;

- Certain members of Guidewire's Board of Advisors had knowledge of Accenture's supposed trade secrets; and

- CNA, which also had knowledge of Accenture's supposed trade secrets, had elected to work with Guidewire.

Accenture's filing of that Amended Complaint, alleging those facts, in the face of this Court's order telling it to plead *facts* sufficient to *show* it was entitled to relief, constituted an assertion under Rule 11 that those four facts were sufficient to "provide the grounds on which the claim rests." D.I. 402 at 11 (quoting *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (*en banc*)); Fed. R. Civ. Proc. 11(b)(2); *cf. Lauria v. Donahue*, 438 F. Supp. 2d 131, 144

(E.D.N.Y. 2006) ("An amended complaint which fails to replead with sufficient particularity after a finding of lack of specificity may well be regarded by the Court as a frivolous filing in violation of Fed.R.Civ.P. 11.") (internal quotation and citation omitted). And there is no factual dispute that Accenture knew all four of those facts by August 2004. Accordingly, Accenture knew, more than three years before filing its complaint, *all* of the facts that it ultimately represented to this Court were sufficient to meet its burden to show an entitlement to relief under Rule 8. Its trade secret claim is therefore time-barred.

### B. Accenture's Other Arguments to the Contrary Are Unavailing

Accenture attempts to distract attention from those simple and dispositive points in various ways, none of which have merit.

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████ D.I. 402 at 13-17, 17-21, 21-23. All of that is irrelevant. As Accenture admits, "the statute begins to run 'only upon discovery of *facts constituting the basis of the cause of action*'…." D.I. 402 at 9 n.5 quoting *Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.*, No. 1:08-cv-00873-JJF, 2009 WL 2567022, at *5 n.1 (D. Del. August 19, 2009) (emphasis added, internal quotation and citation omitted); *accord In re Cygnus Telecomm. Tech., LLC, Patent Litigation*, 536 F.3d 1343, 1357 (Fed. Cir. 2008) (cause of action accrues and statute of limitation begins to run when plaintiff "had *possession of sufficient facts to allege* trade secret misappropriation" (applying Minnesota law; Minnesota has adopted the UTSA and a statute of limitations provision mirroring 6 Del. C. § 2006, *see* Minn. Stat. 325C.06) (emphasis added)).

2

Accenture cannot have it both ways. Accenture had in its possession in August 2004 all of the facts it used to allege trade secret misappropriation in its Amended Complaint. In filing its Amended Complaint, it represented to this Court that that complaint alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Capricorn Pharma*, 2009 WL 2567022 at *3 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008), in turn quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Having done so, and thus having successfully invoked the power of the Court to compel discovery, it cannot now assert that those same factual allegations would not have been sufficient to raise suspicions in a reasonable person.

Similarly, Accenture cannot now argue about what additional facts an investigation would or would not have revealed. That argument rests on the false premise that Accenture *needed* additional facts. It did not. The limitations period is tolled only "if certain facts *necessary to the claim* are unavailable even to a reasonably diligent plaintiff." *Alamar Biosciences, Inc. v. Difco Labs, Inc.*, No. 94-cv-941856-DFL, 1995 WL 912345, at *3 (E.D. Cal. Oct. 13, 1995) (citing *Intermedics, Inc. v. Ventritex, Inc.*, 804 F.Supp. 35, 44 (N.D. Cal. 1992) (emphasis added). It "simply is not the law" that "a cause of action cannot accrue for statute of limitations purposes unless and until it is clear that a plaintiff . . . is in a position to present evidence which will . . . establish facts which make liability a legal certainty." *Intermedics, Inc. v Ventritex, Inc.*, 822 F.Supp. 634, 641 (N.D. Cal. 1993) (internal quotations omitted). Quite evidently, by August 2004 Accenture was in possession of all of the "facts necessary to [its] claim," because, as noted above, it filed suit and successfully invoked the power of the Court to obtain discovery based on alleging only those facts.

*Second*, Accenture argues at length that it learned more in 2005 and in April 2006. D.I. 402 at 5-6; 11-12. But as explained above, that is beside the point -- by August 2004, Accenture knew enough to plead the factual allegations which eventually made their way into the Amended Complaint, and which successfully invoked the judicial process. Accenture's argument is particularly ironic given that it obtained what it characterizes as "the damning information" (D.I. 402 at 6) ███████████████████████████████████. *Cf.* D.I. 402 at 24 & D.I. 414, Luo Decl., Exh. 29. ███████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████ D.I. 403, Costonis Decl., ¶12.

