IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCENTURE GLOBAL SERVICES, GmbH and ACCENTURE, LLP, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 07-826 (SLR) ) |
| GUIDEWIRE SOFTWARE, INC., | ) ) |
| Defendant. | ) |

## GUIDEWIRE'S PROPOSED VERDICT FORM

Pursuant to D. Del. LR 51.1(c), defendant Guidewire Software, Inc. ("Guidewire") submits the following proposed special verdict form, for the Court's consideration. Guidewire reserves its rights to modify this proposed verdict form to conform with rulings of the Court, and in particular rulings related to pending issues in dispute that may impact which issues should fairly be presented to the jury. Any part of this proposed verdict form that relates to an issue that one party or the other disputes the propriety of presenting to the jury is therefore submitted herein in the alternative. For example, and not exhaustively, Guidewire disputes whether Accenture should be permitted to argue infringement by equivalents, indirect infringement, infringement of claims 13-18 of the '111 patent, and tortious interference to the jury.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Julia Heaney*

---

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
jtigan@mnat.com
   *Attorneys for Defendant Guidewire Software, Inc.*

OF COUNSEL:

Daralyn J. Durie
Ragesh K. Tangri
Clement S. Roberts
Joseph C. Gratz
Sonali Maitra
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666

February 24, 2010

We, the jury, unanimously find as follows:

## I. PATENT INFRINGEMENT BY GUIDEWIRE

**1.** **Direct – Literal ('284 Patent):** Has Accenture proven, by a preponderance of the evidence, that any of the following claims of U.S. Patent No. 7,013,284 (the "'284 patent") are literally infringed by Guidewire?

"Yes" is a finding for Accenture. "No" is a finding for Guidewire.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |

**2.** **Direct – Doctrine of Equivalents ('284 Patent):** Has Accenture proven, by a preponderance of the evidence, that any of the following claims of the '284 patent are infringed by Guidewire under the doctrine of equivalents?

"Yes" is a finding for Accenture. "No" is a finding for Guidewire.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

| Claim | Yes | No |
|---|---|---|
| 7 | | |
| 8 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |

**3.     Direct – Literal ('111 Patent):** Has Accenture proven, by a preponderance of the evidence, that any of the following claims of U.S. Patent No. 7,017,111 (the "'111 patent") are literally infringed by Guidewire?

"Yes" is a finding for Accenture.  "No" is a finding for Guidewire.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 9 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |

**4.     Direct – Doctrine of Equivalents ('111 Patent):** Has Accenture proven, by a preponderance of the evidence, that any of the following claims of the '111 patent are infringed by Guidewire under the doctrine of equivalents?

"Yes" is a finding for Accenture.  "No" is a finding for Guidewire.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 9 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |

**5.     Indirect ('284 Patent):** Has Accenture proven, by a preponderance of the evidence, that any of the following claims of the '284 patent are indirectly infringed (either by inducing infringement or contributory infringement) by Guidewire?

"Yes" is a finding for Accenture. "No" is a finding for Guidewire.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |

**6.   Indirect ('111 Patent):** Has Accenture proven, by a preponderance of the evidence, that any of the following claims of the '111 patent are indirectly infringed (either by inducing infringement or contributory infringement) by Guidewire?

"Yes" is a finding for Accenture.  "No" is a finding for Guidewire.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 9 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |

## II.   VALIDITY OF PATENTS

**1.   Anticipation ('284 Patent):** Has Guidewire proven, by clear and convincing evidence, that any of the following claims of the '284 patent is invalid due to anticipation?

"Yes" is a finding for Guidewire.  "No" is a finding for Accenture.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |

| Claim | Yes | No |
|---|---|---|
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |

**2.     Anticipation ('111 Patent):** Has Guidewire proven, by clear and convincing evidence, that any of the following claims of the '111 patent is invalid due to anticipation?

