IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ACCENTURE GLOBAL SERVICES )
GMBH and ACCENTURE LLP )
    Plaintiffs, )
)
v. ) Civ. No. 07-826-SLR
)
GUIDEWIRE SOFTWARE INC., )
)
    Defendant. )

**MEMORANDUM ORDER**

At Wilmington this 26th day of February, 2010, having reviewed the papers submitted in connection with the parties' motions for summary judgment;

IT IS ORDERED that defendant's motion for partial summary judgment regarding invalidity of U.S. Patent Nos. 7,013,284 ("the '284 patent") and 7,017,111 ("the '111 patent") as claiming unpatentable subject matter (D.I. 348) is denied without prejudice, and is to be re-filed after the Supreme Court issues its ruling in *Bilski v. Doll*, 129 S. Ct. 2735 (U.S. 2009).

IT IS FURTHER ORDERED that trial[1] as to the remaining issues in this matter shall be stayed until further notice, for the reasons that follow

1. Plaintiffs Accenture Global Service GmbH and Accenture LLP (collectively "plaintiffs") brought this action against defendant Guidewire Software Inc. ("defendant") on December 18, 2007. (D.I. 1) In their complaint, plaintiffs assert that defendant

---

[1]As well as the March 1, 2010 pretrial conference.

infringes the '284 patent, describing a computer program for developing component-based software capable of performing tasks relating to insurance transactions (such as claims processing). (D.I. 1) Plaintiffs filed a second amended complaint on December 17, 2008 adding a claim for infringement of the '111 patent. (D.I. 92)

2. Currently before the court are several summary judgment motions filed by defendant[2] including, inter alia, a motion for partial summary judgment of the invalidity of the '284 and '111 patents ("the Accenture patents") for claiming unpatentable subject matter.[3] The parties' arguments concerning the patentability of the subject matter claimed by the Accenture patents rely upon the "machine-or-transformation" ("MORT") test enunciated by the Federal Circuit in *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008) (en banc). Specifically, the *Bilski* court explained that a process is "surely patent-eligible under § 101 if: (1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing." *Id.* at 954.

3. The *Bilski* court did not provide guidance as to the machine prong of the MORT test, stating that it would "leave to future cases the elaboration of the precise contours of machine implementation, as well as the answers to particular questions, such as whether or when recitation of a computer suffices to tie a process claim to a particular machine." *Id.* at 962. Further complicating the task at bar, the *Bilski* court

---

[2]In connection with these motions, defendant has submitted over **9,000 pages** of briefing and exhibits.

[3]Defendant also seeks judgments that: (1) the '284 patent is invalid as indefinite (D.I. 346); (2) the '284 patent is invalid because of an on-sale bar (D.I. 352); (3) the '284 patent is invalid as anticipated or, in the alternative, obvious (D.I. 356); (4) plaintiffs' trade secret misappropriation claim is barred by the statute of limitations (D.I. 350); and (5) defendant does not infringe the '111 patent (D.I. 354).

2

explained that "the facts here would be largely unhelpful in illuminating the distinctions between those software claims that are patent-eligible and those that are not." *Id.* at 960. As previously mentioned, the Accenture patents relate to software covering methods and systems of generating and handling insurance-related tasks. The court believes that the claims of the Accenture patents would not meet the "transformation" prong of the MORT test, but raise substantial questions under the "machine" prong. While the Accenture patents recite some machine "connection," it is unclear whether this degree of connectivity meaningfully limits the claimed scope. *See id.* at 961-62. Insofar as the Supreme Court may illuminate, or drastically alter, the framework of such a determination, the court believes that it is prudent to postpone the subject matter inquiry under 35 U.S.C. § 101 until such time as a decision is issued in *Bilski v. Doll*.

4. In light of the above concerns, it would be practical to stay trial until the court can make an informed subject matter inquiry under 35 U.S.C. § 101. A comprehensive opinion concerning the motions for summary judgment will follow in the next week.

United States District Judge

3