**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES GmbH, and ACCENTURE LLP, | ) | |
| | ) | C.A. No. 07-826- SLR |
| Plaintiffs, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| GUIDEWIRE SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>JOINT PRETRIAL ORDER VOLUME 1</u>**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs Accenture Global Services GmbH and Accenture LLP*

OF COUNSEL:

James P. Bennett
MORRISION & FORSTER LLP
425 Market Street
San Francisco, CA 94105

L. Scott Oliver
Diana Luo
Ruchika Agrawal
Matthew Chen
Douglas Chartier
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Defendant Guidewire Software, Inc.*

OF COUNSEL:

Daralyn J. Durie
Clement Roberts
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111-3007

Dated: February 24, 2010
Public Version Dated: March 4, 2010
954809/32523

pa-1380482

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES GmbH, and ACCENTURE LLP, | ) | |
| Plaintiffs, | ) | C.A. No. 07-826- SLR |
| v. | ) | **JURY TRIAL DEMANDED** |
| GUIDEWIRE SOFTWARE, INC., | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

**JOINT PRETRIAL ORDER**

Plaintiffs and counterclaim defendants Accenture Global Services GmbH and Accenture LLP (collectively, "Accenture") and defendant and counterclaim plaintiff Guidewire Software, Inc. ("Guidewire") by and through their undersigned counsel and pursuant to Local Rule 16.3(c) jointly submit this proposed Pretrial Order.

## I. NATURE OF THE ACTION (L.R. 16.3(c)(1))

Accenture's alleges that Guidewire has infringed U.S. Patent Nos. 7,013,284 (the '284 patent), and 7,017,111 (the '111patent) (collectively "the Asserted Patents") under 35 U.S.C. § 271. Accenture further alleges that Guidewire has misappropriated its trade secrets, and interfered with its business relations.

Accenture seeks damages with prejudgment interest and injunctive relief related to its patent infringement claims. Accenture also seeks treble damages on these claims on the basis that Guidewire has willfully infringed the Asserted Patents, and seeks its litigation costs, including attorneys' fees on the ground that this is an exceptional case. Accenture further seeks

damages and injunctive relief related to its claims that Guidewire misappropriated trade secrets and interfered with business relations. Accenture also seeks increased damages and attorneys' fees as provide by the Delaware Uniform Trade Secret Act.

Guidewire has denied the allegations of Accenture's Second Amended Complaint and contends by defense and by way of a counterclaim for Declaratory Judgment that the Asserted Patents are not infringed, are unenforceable and are invalid. Guidewire has also raised counterclaims seeking judgment of misappropriation of trade secrets and breach of contract by Accenture. Guidewire seeks damages and injunctive relief related to its claims that Accenture misappropriated trade secrets and breached its contract with Guidewire. Guidewire also seeks increased damages and attorneys' fees as provided by the Delaware Uniform Trade Secret Act as well as attorneys' fees, expenses and costs on the basis that this is an exceptional case.

Accenture has denied the allegations of Guidewire's counterclaims and has raised affirmative defenses.

## II. BASIS OF FEDERAL JURISDICTION (L.R. 16.3(C)(2))

Jurisdiction is based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. There is an actual controversy between the parties involving the Court's federal jurisdiction under §§ 1331 and 1338(a), which gives rise to declaratory relief jurisdiction under §§ 2201 and 2202. This Court has supplemental jurisdiction over both Accenture's and Guidewire's state-law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims under federal law that they form part of the same case and/or controversy and derive from a common nucleus of operative facts.

## III. ADMITTED FACTS REQUIRING NO PROOF AT TRIAL (L.R. 16.3(C)(3))

The Parties' Statement of Undisputed Facts is attached as Schedule A.

## IV. ISSUES OF FACT REMAINING TO BE LITIGATED (L.R. 16.3(C)(4))

Accenture's Statement of Issues of Facts that Remain to be Litigated is attached hereto as Schedule B1. Guidewire's Statement of Issues of Facts that Remain to be Litigated is attached hereto as Schedule B2.

## V. ISSUES OF LAW REMAINING TO BE LITIGATED (L.R. 16.3(C)(5))

Accenture's Statement of Issues of Law that Remain to be Litigated is attached hereto as Schedule C1. Guidewire's Statement of Issues of Law that Remain to be Litigated is attached hereto as Schedule C2.

