# SCHEDULE A

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# SCHEDULE B1

# PLAINTIFF'S STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED

Litigation is required to resolve the factual issues listed below. To the extent any issues of law identified in either party's Statement of Issues of Law that Remain to Be Litigated are later deemed issues of fact, those issues are incorporated here by reference.

## ACCENTURE'S PATENT CLAIMS

Direct Infringement

1. Whether Accenture has shown by a preponderance of evidence that Guidewire's ClaimCenter[1] infringes, either literally or under the Doctrine of Equivalents, claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and/or 22 of the '284 Patent.
2. Whether Accenture has shown by a preponderance of evidence that Guidewire's ClaimCenter infringes, either literally or under the Doctrine of Equivalents, claims 1, 2, 3, 4, 5, 6, 9, 12, 13, 14, 15, 16, 17, and/or 18 of the '111 Patent.

Indirect Infringement

3. Whether Accenture has shown by a preponderance of evidence that Guidewire contributorily infringes one or more claims of the '284 Patent.
4. Whether Accenture has shown by a preponderance of evidence that Guidewire contributorily infringes one or more claims of the '111 Patent.
5. Whether Accenture has shown by a preponderance of evidence that Guidewire induces infringement of one or more claims of the '284 Patent.

[1] "ClaimCenter" also includes references to any other Guidewire product that includes ClaimCenter, such as Guidewire's Insurance Suite.

6. Whether Accenture has shown by a preponderance of evidence that Guidewire induces infringement of one or more claims of the '111 Patent.

Validity: Although Accenture does not bear the burden to prove validity or enforceability, Accenture understands that the factual issues listed below remain to be litigated. Accenture reserves its right to amend this list pending Guidewire's disclosure of any validity facts that remain to be tried and any motions for summary judgment, motions to strike, or motions in limine to exclude particular arguments and evidence, even if such motions are not specifically referenced herein. Accenture further reserves its right to seek reduction of the number of alleged prior art references to be presented at trial.

**'284 Patent**

7. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of the '284 Patent is invalid under 35 U.S.C. § 101 in that such claimed invention does not encompass patentable subject matter.

8. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of the '284 Patent is invalid as indefinite under 35 U.S.C. §112.

9. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of the '284 Patent is invalid under 35 U.S.C. §103 in that such claimed invention would have been obvious to a person of ordinary skill in the art at the time it was made, in light of the scope and content of the alleged prior art.

10. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and

22 of the '284 Patent is invalid under 35 U.S.C. §102(b) or §103 in that such claimed invention was anticipated by the alleged prior art.

11. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of the '284 Patent is invalid under 35 U.S.C. §102(b) or 35 U.S.C. §103 in that Accenture sold or offered for sale software anticipating and/or rendering obvious the asserted claims prior to May 4, 1998.

**'111 Patent**

12. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims 1, 2, 3, 4, 5, 6, 9, 12, 13, 14, 15, 16, 17, and 18 of the '111 Patent is invalid under 35 U.S.C. § 101 in that such claimed invention does not encompass patentable subject matter.

13. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims 1, 2, 3, 4, 5, 6, 9, 12, 13, 14, 15, 16, 17, and 18 of the '111 Patent is invalid under 35 U.S.C. §103 in that such claimed invention would have been obvious to a person of ordinary skill in the art at the time it was made, in light of the scope and content of the alleged prior art.

14. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims 1, 2, 3, 4, 5, 6, 9, 12, 13, 14, 15, 16, 17, and 18 of the '111 Patent is invalid under 35 U.S.C. §102(a) in that such claimed invention was anticipated by the alleged prior art.

Secondary Considerations

15. To the extent Guidewire argues that any of the asserted claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of the '284 Patent is invalid as

"obvious" under 35 U.S.C. §103, whether Accenture has shown evidence of secondary considerations to show non-obviousness of those claims.

16. To the extent Guidewire argues that any of the asserted claims 1, 2, 3, 4, 5, 6, 9, 12, 13, 14, 15, 16, 17, and 18 of the '111 Patent is invalid as "obvious" under 35 U.S.C. §103, whether Accenture has shown evidence of secondary considerations to show non-obviousness of those claims.

Unenforceability: Although Accenture does not bear the burden to prove unenforceability or enforceability, Accenture understands that the factual issues listed below remain to be litigated. Accenture reserves its right to amend this list pending Guidewire's disclosure of any enforceability facts that remain to be tried and any motions for summary judgment or motions in limine to exclude particular arguments and evidence, even if such motions are not specifically referenced herein.

17. Whether Guidewire has proven by clear and convincing evidence that the '284 Patent is unenforceable due to inequitable conduct for (a) failure to disclose U.S. Patent No. 6,937,990, U.S. Patent No. 5,839,112, and WO95/03569; (b) failure to cross reference U.S. Patent Application Nos. 09/305,228, 09/305,234, 09/305,331, 09/305,816, and 09/305,817; or (c) failure to file a supplemental declaration to the U.S. Patent Office during prosecution of the application that led to the '284 Patent.

Incorrect Inventorship

18. Whether Guidewire has proven by clear and convincing evidence that the '284 Patent is invalid and unenforceable for not listing the correct inventors.

Prosecution History Estoppel

19. Whether Accenture has established a reason for amendment(s) during the prosecution of the application that led to the '284 Patent sufficient to overcome the presumption that the amendment(s) surrenders the particular equivalent in question.

20. Whether Accenture has established a reason for amendment(s) during the prosecution of the application that led to the '111 Patent sufficient to overcome the presumption that the amendment(s) surrenders the particular equivalent in question.

## ACCENTURE'S OTHER CLAIMS

Trade Secret Misappropriation by Guidewire

21. Whether Accenture has shown by a preponderance of evidence that the Asserted Accenture Trade Secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use; and subject to efforts that are reasonable under the circumstances to maintain their secrecy.

