IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACCENTURE GLOBAL SERVICES GmbH, and ACCENTURE LLP, | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 07-826-SLR |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GUIDEWIRE SOFTWARE, INC., | ) ) ) | |
| Defendant. | ) | |

## MOTION TO STRIKE

Plaintiff Accenture respectfully moves the Court for an Order striking pages 1-4 of Guidewire's reply directed to its motion for reconsideration.

**I.   INTRODUCTION**

Guidewire's reply brief on its motion for reconsideration (D.I. 489) is expressly forbidden under Local Rule 7.1.5, and it should be stricken.

Guidewire's "reply" is nothing more than a fifth bite at the apple, with the same arguments it has repeated time and again. Oddly, it still makes no mention whatsoever of the legal burden it would need to carry on its motion for reconsideration, blithely re-hashing its previous claim construction arguments. Once again, it argues that the Court should change its construction of the claim language; once more, it advocates a claim construction not supported by the claims, the specification, or prosecution history; and tellingly, it ducks Accenture's observation that it was the precise language at issue that persuaded the Examiner to issue the patent. There is nothing inconsistent in the claim language because there is no Markush claim here.

Authority from this District and this Court is clear that no reply may be filed on Guidewire's motion for reconsideration. Accenture's counsel asked Guidewire's to withdraw the improper reply on April 13, 2009, citing Local Rule 7.1.5. Guidewire's counsel responded that:

> "[T]he rules permitted us to file a reply brief on our motions for clarification and certification in response to Accenture's 20-page opposition (hardly the "brief answer" provided by the rule you cite). We will not withdraw the brief and see no basis for a motion to strike." (*See* Exhibit 1.)

Guidewire is wrong.

## II. GUIDEWIRE'S IMPROPER REPLY BRIEF SHOULD BE STRICKEN

The District of Delaware Local Rules *specifically prohibit* reply briefs in connection with motions for reconsideration or reargument:

> Motions for reargument shall be sparingly granted. If a party chooses to file a motion for reargument, said motion shall be filed within 10 days after the Court issues its opinion or decision. The motion shall briefly and distinctly state the grounds therefore. Within 10 days after filing of such motion, the opposing party may file a brief answer to each ground asserted in the motion. ***The Court will determine from the motion and answer whether reargument will be granted***. D. Del. R. 7.1.5 (emphasis added).

Local Rule 7.1.5 is strictly enforced. In *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, for example, the Court struck a reply brief in support of a motion for reconsideration, noting that motions for reconsideration "may not be used to allow a 'never-ending polemic between litigants and the Court,'" and that filing a reply on such a motion merely prolongs that cycle on an issue already decided by the Court. C.A. No. 04-1371-JJF, 2006 WL 2435084, at *2 (D. Del. Aug. 22, 2006) (quoting *Oglesby v. Penn Mut. Life Ins. Co.*, 877 F. Supp. 872, 892 (D. Del. 1995)). The Court in *Power Integrations* also rejected the reply as a means of "re-focus[ing] the Court" on the arguments advanced. As the Court held, "[s]uch re-focusing is not needed in the context of a motion for reconsideration, as [a party's] opening brief should be sufficient to frame the issues it wishes to present." *Id.*; *see also Eames v. Nationwide*

*Mut. Ins. Co.*, C.A. No. 04-1324-JJF-LPS, 2008 WL 4455743, at *7 (D. Del. Sept. 30, 2008) (reasoning that reply briefs "only exacerbate the deviation from the general norm of finality that such motions already constitute") (citing *Power Integrations*, 2006 WL 2435084, at *2).

Guidewire didn't even bother asking the Court for leave to file its reply brief. *See McKesson Automation, Inc. v. Swisslog Holding AG*, C.A. No. 06-28-SLR-LPS, 2008 WL 4057306, at *4 (D. Del. Aug. 29, 2008) ("The District of Delaware Local Rules require leave of the Court before a reply brief may be filed in connection with a motion for reconsideration or reargument.") (citing D. Del. R. 7.1.5)[1]; *Eames*, 2008 WL 4455743, at *5 ("The District of Delaware Local Rules, which govern civil proceedings in this District, do not permit reply briefs to be filed in connection with motions for reconsideration or reargument without leave of the Court."). And when—as here—a party fails to first be granted leave, the reply is routinely stricken. *See Mease v. Wilmington Trust Co.*, C.A. No. 06-271-SLR, 2008 WL 111310, at *1 n.2 (D. Del. Jan. 8, 2008) (granting motion to strike reply brief after noting that "D. Del. LR 7.1.5 does not contemplate the filing of reply briefs in support for a motion for reconsideration"); *Power Integrations*, 2006 WL 2435084, at *2 (granting motion to strike reply brief where leave to file not sought prior to filing).[2]

After first ignoring the Local Rules, Guidewire next argued that it was exempt from them. Styling its reply as directed to the "clarification" issue, Guidewire claims it didn't need permission to file. Guidewire is incorrect. No matter what Guidewire chooses to call it, four of

---

[1] Although a reply brief in *McKesson* was ultimately filed, the case is distinguishable because—unlike here—the filing party first sought and was granted leave to file a reply.

[2] For obvious reasons, when leave to file a reply *is* sought, that request will be viewed skeptically. *See Cordance Corp. v. Amazon.com, Inc.*, C.A. No. 06-491-MPT, 2008 WL 185531, at *3 (D. Del. Jan. 22, 2008) (denying motion to file reply memorandum as the brief "offers no new or additional support").

the five pages of its reply—and every one of the cases it cites—simply re-hash the arguments Guidewire has made many times before (in its opening summary judgment motion, in its summary judgment reply, at oral argument, in its unauthorized letter brief and then again in its motion for reargument). This is precisely the "never-ending polemic" that the Local Rules aim to prevent.[3] Guidewire made its motion; Accenture opposed it. This is all the Local Rules allow.

## III. CONCLUSION

"Local court rules play a significant role in the district courts' efforts to manage themselves and their dockets." *United States v. Eleven Vehicles*, 200 F.3d 203, 214 (3d Cir. 2000). Guidewire's motion for reconsideration lacked any merit, and its attempt to improperly file a reply brief underscores this. The reply should be stricken and its motion for reconsideration denied.

Respectfully,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James P. Bennett
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7169

L. Scott Oliver
Diana Luo
Ruchika Agrawal
Matthew Chen
Douglas Chartier
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5700
Dated: April 13, 2010
961803/ 32523

By: /s/ David E. Moroe
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiffs*
*Accenture Global Services GmbH*
*and Accenture LLP*

---

[3] Accenture does not object to page 5 of Guidewire's reply, which goes solely to Guidewire's request for certification for interlocutory appeal.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 13, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 13, 2010, the attached document was served via Electronic Mail and First Class Mail to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT &
   TUNNELL
1201 North Market Street
Wilmington, DE 19899-1347
JBlumenfeld@MNAT.com
jheaney@mnat.com

Daralyn J. Durie
Ragesh Tangri
Clement S. Roberts
Joseph C. Gratz
Sonali Maitra
Aaron Nathan
DURIE TANGRI LEMLEY ROBERTS
   & KENT LLP
217 Leidesedorff Street
San Francisco, CA 94111
ddurie@durietangri.com
rtangri@durietangri.com
croberts@durietangri.com
jgratz@durietangri.com
smaitra@durietangri.com
anathan@durietangri.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

848351 / 32523