To the extent Accenture is arguing that it did not have *motivation* to sue until it obtained those materials,[1] the argument fails twice. The discovery rule does not turn on whether or when a party had motivation to sue. It turns initially on "when the first event occurs that would prompt a reasonable person to inquire into a possible injury" (*Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 187 (1st Cir. 2006) (internal quotation and citation omitted)) and ultimately on when the plaintiff had enough facts to plead a claim. *Capricorn Pharma,* 2009 WL 2567022 at *5 n.1; *accord In re Cygnus Telecomm. Tech., LLC, Patent Litigation*, 536 F.3d at 1357. It therefore serves the statute of limitations' fundamental policy of avoiding the delayed litigation of stale claims. *See, e.g., National Iranian Oil Co. v. Mapco International, Inc.,* 983 F.2d 485, 493 (3rd Cir. 1992). Moreover, were motivation to sue the relevant test, it is clear that ██ ███████████████████████████████████████████████████████████

---

[1] ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████[^1]

*Third*, Accenture asserts that Guidewire has taken inconsistent positions, claiming that because Guidewire has previously argued that "Accenture's complaint" was inadequate, Guidewire cannot now argue that "Accenture's complaint" shows that it possessed all the facts it needed to allege a claim that could proceed. D.I. 402 at 26-27. Accenture can make this argument only by deliberately confusing its first complaint and its amended complaint. Guidewire challenged Accenture's *first* complaint as not alleging enough facts to pass muster under Rule 8 and *Twombly*. Accenture opposed, arguing that *Twombly* did not apply. This Court correctly held that *Twombly* applied and required Accenture to replead, consistent with the *Twombly* and *County of Allegheny* standard of a "showing" consisting of "some factual allegation" setting forth the "grounds on which the claim rests." D.I. 75 at 8-9 citing *Allegheny* citing *Twombly*. Accenture did so, pleading additional facts in its Amended Complaint. Guidewire never challenged that Amended Complaint, and the case proceeds on the basis of the allegations made therein.

*Fourth*, Accenture asserts a policy argument, claiming that to grant this motion would pressure future litigations to file suits based on suspicions and fears, thereby offending the

---

[^2]: Accenture did not even make the decision to sue Guidewire until late 2007. D.I. 364, Ex. 130 at GSJAPP005347-48, DelSanto Depo. 190-94. ████████████████████████████████████████████████████████████ Accordingly, Accenture's assertions about what did or did not lead it to sue Guidewire (D.I. 402 at 2-3; 25) are doubly improper. *First*, they are improper because they are wholly unsupported by any reference to *evidence*: Accenture's lawyers simply assert it in their brief, which cannot suffice to create an issue of fact to defeat summary judgment. Fed. R. Civ. Proc. 56(e)(2). *Second*, they are improper because Accenture cannot now, after the close of discovery, offer evidence on a subject over which it elected to assert privilege throughout the discovery period, at least not without offering to submit to discovery on the topic. At all events, for the reasons given above, the Court need not consider Accenture's unsupported and improper assertions about its motives for bringing this suit in order to grant the motion.

5

policies of Rule 11.  D.I. 402 at 27, citing *Intermedics, Inc. v. Ventritex, Inc.*, 775 F.Supp. 1258, 1266 (N.D. Cal. 1991).  The argument rests on a misunderstanding of the policies behind the statute of limitations itself, which are precisely to cause litigants to investigate claims they have reason to suspect, and to bring suit reasonably promptly once they have facts sufficient to satisfy Rule 11.  Indeed, the language quoted by Accenture from the *Intermedics* case makes this clear.  The *Intermedics* court stated that it would be unfair to penalize a litigant for not filing suit when it did not have "enough information to make [its claims] meaningfully colorable." *Id.* at 1266.  Fair enough, but that language has no application to Accenture, which obviously believed it had enough information in August 2004 to make its claims "meaningfully colorable" (at least from a pleadings standpoint), because the only factual allegations it pled in support of its trade secret claim in its Amended Complaint were facts known to it in August 2004.

Guidewire's motion for summary judgment that the statute of limitations bars Accenture's trade secret claim should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

OF COUNSEL:

Daralyn J. Durie
Clement S. Roberts
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666

*Attorneys for Defendant Guidewire Software, Inc.*

January 19, 2010

3344425

Redacted Filing Date:  February 2, 2010

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 2, 2010 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

        Richard L. Horwitz
        David E. Moore
        POTTER ANDERSON & CORROON LLP

    I further certify that I caused to be served copies of the foregoing document on February 2, 2010 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**

| | |
|---|---|
| Richard L. Horwitz | James P. Bennett |
| David E. Moore | L. Scott Oliver |
| POTTER ANDERSON & CORROON LLP | MORRISON & FOERSTER LLP |
| 1313 North Market Street | 755 Page Mill Road |
| Wilmington, DE 19801 | Palo Alto, CA 94304 |

            */s/ Andrew C. Mayo*
            _____
            Andrew C. Mayo (#5207)