"Yes" is a finding for Guidewire.  "No" is a finding for Accenture.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 9 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |

**3.     Obviousness ('284 Patent):**

  i.     What was the level of ordinary skill in the field that someone would have had at the time the claimed invention of the '284 patent was made? (check applicable answer)

   ____Accenture's position: At least a bachelor's degree in the computer science, or equivalent work experience, in developing software systems, and approximately five years of relevant professional experience in developing computer applications in the insurance industry, including claims handling.

    \_\_\_\_Guidewire's position: An undergraduate college degree; some college-level education and/or training in computers or computer programming; 7 years of experience in the insurance industry; 5 years of experience as a claims system developer; and 3 years of experience as a claims system architect.

    \_\_\_\_Other, specify_____

  ii. What was the scope and content of the prior art at the time of the claimed invention of the '284 patent? (check applicable answer)

   [Each party to insert its position if in fact in dispute.]

  iii. What difference, if any, existed between the claimed invention of the '284 patent and the prior art at the time of the claimed invention of the '284 patent?

   \_\_\_\_[Guidewire's position based on actual issues in dispute at trial]

   \_\_\_\_[Accenture's position based on actual issues in dispute at trial]

   \_\_\_\_Other, specify_____

  iv. Which of the following factors has been established by the evidence with respect to the claimed invention of the '111 patent: (check those that apply) [Note: verdict form should list only those factors for which a *prima facie* showing has been made as of the close of evidence]:

   \_\_\_\_commercial success of a product due to the merits of the claimed invention

   \_\_\_\_a long felt need for the solution that is provided by the claimed invention

   \_\_\_\_unsuccessful attempts by others to find the solution that is provided by the claimed invention

   \_\_\_\_copying of the claimed invention by others

   \_\_\_\_unexpected and superior results from the claimed invention

   \_\_\_\_acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention

    ____independent invention of the claimed invention by others before or at about the same time as the named inventors thought of it

    ____other factor(s) indicating obviousness or nonobviousness – describe the factor(s) [Additional space to be provided]

**4.    Obviousness ('111 Patent):**

    i.    What was the level of ordinary skill in the field that someone would have had at the time the claimed invention of the '111 patent was made? (check applicable answer)

    ____Accenture's position: At least a bachelor's degree in the computer science, or equivalent work experience, in developing software systems, and approximately five years of relevant professional experience in developing computer applications in the insurance industry, including claims handling.

    ____Guidewire's position: An undergraduate college degree; some college-level education and/or training in computers or computer programming; 7 years of experience in the insurance industry; 5 years of experience as a claims system developer; and 3 years of experience as a claims system architect.

    ii.    What was the scope and content of the prior art at the time of the claimed invention of the '284 patent? (check applicable answer)

    [Each party to insert its position if in fact in dispute.]

    iii.    What difference, if any, existed between the claimed invention of the '284 patent and the prior art at the time of the claimed invention of the '284 patent?

    ____[Guidewire's position based on actual issues in dispute at trial]

    ____[Accenture's position based on actual issues in dispute at trial]

    ____Other, specify_____

    iv.    Which of the following factors has been established by the evidence with respect to the claimed invention of the '111 patent: (check those that apply) [Note:

verdict form should list only those factors for which a *prima facie* showing has been made as of the close of evidence]:

    ____commercial success of a product due to the merits of the claimed invention

    ____a long felt need for the solution that is provided by the claimed invention

    ____unsuccessful attempts by others to find the solution that is provided by the claimed invention

    ____copying of the claimed invention by others

    ____unexpected and superior results from the claimed invention

    ____acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention

    ____independent invention of the claimed invention by others before or at about the same time as the named inventors thought of it

    ____other factor(s) indicating obviousness or nonobviousness – describe the factor(s) [Additional space to be provided]

5. **On-Sale Bar ('284 Patent):** Has Guidewire proven, by clear and convincing evidence, that any of the following claims of the '284 patent is invalid due to an on-sale bar?