## VI. EXHIBITS LISTS (L.R. 16.3(C)(6))

Accenture's Exhibit List and Guidewire's objections thereto are attached as Schedule D1.

Guidewire's Exhibit List and Accenture's objections thereto are attached as Schedule D2.

The parties will make a good faith effort to prepare a Joint Exhibit List and respective objections.

Each party reserves the right to offer exhibits not set forth on a trial exhibit list that will be used for purposes of impeachment only.

## VII. WITNESS LISTS AND DEPOSITION DESIGNATIONS (L.R. 16.3(C)(7))

Accenture's Amended Witness List and Guidewire's objections thereto are attached as Schedule E1.

Guidewire's Second Amended Witness List and Accenture's objections thereto are attached as Schedule E2.

The Parties will identify their respective Rebuttal Witnesses in accordance with the December 4, 2009 Amended Scheduling Order.

Accenture's Deposition Designations and Guidewire's objections thereto are attached as Schedule F1.

Guidewire's Deposition Designations and Accenture's objections thereto are attached as Schedule F2.

The parties reserve their rights to play any of their respective counter designations in their respective case in chief.

## VIII. SUPPORT FOR ACCENTURE'S CLAIMS (L.R. 16.4(D)(8))[1]

In support of its claim that Guidewire has infringed the Asserted Patents by committing acts (including the sale, offer for sale, manufacture, importation and/or use of the accused Guidewire products), Accenture intends to provide evidence showing that the accused Guidewire products satisfy, either literally or through an equivalent, every limitation of the asserted claims. Accenture will also provide evidence that Guidewire used Accenture Trade Secrets in developing its products, and by using the improperly acquired Accenture Trade Secrets interfered with Accenture's business relations with prospective customers.

Accenture disputes Guidewire's defenses and/or counterclaims that the Asserted Patents are invalid and are not infringed. Accenture's infringement case is properly before the Court, and it will present evidence in support of that case as described in the preceding paragraphs.

Accenture further disputes Guidewire's defenses and/or counterclaims that certain Asserted Patents are unenforceable for not disclosing particular alleged prior art references during prosecution, and do not list the correct inventors. Accenture's patents are presumptively valid and enforceable, and Accenture will demonstrate that Guidewire has no credible evidence to support its theories.

Accenture further disputes each of Guidewire's additional affirmative defenses, including failure to mark, unclean hands, prosecution history estoppel, laches, estoppel as to the trade

---

[1] Section VIII is subject to any rulings on Guidewire's motions in limine.

secret claim, and any statutory bars to damages and/or equitable relief.

## IX. SUPPORT FOR GUIDEWIRE'S DEFENSES AND COUNTERCLAIMS (L.R. 16.4(D)(9-10))[2]

In support of its defense that Guidewire has not infringed the Asserted Patents and its request for Declaratory Judgment of Noninfringement, Guidewire intends to provide evidence showing that the accused Guidewire products do not satisfy, either literally or through an equivalent, every limitation of the asserted claims.

In support of its defense that the Asserted Patents are invalid and its request for Declaratory Judgment of invalidity, Guidewire intends to provide evidence showing that (1) each asserted claim is anticipated by one or more pieces of prior art; (2) each asserted claim is rendered obvious by one or more pieces of prior art (single reference obviousness); and (3) each asserted claim is rendered obvious by one or more combinations of prior art. Guidewire also will provide evidence that the invention claimed in the '284 patent was sold and/or offered for sale and was ready for patenting prior to the critical date to support its claim that the '284 patent is invalid in light of the on-sale bar, and that each asserted claim of the '284 patent is invalid as obvious in light of the system(s) Accenture sold or offered for sale prior to the critical date. Guidewire will further provide evidence that the machines mentioned in the '284 and '111 patents are general purpose computers in support of its claim that the patent claims ineligible subject matter, and will provide evidence that there is no adequate corresponding structure for the means plus function claim limitations in the '111 patent.

In support of its defense that the '284 patent is unenforceable and its request for Declaratory Judgment of unenforceability and in support of its defense of unclean hands, Guidewire intends to provide evidence showing that Accenture committed inequitable conduct

[2] Section IX is subject to any rulings on Accenture's motions in limine.

during the prosecution of the application that lead to the '284 patent by: (1) failing to disclose material, non-cumulative prior art references of which it was aware and which it had a duty to disclose in an effort to deceive the patent office; (2) submitting intentionally mislabeled amendments in order to deceive the examiner into believing that no change was being made to a claim that Accenture had reverted to a previously rejected form; (3) failing to cross reference co-pending applications in order to prevent the examiner from finding the prior art that Accenture failed to disclose and (4) failing to file a supplemental inventor declaration in the application that became the '284 patent despite the fact that the claims as amended and ultimately issued changed so dramatically that the originally filed declaration is not operable as to the issued claims.