22. Whether Accenture has shown by a preponderance of evidence that Guidewire acquired Accenture's trade secret knowing or having reason to know that the trade secret was acquired by improper means.

23. Whether Accenture has shown by a preponderance of evidence that Guidewire (1) acquired a trade secret of Accenture knowing or having reason to know that it was acquired by improper means or (2) disclosed or used a trade secret of Accenture without express or implied consent of Accenture (a) having used improper means to acquire knowledge of the trade secret or (b) at the time of the disclosure or use, knowing or having reason to know that Guidewire's knowledge of the trade secret was (i) derived from or through a person who had used improper means to acquire it (ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its

use or (iii) derived from or through a person who owed a duty to Accenture to maintain its secrecy or limit its use or (c) before a material change in Guidewire's position knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

24. Whether Guidewire has shown by a preponderance of evidence that by August 2004 Accenture was aware, or should have been aware, of the facts alleged in support of Accenture's trade-secret misappropriation claim.

25. Whether Guidewire has shown by a preponderance of evidence that Accenture's trade-secret misappropriation claim is barred by the doctrine of laches.

26. Whether Guidewire has shown by a preponderance of evidence that Accenture's trade secret misappropriation claim is barred by the doctrine of estoppel.

<u>Tortious Interference with Business Relations</u>

27. Whether Accenture has shown by a preponderance of evidence that Guidewire had knowledge of Accenture's customer and prospective customer relationships.

28. Whether Accenture has shown by a preponderance of evidence that Guidewire specifically and intentionally interfered with Accenture's business relationships with the sole purpose of harming Accenture or by using dishonest, unfair, or improper means.

29. Whether Accenture has shown by a preponderance of evidence that Accenture's relationships with its customers and prospective customers have been injured and Accenture has suffered damages as a result of Guidewire's tortious interference.

<u>Unclean Hands</u>

30. Whether Guidewire has proven by a preponderance of the evidence that Accenture's claims are barred by the doctrine of unclean hands.

## GUIDEWIRE'S CLAIMS

Breach of Contract

31. Whether Guidewire has shown by a preponderance of evidence that Accenture used Guidewire confidential information received under a NDA for purposes other than those permitted under the NDA, by using such confidential information to compete with Guidewire, and/or by failing to restrict use of such confidential information to personnel engaging in permitted uses of such information, and/or by making unauthorized copies of that information, and/or by failing to return or destroy that information after the time called for under NDA.

32. Whether Guidewire has shown by a preponderance of evidence that Accenture's use of Guidewire confidential information to compete with Guidewire has been a substantial factor in causing Guidewire to lose potential customers, and/or receive reduced revenue from customers.

33. Whether Guidewire has shown by a preponderance of evidence that the contract is supported by valuable consideration.

Trade Secret Misappropriation by Accenture

34. Whether Guidewire has shown by a preponderance of evidence that the Asserted Guidewire Trade Secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use; and subject to efforts that are reasonable under the circumstances to maintain their secrecy.

35. Whether Guidewire has shown by a preponderance of evidence that Accenture acquired Guidewire's trade secret knowing or having reason to know that the trade secret was acquired by improper means.

36. Whether Guidewire has shown by a preponderance of evidence that Accenture (1) acquired a trade secret of Guidewire knowing or having reason to know that it was acquired by improper means or (2) disclosed or used a trade secret of Guidewire without express or implied consent of Guidewire (a) having used improper means to acquire knowledge of the trade secret or (b) at the time of the disclosure or use, knowing or having reason to know that Accenture's knowledge of the trade secret was (i) derived from or through a person who had used improper means to acquire it (ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use or (iii) derived from or through a person who owed a duty to Guidewire to maintain its secrecy or limit its use or (c) before a material change in Accenture's position knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Unclean Hands

37. Whether Accenture has proven by a preponderance of the evidence that Guidewire's breach of contract claim is barred by the doctrine of unclean hands.

38. Whether Accenture has proven by a preponderance of the evidence that Guidewire's misappropriation of trade secrets claim is barred by the doctrine of unclean hands.

Estoppel

39. Whether Accenture has shown by a preponderance of evidence that Guidewire's breach of contract claim is barred by estoppel.

40. Whether Accenture has shown by a preponderance of evidence that Guidewire's misappropriation of trade secrets claim is barred by estoppel.

Waiver

41. Whether Accenture has proven by a preponderance of the evidence that Guidewire's breach of contract claim is barred by waiver.

42. Whether Accenture has proven by a preponderance of the evidence that Guidewire's misappropriation of trade secrets claim is barred by waiver.

# SCHEDULE B2

# SCHEDULE B2

## GUIDEWIRE'S STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED

Litigation is required to resolve the factual issues listed below. To the extent any issues of law identified in Guidewire's Statement of Issues of Law that Remain to Be Litigated are later deemed issues of fact, those issues are incorporated here by reference.

### ACCENTURE'S PATENT CLAIMS

Direct Infringement

1. Whether Accenture has shown by a preponderance of evidence that Guidewire's ClaimCenter infringes, either literally or under the Doctrine of Equivalents, any of the asserted claims of the '284 Patent.
2. Whether Accenture has shown by a preponderance of evidence that Guidewire's ClaimCenter infringes, either literally or under the Doctrine of Equivalents, any of the asserted claims of the '111 Patent.

Indirect Infringement

3. Whether Accenture has shown by a preponderance of evidence that Guidewire contributorily infringes one or more of the asserted claims of the '284 Patent.
4. Whether Accenture has shown by a preponderance of evidence that Guidewire induces infringement of one or more of the asserted claims of the '284 Patent.