"Yes" is a finding for Guidewire. "No" is a finding for Accenture.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |

| Claim | Yes | No |
|---|---|---|
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |

**6.     Written Description ('284 Patent):** Has Guidewire proven, by clear and convincing evidence, that any of the following claims of the '284 patent is invalid due to the written description requirement?

"Yes" is a finding for Guidewire.  "No" is a finding for Accenture.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |

**7.    Written Description ('111 Patent):** Has Guidewire proven, by clear and convincing evidence, that any of the following claims of the '111 patent is invalid due to the written description requirement?

"Yes" is a finding for Guidewire.  "No" is a finding for Accenture.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 9 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |

**8.    Enablement ('284 Patent):** Has Guidewire proven, by clear and convincing evidence, that any of the following claims of the '284 patent is invalid due to the enablement requirement?

"Yes" is a finding for Guidewire.  "No" is a finding for Accenture.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |

| | | |
|---|---|---|
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |

**9.     Enablement ('111 Patent):** Has Guidewire proven, by clear and convincing evidence, that any of the following claims of the '111 patent is invalid due to the enablement requirement?

"Yes" is a finding for Guidewire.  "No" is a finding for Accenture.

| Claim | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 9 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |

**10.     Inventorship ('284 Patent):** Has Guidewire proven, by clear and convincing evidence, that the '284 patent fails to satisfy the inventorship requirement?

____Yes          ____No

**11.     Inventorship ('111 Patent):** Has Guidewire proven, by clear and convincing evidence, that the '111 patent fails to satisfy the inventorship requirement?

____Yes          ____No

## III. TRADE SECRET MISAPPROPRIATION BY GUIDEWIRE

**1. Legal Definition:** Has Accenture proven, by a preponderance of the evidence, that its asserted trade secrets meet the legal definition of a trade secret?

"Yes" is a finding for Accenture. "No" is a finding for Guidewire.

| Accenture Trade Secret | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 4 | | |
| 5 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 27 | | |
| 28 | | |
| 30 | | |
| 46 | | |

**2. Misappropriation:** Has Accenture proven, by a preponderance of the evidence, that Guidewire has misappropriated its trade secrets?

"Yes" is a finding for Accenture. "No" is a finding for Guidewire.

| Accenture Trade Secret | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 4 | | |
| 5 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |

<a>

| | | |
|---|---|---|
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 27 | | |
| 28 | | |
| 30 | | |
| 46 | | |

**3.** **Defenses – Statute of Limitations:** Has Guidewire proven, by a preponderance of the evidence, that Accenture's claim of trade secret misappropriation is barred by the statute of limitations?

"Yes" is a finding for Guidewire. "No" is a finding for Accenture.

    Yes\_\_\_\_\_    No\_\_\_\_\_

**4.** **Defenses – Laches:** Has Guidewire proven, by a preponderance of the evidence, that Accenture's claim of trade secret misappropriation is barred by laches?

"Yes" is a finding for Guidewire. "No" is a finding for Accenture.

    Yes\_\_\_\_\_    No\_\_\_\_\_

**5.** **Defenses – Estoppel:** Has Guidewire proven, by a preponderance of the evidence, that Accenture's claim of trade secret misappropriation is barred by estoppel?

"Yes" is a finding for Guidewire. "No" is a finding for Accenture.

    Yes\_\_\_\_\_    No\_\_\_\_\_

**IV.** **TRADE SECRET MISAPPROPRIATION BY ACCENTURE**

**1.** **Legal Definition:** Has Guidewire proven, by a preponderance of the evidence, that its asserted trade secrets meet the legal definition of a trade secret?