In support of its defense of Prosecution History Estoppel, Guidewire intends to provide evidence that statements and amendments Accenture made to and in front of the USPTO during prosecution of the applications that matured into the patents in suit are inconsistent with and bar Accenture's infringement claims against Guidewire.

In support of its defenses of laches and statute of limitations, Guidewire intends to provide evidence that Accenture had possession of facts that, at a minimum, put it on inquiry notice of its claims more than three years before it filed suit for Trade Secret Misappropriation and more than two years before it filed suit for Tortuous Interference, and that Guidewire changed its position in the period during which Accenture slept on its rights.

In support of its defense to Accenture's trade-secret misappropriation claim, Guidewire intends to provide evidence that: (a) it did not obtain any trade-secret Accenture information; (b) it did not know or have reason to know that any information it did obtain was Accenture's trade secret information; (c) that Accenture's asserted trade secrets do not meet the requirements for trade-secret protection under Delaware law because they were generally known and/or disclosed

to the public; and (d) that Guidewire independently developed the asserted trade secrets prior to and/or independent of any alleged misappropriation.

In support of its defense to Accenture's claim for intentional interference with prospective contractual relations Guidewire intends to introduce evidence to show that Accenture had no reasonable probability of a business opportunity, that Guidewire did not intentionally interfere with any such opportunity, that there is no proximate causation between Guidewire's actions and the loss of any such business opportunity, that Accenture has not shown or suffered any damages and that any actions Guidewire took were part of its right and privilege to compete.

To the extent the Court allows Accenture to assert a claim for tortious interference with contract in light of its memorandum opinion on Guidewire's earlier motion to dismiss, Guidewire intends to provide evidence that it did not know about any Accenture contract, that none of Guidewire's acts were significant factor in causing the breach of any such contract, that Guidewire's actions were taken with justification, and that Accenture has not suffered injury.

In support of its claim for trade secret misappropriation, Guidewire intends to provide evidence that Accenture improperly acquired, disclosed and used Guidewire's trade secrets, including in the development of Accenture's product and in competing against Guidewire in the marketplace, and otherwise violated Delaware trade secret law.

In support of its claim for breach of contract, Guidewire intends to provide evidence that Accenture entered into a contract with Guidewire with an effective date of February 24, 2006 and that Accenture breached numerous provisions of the contract by transmitting confidential Guidewire materials to persons who were not authorized to see it, by using it for purposes beyond those permitted by the contract, by making copies without authorization and by retaining the material past the time when the contract required the material to be returned.

## X. PROPOSED AMENDMENT OF PLEADINGS (L.R. 16.3(C)(11))

Accenture does not contemplate any additional amendment of its current pleadings at this time.

Guidewire's proposed amendments to its Amended Answer and Counterclaims are attached hereto as Schedule G.

## XI. CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE CONTROVERSY BY SETTLEMENT (L.R. 16.3(C)(12))

The parties hereby certify that duly authorized representatives of the parties have communicated in a good faith attempt to resolve this controversy by settlement, and that the controversy remains unresolved.

## XII. OTHER MATTERS (L.R. 16.3(C)(2))

The schedules identified in this section will be filed with the Court on February 26, 2010.

### A. Voir Dire

Accenture's proposed voir dire questions are attached as Schedule H1.

Guidewire's proposed voir dire questions are attached as Schedule H2.

### B. Jury Instructions

Accenture's proposed jury instructions are attached as Schedule I1.

Guidewire's proposed jury instructions are attached as Schedule I2.

### C. Verdict Forms

Accenture's proposed verdict form is attached as Schedule J1.

Guidewire's proposed verdict form is attached as Schedule J2.

### D. Demonstratives

The parties will exchange demonstratives to be used in opening statements by 8:00 p.m. EST Saturday March 13, 2010. The parties agree to provide any objections to such

demonstratives by 12 noon EST on Sunday, March 14, 2010. The parties will meet and confer at 3:00 p.m. EST on Sunday, March 14, 2010 regarding the objections to such demonstratives.