Validity:

**'284 Patent**

5. Whether the factual predicates for obviousness for the asserted claims of the '284 patent are present. In particular, (a) what is the level of ordinary skill in the art; (b) whether the prior art asserted by Guidewire and/or the inventions sold or offered for sale to St. Paul and Reliance are within the "scope and content" of the prior art; (c) what is the difference, if any, between the claimed invention and that prior art; and (d)

whether some or all of the following secondary considerations are present; (i) was ClaimComponents commercially successful due to the merits of the claimed invention; (ii) was there a long felt need for the solution provided by the claimed invention; (iii) were there unsuccessful attempts by others to find the solution provided by the claimed invention; (iv) did others copy the '284 patent and/or the invention claimed therein; (v) did the invention claimed in the '284 Patent produce unexpected results that were superior to the prior art; (vi) have other people in the field accepted or praised the '284 patent or the invention claimed therein; (vii) have other people in the field licensed the '284 patent; (v) was there independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it and (vi) did the '284 patent progress through the patent office with relative ease.

6. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims of the '284 Patent are invalid under 35 U.S.C. §102 in that such claimed invention was anticipated by the prior art.

7. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims of the '284 Patent are invalid under 35 U.S.C. §102 because, prior to May 4, 1998; (a) Accenture sold or offered for sale the invention claimed in the '284 patent and (b) the invention was ready for patenting.

8. Whether the factual predicates for enablement have been shown, specifically: (1) the time and cost of any necessary experimentation; (2) how routine any necessary experimentation is in the relevant field; (3) whether the patent discloses specific working examples of the claimed invention; (4) the amount of guidance presented in the patent; (5) the nature and predictability of the relevant field; (6) the level of ordinary skill in the field and (7) the scope of the claimed invention.

**'111 Patent**

9. Whether Guidewire has proven by clear and convincing evidence that any of the asserted claims of the '111 Patent are invalid under 35 U.S.C. §102 in that such claimed invention was anticipated by the alleged prior art.

10. The factual predicates for obviousness for the asserted claims of the '111 patent. In particular, (a) what is the level of ordinary skill in the art; (b) whether the prior art asserted by Guidewire are within the "scope and content" of the prior art; (c) what is the difference, if any, between the claimed invention and that prior art; and (d) whether some or all of the following secondary considerations are present; (i) was ClaimComponents commercially successful due to the merits of the claimed invention; (ii) was there a long felt need for the solution provided by the claimed invention; (iii) were there unsuccessful attempts by others to find the solution provided by the claimed invention; (iv) did others copy the '284 patent and/or the invention claimed therein; (v) did the invention claimed in the '284 Patent produce unexpected results that were superior to the prior art; (vi) have other people in the field accepted or praised the '284 patent or the invention claimed therein; (vii) have other people in the field licensed the '284 patent; (v) was there independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it and (vi) did the '111 patent progress through the patent office with relative ease.

11. Whether the factual predicates for enablement have been shown, specifically: (1) the time and cost of any necessary experimentation; (2) how routine any necessary experimentation is in the relevant field; (3) whether the patent discloses specific working examples of the claimed invention; (4) the amount of guidance presented in the patent; (5) the nature and predictability of the relevant field; (6) the level of ordinary skill in the field and (7) the scope of the claimed invention.

Unenforceability

12. Whether Guidewire has proven by clear and convincing evidence that the '284 Patent is unenforceable due to inequitable conduct for (a) Accenture's failure to disclose material prior art (namely U.S. Patent No. 6,937,990, U.S. Patent No. 5,839,112, and WO95/03569) at a time when Accenture was under an obligation to do so; (b) failure to cross reference U.S. Patent Application Nos. 09/305,228, 09/305,234, 09/305,331, 09/305,816, and 09/305,817, (c) failure to file a supplemental declaration to the U.S Patent Office during prosecution of the application that led to the '284 Patent and for (d) repeatedly mislabeling amendments so that the examiner would not know that Accenture was changing a previously rejected claim back to its previously rejected form.

Incorrect Inventorship

13. Whether Guidewire has proven by clear and convincing evidence that the '284 Patent is invalid and unenforceable for not listing the correct inventors because, among other things, people at St Paul were responsible for part of the invention.

Unclean Hands

14. Whether Guidewire has proven by clear and convincing evidence that Accenture's claims are barred by the doctrine of unclean hands.

**ACCENTURE'S OTHER CLAIMS**

Trade Secret Misappropriation by Guidewire

15. Whether Accenture has shown by a preponderance of evidence that the Asserted Accenture Trade Secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and subject to efforts that are reasonable under the circumstances to maintain its secrecy.

16. Whether Accenture has shown by a preponderance of evidence that Guidewire (1) acquired a trade secret of Accenture knowing or having reason to know that it was acquired by improper means or (2) disclosed or used a trade secret of Accenture without express or implied consent of Accenture (a) having used improper means to acquire knowledge of the trade secret or (b) at the time of the disclosure or use, knowing or having reason to know that Guidewire's knowledge of the trade secret was (i) derived from or through a person who had used improper means to acquire it (ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use or (iii) derived from or through a person who owed a duty to Accenture to maintain its secrecy or limit its use or (c) before a material change in Guidewire's position knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

17. Whether Guidewire has shown by a preponderance of evidence that Accenture's trade-secret misappropriation claim is barred by the statute of limitations.

18. Whether Guidewire has shown by a preponderance of evidence that Accenture's trade-secret misappropriation claim is barred by the doctrine of laches.

19. Whether Guidewire has shown by a preponderance of evidence that Accenture's trade-secret misappropriation claim is barred by the doctrine of estoppel.

Tortious Interference with Prospective Contractual Relations

20. Whether Accenture has shown by a preponderance of evidence and in light of Guidewire's privilege to compete and to protect its business interests in a fair and lawful manner that: (1) Accenture had a reasonable probability of a business opportunity; (2) Guidewire intentionally interfered with that business opportunity other than through actions alleged to constitute a basis for Accenture's claims of trade-secret misappropriation; (3) Guidewire was a proximate cause of Accenture not

obtaining the reasonably probable business opportunity; and (4) Accenture was damaged as a result of Guidewire's intentional interference.