"Yes" is a finding for Guidewire. "No" is a finding for Accenture.

| Guidewire Trade Secret | Yes | No |
|---|---|---|
| 12 | | |
| 13 | | |
| 24 | | |
| 32 | | |
| 37 | | |
| 68 | | |

| Guidewire Trade Secret | Yes | No |
|---|---|---|
| 74 | | |
| 75 | | |
| 79 | | |
| 93 | | |
| 94 | | |
| 108 | | |
| 124 | | |
| 129 | | |
| 144 | | |
| 145 | | |
| 146 | | |
| 147 | | |
| 148 | | |
| 149 | | |

**2.    Misappropriation:** Has Guidewire proven, by a preponderance of the evidence, that Accenture has misappropriated its trade secrets?

"Yes" is a finding for Guidewire.  "No" is a finding for Accenture.

| Guidewire Trade Secret | Yes | No |
|---|---|---|
| 12 | | |
| 13 | | |
| 24 | | |
| 32 | | |
| 37 | | |
| 68 | | |
| 74 | | |
| 75 | | |
| 79 | | |
| 93 | | |
| 94 | | |
| 108 | | |
| 124 | | |
| 129 | | |
| 144 | | |
| 145 | | |
| 146 | | |
| 147 | | |
| 148 | | |
| 149 | | |

**3.    Defenses – Waiver:** Has Accenture proven, by a preponderance of the evidence, that Guidewire's claim of trade secret misappropriation is waived?

16

"Yes" is a finding for Accenture.  "No" is a finding for Guidewire.

    Yes_____    No_____

## V. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS BY GUIDEWIRE

**1.** Has Accenture proven, by a preponderance of the evidence, that Guidewire has tortiously interfered with Accenture's business relations?

"Yes" is a finding for Accenture.  "No" is a finding for Guidewire.

    Yes_____    No_____

**2.** Has Guidewire proven, by a preponderance of the evidence, that Accenture's claim of tortious interference is barred by the statute of limitations?

"Yes" is a finding for Guidewire.  "No" is a finding for Accenture.

    Yes_____    No_____

## VI. BREACH OF CONTRACT BY ACCENTURE

**1.** **Breach:** Has Guidewire proven, by a preponderance of the evidence, that Accenture breached the nondisclosure agreement between Accenture and Guidewire?

    Yes_____    No_____

**2.** **Defenses – Waiver:** Has Accenture proven, by a preponderance of the evidence, that Guidewire has waived its contractual rights under the nondisclosure agreement between Accenture and Guidewire?

"Yes" is a finding for Accenture.  "No" is a finding for Guidewire.

    Yes_____    No_____

## VII. UNCLEAN HANDS BY GUIDEWIRE

**1.** Has Accenture proven, by a preponderance of the evidence, that Guidewire's foregoing claims (trade secret misappropriation and breach of contract) are barred by Guidewire's unclean hands?

"Yes" is a finding for Accenture.  "No" is a finding for Guidewire.

    Yes_____    No_____

**VIII. UNCLEAN HANDS BY ACCENTURE**

**1.** Has Guidewire proven, by a preponderance of the evidence, that Accenture's foregoing claims (patent infringement, trade secret misappropriation, and tortious interference with business relations) are barred by Accenture's unclean hands?

"Yes" is a finding for Guidewire. "No" is a finding for Accenture.

Yes_____ No_____

Dated: _____, 2010          Signed:

                                                                          _____
                                                                             Foreperson

_____

_____

_____

_____

_____

_____

_____

Case 1:07-cv-00826-SLR   Document 475   Filed 02/25/10   Page 19 of 20 PageID #: 7601

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2010 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard L. Horwitz
> David E. Moore
> POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on February 24, 2010 upon the following in the manner indicated:

## BY ELECTRONIC MAIL

| | |
|---|---|
| Richard L. Horwitz | L. Scott Oliver |
| David E. Moore | James Bennett |
| POTTER ANDERSON & CORROON LLP | MORRISON & FOERSTER LLP |
| 1313 North Market Street | 755 Page Mill Road |
| Wilmington, DE  19801 | Palo Alto, CA  94304 |

*/s/ Julia Heaney*

Julia Heaney (#3052)