The parties will exchange demonstrative exhibits to be used in connection with direct examination at 9:00 a.m. EST the morning of the day before their intended use, and that objections should be provided no later than 7:30 p.m. EST the night before their intended use.

The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD or CD. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use. Parties may draw on, mark or manipulate demonstratives during testimony without telling the other side in advance which drawings, marks or manipulations they intend. The parties agree that they will not draw on, mark or otherwise disfigure each other's demonstratives. In addition, the parties agree that blow-ups or highlights of exhibits or parts of exhibits are not required to be provided to the other side in advance of their use.

**E. Length of Trial**

The Court has set a trial length of five (5) days, including opening statement and closing argument, time to be divided equally between the parties. Jury selection will be conducted separately and not counted against the time allotted for the trial.

Time that a party spends making opening statements and closing argument, conducting the direct examination of its own witnesses and the cross-examination of the opposing witnesses,

and playing or reading its designated portions of deposition testimony shall count against its allotted time. If evidentiary disputes have to be resolved by the court - whether before, during or after the trial day - the time the parties take to present the dispute will be charged against them (unless the Court determines that the dispute was frivolous or brought in bad faith, in which case the losing party may be charged for all the time dedicated to resolving the issue). At the end of each day, each party shall appoint a representative who will be assigned to meet and confer and determine the time charged to each side and the time remaining to each side. Any disagreements which cannot be resolved in this manner will be resolved the next day by use of the official transcript of the proceedings.

**F. Disclosure of Witnesses**

The parties agree to give the other side a list of witnesses who will be called for each day of trial, in the order they will be called, by 9:00 am EST the day before said witnesses will be called. If events during the day cause a change in a party's witness list, the parties agree to give the other side notice of any such changes in the witness list as soon as possible but in no event later than 7:00 p.m. EST or two hours within the close of the trial day, whichever is earlier, on the evening before said witnesses shall be called.

With respect to direct examination, the parties agree to provide the other a good-faith list of exhibits to be used with each witness by 8:00 p.m. EST the day before the respective witness testifies on direct examination. If the list changes after 8:00 p.m. EST, the parties agree to give each other prompt notice of any such changes. The parties agree that this provision does not require the disclosure of exhibits to be used for cross examination.

**G. Issues and Motions Pending Before the Court**

- On October 2, 2009, and October 30, 2009, the Parties filed opening and answering claim construction briefs, respectively. Claim construction arguments were heard by this Court on January 21, 2010. As of the date of this Joint Proposed Pretrial Order, the Court has not issued a ruling.
- On December 16, 2009 Guidewire filed six summary judgment motions (see below). Arguments on these motions were heard by this Court on January 21, 2010. As of the date of this Joint Proposed Pretrial Order, Guidewire's motions are pending.
- On December 29, 2009, Accenture moved this Court to strike Defendant's arguments and documents relating to the on-sale bar defense. As of the date of this Joint Proposed Pretrial Order, Accenture's motion is pending.
- The following motions in limine are contemplated by the Parties. The Parties understand that the Court will not take written submissions of motions in limine, but will hear arguments on these motions at the Pretrial Conference. The motions in limine that the parties have stipulated to are attached in Schedule L.

**<u>Motions Contemplated by Accenture</u>**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**Motions Contemplated by Guidewire**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

> [redacted]
>
> [redacted]
>
> [redacted]

[3] Accenture offered to produce David Christensen for deposition on February 27, 2010. However, Guidewire's counsel asked for another date after the pretrial conference, but Mr. Christesen has no other availability.

[redacted]

- The following summary judgment motions are pending:
  - i. Guidewire's Motion for Partial Summary Judgment Regarding Statute of Limitations.
  - ii. Guidewire's Motion for Summary Judgment of Non-Infringement of '111 Patent.
  - iii. Guidewire's Motion for Partial Summary Judgment that the '284 Patent is Invalid as Anticipated or, in the Alternative, Obvious.
  - iv. Guidewire's Motion for Partial Summary Judgment Regarding Invalidity of the '284 Patent as Claiming Unpatentable Subject Matter.
  - v. Guidewire's Motion for Partial Summary Judgment that the '284 Patent is Invalid as Indefinite.
  - vi. Guidewire's Motion for Partial Summary Judgment of Invalidity of '284 Patent Because of an On-Sale Bar.