## GUIDEWIRE'S CLAIMS

Breach of Contract

21. Whether Guidewire has shown by a preponderance of evidence that Accenture used Guidewire confidential information received under a NDA for purposes other than those permitted under the NDA, by using such confidential information for purposes other than qualified teaming opportunities, and/or by failing to restrict access to Guidewire's confidential information to personnel engaging in permitted uses of such information, and/or by making unauthorized copies of that information, and/or by failing to return or destroy that information after the time called for under that NDA

Trade Secret Misappropriation by Accenture

22. Whether Guidewire has shown by a preponderance of evidence that the Asserted Guidewire Trade Secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use; and subject to efforts that are reasonable under the circumstances to maintain their secrecy.

23. Whether Guidewire has shown by a preponderance of evidence that Accenture acquired Guidewire's trade secret knowing or having reason to know that the trade secret was acquired by improper means.

24. Whether Guidewire has shown by a preponderance of evidence that Accenture (1) acquired a trade secret of Guidewire knowing or having reason to know that it was acquired by improper means or (2) disclosed or used a trade secret of Guidewire without express or implied consent of Guidewire (a) having used improper means to acquire knowledge of the trade secret or (b) at the time of the disclosure or use, knowing or having reason to know that Accenture's knowledge of the trade secret was

(i) derived from or through a person who had used improper means to acquire it (ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use or (iii) derived from or through a person who owed a duty to Guidewire to maintain its secrecy or limit its use or (c) before a material change in Accenture's position knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Unclean Hands

25. Whether Accenture has proven by clear and convincing evidence that Guidewire's breach of contract claim is barred by the doctrine of unclean hands.

26. Whether Accenture has proven by clear and convincing evidence that Guidewire's misappropriation of trade secrets claim is barred by the doctrine of unclean hands.

Estoppel

27. Whether Accenture has shown by a preponderance of evidence that Guidewire's breach of contract claim is barred by estoppel.

28. Whether Accenture has shown by a preponderance of evidence that Guidewire's misappropriation of trade secrets claim is barred by estoppel.

Waiver

29. Whether Accenture has proven by clear and convincing evidence that Guidewire's breach of contract claim is barred by waiver.

30. Whether Accenture has proven by clear and convincing evidence that Guidewire's misappropriation of trade secrets claim is barred by waiver.

**SCHEDULE C1**

**PLAINTIFF'S STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

Litigation is required to resolve the issues of law listed below. To the extent any issues of facts identified in either party's Statement of Issues of Facts that Remain to Be Litigated are later deemed issues of law, those issues are incorporated here by reference.

Direct Infringement

1. Whether Guidewire's ClaimCenter[1] literally infringes any of the asserted claims of the '284 Patent or the '111 Patent.

Citations:

*Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371 (Fed. Cir. 2009);

*Aero Prods. Int'l, Inc. v. Intex Recreation Corp.,* 466 F.3d 1000 (Fed. Cir. 2006);

*DowChem. Co. v. Sumitomo Chem. Co.*, 257 F.3d 1364 (Fed. Cir. 2001);

*Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572 (Fed. Cir. 1996);

*Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476 (Fed. Cir. 1984).

2. Whether Guidewire's ClaimCenter infringes under the Doctrine of Equivalents any of the asserted claims of the '284 Patent or '111 Patent.

Citations:

*Abraxis Bioscience, Inc. v. Mayne Pharma (USA), Inc.*, 467 F.3d 1370 (Fed. Cir. 2006);

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997);

*Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*, 114 F.3d 1161 (Fed. Cir. 1997);

*SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107 (Fed. Cir. 1985);

[1] "ClaimCenter" also includes references to any other Guidewire product that includes ClaimCenter, such as Guidewire's Insurance Suite.

*Insta-Foam Prods. Inc. v. Universal Foam Sys. Inc.*, 906 F.2d 698 (Fed. Cir. 1990);

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950).

Indirect Infringement

3. Whether Guidewire contributorily infringes any of the asserted claims of the '284 Patent or the '111 Patent.

Citations:

35 U.S.C § 271(c);

*Lummus Ind., Inc. v. D.N. & E. Corp.*, 862 F.2d 267 (Fed. Cir. 1988).

4. Whether Guidewire induces infringement of any of the asserted claims of the '284 Patent or the '111 Patent.

Citations:

35 U.S.C § 271(b);

*Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683 (Fed. Cir. 2008);

*Fuji Photo Film Co. v Jazz Photo Corp.*, 394 F.3d 1368 (Fed. Cir. 2005).

Exceptional Case

5. Whether this case is exceptional under 35 U.S.C. § 285, entitling Accenture to recover attorneys' fees, expenses, and costs.

Citations:

*Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008);

*Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547 (Fed. Cir. 1989);

*Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557 (Fed. Cir. 1988).

Validity: Although Accenture does not bear the burden to prove invalidity or unenforceability, Accenture understands the following legal issues remain to be litigated.

Accenture reserves its right to amend this list pending Guidewire's disclosure of any validity/unenforceability legal issues that remain to be tried, or any motions for summary judgment, motions to strike, or motions in limine to exclude particular arguments and evidence, even if such motions are not specifically referenced herein.

6. Whether Guidewire has proven by clear and convincing evidence that the asserted claims of the '284 Patent or '111 Patent are invalid as drawn to unpatentable subject matter under 35 U.S.C. § 101.

Citations:

*In re Bilski,* 545 F.3d 943 (Fed. Cir. 2008) (*en banc*), *cert. granted*, 129 S. Ct. 2735 (2009);

*In re Comiskey,* 554 F.3d 967 (Fed. Cir. 2009) (*en banc*);

*State St. Bank & Trust Co. v. Signature Fin. Group, Inc.,* 149 F.3d 1368 (Fed. Cir. 1998);

*In re Abele*, 684 F.2d 902 (CCPA 1982);

*In re Alappat*, 33 F.3d 1526 (Fed. Cir. 1994).