**H. Objections to Trial Exhibits**

The parties stipulate to the authenticity of particular documents as follows: any document that was produced by a party and which on its face appears to have been authored by an employee or officer of that party shall be deemed *prima facie* to be authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary as indicated in that party's objection to the exhibit containing such document. Neither party may maintain such an objection regarding a document it produced unless it has provided, after objecting, a custodian of records to testify in deposition regarding the authenticity of that document.

The parties agree that neither party shall require the other to lay a business record foundation for the introduction of a document produced by a party or third-party in discovery unless there is a good faith belief that the exhibit was not created and maintained in the ordinary course of business.

The parties intend to introduce as evidence copies of documents or screen images previously available through the Internet and now maintained by the Internet Archive (also referred to as the Wayback Machine). The parties agreed that any such document shall be deemed to be authentic and to be a business record of the company that posted the document on the internet if (and only if) the document appears on its face to have been created by an agent or employee of the company operating the website from which the document was taken. Where the Internet Archive indicates dates (e.g., through a URL), the parties agree that such dates indicate the timeframe in which the respective documents were made available on the internet.

A declaration from Internet Archive authenticating certain documents obtained by Accenture via Wayback Machine is attached hereto as Schedule K1. Guidewire objects to this declaration on the grounds that it was not produced during discovery and (assuming Accenture produces it today) up until the date the pre-trial order was submitted.

## I. Playing or Reading of Deposition Designations

The parties agree that deposition designations and counterdesignations will be introduced together in the sequence in which the testimony originally occurred. The parties reserve the right to drop part or all of a deposition designation.

If a party intends to offer only a portion of a designation but not the entire designation, the party intending to offer such a designation will provide the revised designations to the other side at least 24 hours before the designation is to be played or read. The other party will provide

its revised counterdesignations no later than 12 hours before the designation is to be played. If during the revised designation process, either party cancels the use of a deposition designation that it previously made, then the other party may adopt or "pick up" that designation or a portion of that designation for its own purposes.

After the Court rules on any objections raised with respect to any deposition designations, the parties agree that said objections will be omitted during play.

In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by exhibit number and that identical document was also marked as a different exhibit number, a party may substitute one exhibit for another.

**J. Other Requests for the Court's Assistance**

- The parties seek the Court's assistance in discussing the timing of presentation of evidence on inequitable conduct. Accenture contends that inequitable conduct should be tried at the same time as damages, after any appeal. Moreover, should the Court wish to try the issue earlier, it should be tried after the jury returns a verdict on the remaining issues on liability. Guidewire contends that inequitable conduct is a determination on the merits that should be tried out of the presence of the jury but at the same time as the other merits issues in the case. Guidewire would be willing to try inequitable conduct in the week preceding trial, including, for example, on the day of jury selection.
- The parties seek the Court's assistance in setting a procedure for handling confidential information at trial.
- The parties seek the Court's assistance in streamlining the issues for trial. Accenture believes that given the trial is only five days, Guidewire should be required to present a reasonable number of prior art references and combinations of references to the jury and narrow its arguments and

references. Specifically, in its 35 U.S.C. § 282 Notice, Guidewire has raised 485 prior art references, approximately 4090 potentially relevant documents, and 21 potentially relevant witnesses. Guidewire believes that Accenture should be required to pick no more than 5 claims from each patent to present to the jury and has offered to cut down the list of prior art as soon as Accenture specifies which claims it is asserting. Each Party is also presently asserting twenty secrets each against the other party, and Guidewire proposes that each party limit the number of asserted trade secrets to six.

## XIII. CONCLUSION

This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

OF COUNSEL:

James P. Bennett
MORRISION & FORSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7169

L. Scott Oliver
Diana Luo
Ruchika Agrawal
Matthew Chen
Douglas Chartier
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5600

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000

rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs*
*Accenture Global Services GmbH*
*and Accenture LLP*

Dated: February 24, 2010
Public Version Dated: March 4, 2010

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Daralyn J. Durie
Clement Roberts
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111-3007
Tel: (415) 362-6666

Dated: February 24, 2010

By */s/ Julia Heaney*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Defendant Guidewire Software, Inc.*

It is so ORDERED this ___ day of _________________, 2010.

_________________________________
Sue L. Robinson
Judge, United States District Court

954809 / 32523