7. Whether Guidewire has proven by clear and convincing evidence that the asserted claims of the '284 Patent or the '111 Patent are invalid due to anticipation under 35 U.S.C. § 102(a).

Citations:

*Transclean Corp. v Bridgewood Servs., Inc.,* 290 F.3d 1364 (Fed. Cir. 2002);

*3M v Chemque, Inc.,* 303 F.3d 1294 (Fed. Cir. 2002);

*Structural Rubber Prods. Co. v. Park Rubber Co.*, 749 F.2d 707 (Fed. Cir. 1984).

8. Whether Guidewire has proven by clear and convincing evidence that the asserted claims of the '284 Patent are invalid due to on-sale bar under 35 U.S.C. § 102(b).

Citations:

*Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55 (1998);

*Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982 (Fed. Cir. 2007).

9. Whether Guidewire has proven by clear and convincing evidence that the asserted claims of the '284 Patent or the '111 Patent are invalid due to obviousness under 35 U.S.C. § 103.

Citations:

*Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009);

*Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371 (Fed. Cir. 2009);

*Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341 (Fed. Cir. 2008).

10. Whether Guidewire has proven by clear and convincing evidence that the asserted claims of the '284 Patent are invalid as indefinite under 35 U.S.C. §112(2).

Citations:

*Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613 (Fed. Cir. 1985).

11. To the extent Guidewire argues that any of the asserted claims of the '284 Patent or the '111 Patent is invalid as obvious under 35 U.S.C. § 103, whether Accenture has shown evidence of secondary considerations to show non-obviousness of that claim.

Citations:

*Knoll Pharm. Co. v. Teva Pharms. USA, Inc.*, 367 F.3d 1381 (Fed. Cir. 2004);

*WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339 (Fed. Cir. 1999);

*Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568 (Fed. Cir. 1996);

*Ashland Oil, Inc. v. Delta Resins & Refractories*, 776 F.2d 281 (Fed. Cir. 1985).

Inequitable Conduct

12. Whether Guidewire has proven by clear and convincing evidence that the '284 Patent is unenforceable due to inequitable conduct before the U.S. Patent and Trademark Office.

Citations:

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009);

*Purdue Pharma L.P. v. Endo Pharms., Inc.*, 438 F.3d 1123 (Fed. Cir. 2006);

*Allied Colloids, Inc. v. Am. Cyanamid Co.*, 64 F.3d 1570 (Fed. Cir. 1995);

*Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544 (Fed. Cir. 1990);

*Kingsdown Med. Consultants v. Hollister, Inc.*, 863 F.2d 867 (Fed. Cir. 1988).

Incorrect Inventorship

13. Whether Guidewire has proven by clear and convincing evidence that the '284 Patent is invalid and unenforceable for deceptive failure to list the correct inventors.

Citations:

*Viskase Corp. v. American Nat'l Can Co.,* 261 F.3d 1316 (Fed. Cir. 2001);

*C.R. Bard v. M3 Sys.,* 157 F.3d 1340 (Fed. Cir. 1998).

Guidewire's Trade Secret Misappropriation

14. Whether Accenture has shown by a preponderance of evidence that the Asserted Accenture Trade Secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and subject to efforts that are reasonable under the circumstances to maintain its secrecy.

15. Whether Accenture has shown by a preponderance of evidence that Guidewire acquired Accenture's trade secret knowing or having reason to know that the trade secret was acquired by improper means.

16. Whether Accenture has shown by a preponderance of evidence that Guidewire, using improper means to acquire knowledge of Accenture's trade secret, disclosed or used Accenture's trade secret without Accenture's express or implied consent.

17. Whether Accenture has shown by a preponderance of evidence that Guidewire, knowing or having reason to know that its knowledge of Accenture's trade secret was derived from or through a person who had utilized improper means to acquire it, disclosed or used Accenture's trade secret without Accenture's express or implied consent.

18. Whether Accenture has shown by a preponderance of evidence that Guidewire, knowing or having reason to know that its knowledge of Accenture's trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, disclosed or used Accenture's trade secret without Accenture's express or implied consent.

19. Whether Accenture has shown by a preponderance of evidence that Guidewire, knowing or having reason to know that its knowledge of Accenture's trade secret was derived from or through a person who owed a duty to Accenture to maintain its secrecy or limit its use, disclosed or used Accenture's trade secret without Accenture's express or implied consent.

20. Whether Accenture has shown by a preponderance of evidence that Guidewire disclosed or used Accenture's trade secret without Accenture's express or implied consent knowing or having reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake before a material change of Guidewire's position.

21. Whether Guidewire has shown by a preponderance of evidence that by August 2004 Accenture was aware, or should have been aware, of the facts alleged in support of Accenture's trade secret misappropriation claim.

22. Whether Guidewire has shown by a preponderance of evidence that Accenture's trade secret misappropriation claim is barred by the doctrine of laches.

23. Whether Guidewire has shown by a preponderance of evidence that Accenture's trade secret misappropriation claim is barred by the doctrine of estoppel.

Citations:

Delaware Uniform Trade Secrets Act (DUTSA), Del. Code Ann. tit. 6, § 2001 et seq. (2009);

Delaware Uniform Trade Secrets Act (DUTSA), Del. Code Ann. tit. 6, § 2006 et seq. (2009);

*Accenture Global Servs. GMBH v. Guidewire Software, Inc.*, 581 F. Supp. 2d 654 (D. Del. 2008);

*Savor, Inc. v. FMR Corp.*, No. Civ. A. 10-249, 2004 Del. Super. LEXIS 276, 2004 WL 1965869, at *5 (Del. Super. July 15, 2004);

*McKesson Info. Solutions LLC v. TriZetto Group, Inc.*, 426 F. Supp. 2d 203 (D. Del. 2006).

Tortious Interference with Business Relations

24. Whether Accenture has shown by a preponderance of evidence that Guidewire intentionally interfered with a reasonable probability of a business opportunity for Accenture.

25. Whether Guidewire's intentional interference proximately caused damage to Accenture.

Citations:

*Accenture Global Servs. GMBH v. Guidewire Software, Inc.*, 581 F. Supp. 2d 654 (D. Del. 2008);

*Lipson v. Anesthesia Services, P.A.*, 790 A.2d 1261 (Del. Super. 2001).

Trade Secret Misappropriation by Accenture

26. Whether Guidewire has shown by a preponderance of evidence that the Asserted Guidewire Trade Secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and subject to efforts that are reasonable under the circumstances to maintain its secrecy.

27. Whether Guidewire has shown by a preponderance of evidence that Accenture acquired Guidewire's trade secret knowing or having reason to know that the trade secret was acquired by improper means.

28. Whether Guidewire has shown by a preponderance of evidence that Accenture, using improper means to acquire knowledge of Guidewire's trade secret, disclosed or used Guidewire's trade secret without Guidewire's express or implied consent.

29. Whether Guidewire has shown by a preponderance of evidence that Accenture, knowing or having reason to know that its knowledge of Guidewire's trade secret was derived from or through a person who had utilized improper means to acquire it, disclosed or used Guidewire trade secret without Guidewire's express or implied consent.

30. Whether Guidewire has shown by a preponderance of evidence that Accenture, knowing or having reason to know that its knowledge of Guidewire's trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, disclosed or used Guidewire's trade secret without Guidewire's express or implied consent.

31. Whether Guidewire has shown by a preponderance of evidence that Accenture, knowing or having reason to know that its knowledge of Guidewire's trade secret was derived from or through a person who owed a duty to Guidewire to maintain its secrecy or limit its use, disclosed or used Guidewire's trade secret without Guidewire's express or implied consent.

32. Whether Guidewire has shown by a preponderance of evidence that Accenture disclosed or used Guidewire's trade secret without Guidewire's express or implied consent knowing or having reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake before a material change of Accenture's position.

Citations:

Delaware Uniform Trade Secrets Act (DUTSA), Del. Code Ann. tit. 6, § 2001 et seq. (2009);

Delaware Uniform Trade Secrets Act (DUTSA), Del. Code Ann. tit. 6, § 2006 et seq. (2009);

*Accenture Global Servs. GMBH v. Guidewire Software, Inc.*, 581 F. Supp. 2d 654 (D. Del. 2008);

*Savor, Inc. v. FMR Corp.*, No. Civ. A. 10-249, 2004 Del. Super. LEXIS 276, 2004 WL 1965869, at *5 (Del. Super. July 15, 2004).

Breach of Contract

33. Whether Guidewire has shown by a preponderance of evidence that a contract existed between Accenture and Guidewire.

34. Whether Guidewire has shown by a preponderance of evidence that Accenture did not perform one or more terms of the contract.

35. Whether Guidewire has shown by a preponderance of evidence that it suffered damages as a result of Accenture's failure to perform.

36. Whether Guidewire has shown by a preponderance evidence that the contract is supported by valuable consideration.

Citations:

*Emmett S. Hickman Co. v. Emelio Capaldi Developer, Inc.*, 251 A.2d 571 (Del. 1969);

*Hudson v. D&V Mason Contractors, Inc.*, 252 A.2d 166 (Del. 1969);

*Ridley Inv. Co. v. Croll*, 192 A.2d 925 (Del. 1963);

*Terry v. Parsons*, 102 A. 985 (Del. 1918).

<u>Unclean Hands</u>

37. Whether Guidewire has proven by a preponderance of the evidence that Accenture's claims are barred by the doctrine of unclean hands.

38. Whether Accenture has proven by a preponderance of the evidence that Guidewire's claims are barred by the doctrine of unclean hands.

Citations:

*Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008).

<u>Estoppel</u>

39. Whether Accenture has shown by a preponderance of evidence that Guidewire's trade secret misappropriation claim is barred by estoppel.

40. Whether Accenture has shown by a preponderance of evidence that Guidewire's breach of contract claim is barred by estoppel.

Citations:

*McKesson Info. Solutions LLC v. TriZetto Group, Inc.*, 426 F. Supp. 2d 203 (D. Del. 2006).

<u>Waiver</u>

41. Whether Accenture has proven by a preponderance of the evidence that Guidewire's trade secret misappropriation claim is barred by waiver.

42. Whether Accenture has proven by a preponderance of the evidence that Guidewire's breach of contract claim is barred by waiver.

Citations:

*Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008).

# SCHEDULE C2

**GUIDEWIRE'S STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

Each of the issues of law listed below is in dispute in this litigation. To the extent any issue of fact listed in Guidewire's statement of issues of fact is determined to be an issue of law, such an issue of law is incorporated herein by reference. The legal citations included below are exemplary only and are not intended as exhaustive citations on the corresponding legal issues. Guidewire may cite any legal authority relied upon by Accenture or listed in Accenture's statement of disputed issues of law. Guidewire may rely on any authority cited in the summary judgment briefs currently under submission to the Court, as well as in any other briefs filed with the Court during this litigation. Guidewire may cite additional authorities as appropriate during the course of trial, and this list is not meant as an exhaustive list of authorities in support of any post-trial motions Guidewire may bring. Guidewire further notes that additional legal disputes between the parties may mature or become apparent between the parties during the course of the trial and pretrial proceedings.

1. Whether Accenture can base its claim for direct infringement of the '111 patent on an unidentified customer's hypothetical post-sale modifications to Guidewire's accused product.
   - 35 U.S.C. § 271.
   - *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316 (Fed. Cir. 2001).
2. Whether Accenture has produced evidence sufficient to support a theory of indirect infringement by Guidewire of any asserted claim of the '284 and '111 patents.
   - 35 U.S.C. § 271.
   - *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F. 3d 1293 (Fed. Cir. 2006).
   - *Water Techs. Corp. v. Calco, Ltd.*, 850 F. 2d 660 (Fed. Cir. 1988).

- *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F. 3d 1263 (Fed. Cir. 2004).
- *NTP, Inc. v. Research In Motion, Ltd.*, 418 F. 3d 1282 (Fed. Cir. 2005).

3. Whether Accenture has articulated a legally permissible theory of infringement for the '111 patent under the doctrine of equivalents due to the doctrine of claim vitiation or by failing to satisfy the all-elements rule.
   - *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997).
   - *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005 (Fed. Cir. 2006).
   - *Nystrom v. Trex Co., Inc.*, 580 F. 3d 1281 (Fed. Cir. 2009).
   - *Panduit Corp v. HellermannTyton Corp.*, 451 F. 3d 819 (Fed. Cir. 2006).
4. Whether Accenture's theory of infringement by equivalents for the '284 and '111 patents is barred by the doctrine of prosecution history estoppel.
   - *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722 (2002).
   - *Nystrom v. Trex Co., Inc.*, 580 F. 3d 1281 (Fed. Cir. 2009).
   - *Panduit Corp v. HellermannTyton Corp.*, 451 F. 3d 819 (Fed. Cir. 2006).
5. Whether Accenture's theory of infringement by equivalents is legally impermissible because the asserted scope of equivalents would ensnare the prior art.
   - *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F. 3d 1314 (Fed. Cir. 2009).
   - *Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904 F. 2d 677 (Fed. Cir. 1990), overruled in part on other grounds.
6. Whether the asserted claims of the '111 and '284 patents are invalid as drawn to unpatentable subject matter under 35 U.S.C. §101.

- *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801 (Fed. Cir. 2002).
- *Corning v. Burden,* 56 U.S. 252 (1853).
- *Cybersource Corp. v. Retail Decisions Inc.*, 620 F.Supp. 2d 1068 (N.D. Cal. 2009).
- *Dealertrack, Inc. v. Huber,* No. CV 06-2335, 2009 WL 2020761 (C.D. Cal. July 7, 2009).
- *Diamond v. Chakrabarty*, 447 U.S. 303 (1980).
- *Every Penny Counts, Inc. v. Bank of America Corp.,*No. 2:07-cv-042 (M.D. Fla. May 27, 2009).
- *Ex parte Cornea-Hasegan,*89 U.S.P.Q.2d 1557 (B.P.A.I. 2009).
- *Ex parte Gutta,*No. 2008-3000, 2009 WL 112393 (B.P.A.I. Jan. 15, 2009).
- *Ex Parte Nawathe,*No. 2007-3360, 2009 WL 327520 (B.P.A.I. Feb. 9, 2009).
- *Fuzzysharp Techs., Inc. v. 3D Labs Inc., Ltd.,* No. 07-5948 SBA.
- *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008).
- *In re Comiskey*, 499 F.3d 1365 (Fed. Cir. 2007).
- *In re Nuijten,*500 F.3d 1346 (Fed. Cir. 2007).
- *O'Reilly v. Morse*, 56 U.S. 62 (1854).
- *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298 (Fed. Cir. 1999).
- *Rowe v. Dror*, 112 F.3d 473 (Fed. Cir. 1997).
- *State Street Bank & Trust Co. v. Signature Fin. Group Inc.*, 149 F.3d 1368 (Fed. Cir. 1998).

7. Whether Accenture actions prior to May 4, 1998 constitute a sale or offer for sale of the claimed invention. [mixed issue of law and fact]

    - 35 U.S.C. § 102.
    - *Pfaff v. Wells Elec., Inc.*, 525 U.S. 55 (1998).

- *STX, LLC v. Brine, Inc.*, 211 F.3d 588 (Fed. Cir. 2000).
- *Tec Air, Inc. v. Denso Mfg. Mich., Inc.*, 192 F.3d 1353 (Fed. Cir. 1999).
- *Robotic Vision Sys., Inc. v. View Eng'g, Inc.*, 249 F.3d 1307 (Fed. Cir. 2001).
- *Weatherchem Corp. v. J.L. Clark, Inc.*, 163 F.3d 1326 (Fed. Cir. 1998).
- *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821 (Fed. Cir. 1991).
- *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444 (Fed. Cir. 1993).
- *Continental Plastic Containers v. Owens Brockway Plastic Prod., Inc.*, 141 F.3d 1073 (Fed. Cir. 1998).
- *Brasseler U.S.A. I, L.P. v. Stryker Sales Corp.*, 182 F.3d 888 (Fed. Cir. 1999).
- *Buildex Inc.v. Kason Indus., Inc.*, 849 F.2d 1461 (Fed. Cir. 1988).
- *Zacharin v. United States*, 213 F.3d 1366 (Fed. Cir. 2000).
- *RCA Corp. v. Data Gen. Corp.*, 887 F.2d 1056 (Fed. Cir. 1989).

8. Whether the claimed inventions of the '284 patent were ready for patenting prior to May 4, 1998. [mixed issue of law and fact]
    - 35 U.S.C. § 102.
    - *Pfaff v. Wells Elec., Inc.*, 525 U.S. 55 (1998).
9. Whether a contract for services can satisfy the sale or offer prong of the test for on-sale bar.
    - 35 U.S.C. § 102(b).
    - *In re Kollar*, 286 F.3d 1326 (Fed. Cir. 2002).
    - *Minton v. National Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373 (Fed. Cir. 2003).
10. Whether there is a joint development exception to the on-sale bar defense.
    - *Brasseler U.S.A. I, L.P. v. Stryker Sales Corp.*, 182 F.3d 888 (Fed. Cir. 1999)
    - *Buildex Inc.v. Kason Indus., Inc.*, 849 F.2d 1461, (Fed. Cir. 1988).
    - *Zacharin v. United States*, 213 F.3d 1366, (Fed. Cir. 2000).

- *RCA Corp. v. Data Gen. Corp.*, 887 F.2d 1056, (Fed. Cir. 1989).

11. Whether the asserted claims of the '284 patent the '111 patent are invalid as obvious under 35 U.S.C. §103.

- *KSR Int'l Co v. Teleflex, Inc.*, 550 U.S. 398, 418-419 (2007).
- *Vutek, Inc. v. Leggett & Platt, Inc.*, No. 4:07-cv-01886-CDP, 2009 WL 2143759 (E.D. Mo. July 14, 2009).
- *Rothman v. Target Corp.*, 556 F.3d 1310 (Fed. Cir. 2009).
- *Leapfrog Enterprises, Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157 (Fed Cir. 2007).

12. Whether the asserted claims of the '284 and '111 patents are invalid as not enabled under 35 U.S.C. §112(1).

- *In re '318 Patent Infringement Litigation*, 583 F. 3d 1317.

13. Whether the asserted claims of the '284 and '111 patents are invalid as indefinite under 35 U.S.C. §112(2).

- *Abbott Labs. v. Baxter Pharm. Products, Inc.*, 334 F.3d 1274 (Fed. Cir. 2003).
- *CIAS, Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356 (Fed. Cir. 2007).
- *Ex Parte Karl Kocivar*, No. 1999-2365, 1999 WL 33261635 (B.P.A.I. 1999).
- *Bowers v.* Baystate *Techs, Inc.* 320 F.3d 1317 (Fed. Cir. 2003).
- *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009).
- *In re Harnisch*, 631 F.2d 716 (C.C.P.A. 1980).
- *Ex Parte Morrell*, 100 U.S.P.Q. 317 (B.P.A.I. 1953).
- *Ex Parte Karl Kocivar*, No. 1999-2365, 1999 WL 33261635 (B.P.A.I. 1999).
- *Ex Parte Stella Lorens*, No. 97-4151, 1998 WL 35154058 (B.P.A.I. 1998).
- *Ex Parte Martin Fink*, No. 1999-2832, 1999 WL 33244586 (B.P.A.I. 1999).
- *Ex Parte Lev Pribytkov*, No. 2009-2013, 2009 WL 803102 (B.P.A.I. 2009).
- *Ex Parte Dotter*, 12 U.S.P.Q. 382 (B.P.A.I. 1931).

- *Ex Parte Young H. Kim*, No. 2008-4984, 2009 WL 1043719 (B.P.A.I. April 17, 2009).
- *Halliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244 (Fed. Cir. 2008).
- *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317 (Fed. Cir. 2009).
- *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002).
- *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348 (Fed. Cir. 2003).

14. Whether claims 13-18 of the '111 patent are invalid for failure to disclose adequate corresponding structure under 35 U.S.C. §112(6) and whether Accenture should be precluded from asserting them as a result of its failure to identify any adequate corresponding structure.

- *Aristocrat Technologies Austria Pty Ltd. v. International Game Technology*, 521 F. 3d 1328 (Fed. Cir. 2008).
- *In re Donaldson*, 16 F. 3d 1189 (Fed. Cir. 1994).
- *Medical Instrumentation & Diagnostics Corp. v. Elekta AB*, 244 F. 3d 1205 (Fed. Cir. 2003).
- *Biomedino, LLC v. Waters Techs. Corp.*, 490 F. 3d 946 (Fed. Cir. 2007).
- *WMS Gaming, Inc. v. International Game Technology*, 184 F. 3d 1339 (Fed. Cir. 1999).

15. Whether Accenture's '284 patent is unenforceable due to inequitable conduct.

- *Therasense, Inc. v. Becton, Dickinson and Co.*, --- F. 3d --- (Fed. Cir. 2010).
- *Innogenetics, N.V. v. Abbott Labs.*, 512 F. 3d 1363 (Fed. Cir. 2008).
- *Digital Control, Inc. v. Charles Mach. Works*, 437 F. 3d 1309 (Fed. Cir. 2006).

16. Whether Accenture's '284 patent is invalid and unenforceable due to incorrect inventorship.

- 35 U.S.C. § 256.

- *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F. 3d. 1315 (Fed. Cir. 2000).
- *University of Colorado Foundation, Inc. v. American Cyanamid Co.*, 342 F. 3d 1298 (Fed. Cir. 2003).

17. Whether Accenture can assert a claim for tortious interference with contract in light of the Court's ruling on Guidewire's motion to dismiss and Accenture's failure to identify any contract with which Guidewire is alleged to have knowingly interfered.
    - *Ethypharm S.A. France v. Benrley Pharmaceuticals, Inc*, 338 F.Supp 2d 426, (D.Del. 2005).
    - *Lipson v. Anesthesia Servs., P.A.*, 790 A.2d 1261(Del. Super. 2001)

18. Whether Accenture's claim for tortious interference is barred by its claim for trade secret misappropriation.
    - *6 Del. C. §2001-2009.*
    - *Ethypharm S.A. France v. Bentley Phrams., Inc.*, 388 F. Supp. 2d 426, 433 (D. Del. 2005).
    - *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 755 F. Supp. 635 (D. Del. 1991).
    - *Savor, Inc. v. FMR Corp.*, C.A. No. 00C-10-249-JRS, 2004 Del. Super. LEXIS 276 (Del. Super. Ct. July 15, 2004).
    - *UD Tech. Corp. v. Phenomenex, Inc.*, C.A. No. 05-842-GMS, 2007 U.S. Dist. LEXIS 642 (D. Del. Jan. 4, 2007).
    - *On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH*, 386 F. 3d 1133 (Fed. Cir. 2004).