

Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

August 10, 2010

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:   *Accenture Global Services GmbH, et al. v. Guidewire Software Inc.*
           *C.A. No. 07-826-SLR*

Dear Judge Robinson:

    We write in response to Guidewire's letter to the Court of August 9, 2010.

    First, Guidewire mischaracterizes the parties' agreement to dismiss the '111 patent from the case. Accenture has never stated or suggested that it intends to appeal the Court's claim construction. Whether to do so is a decision it will make only after the entry of final judgment. But for purposes of this case, Accenture has repeatedly told Guidewire that Accenture will stipulate to the entry of a judgment of non-infringement for the '111 patent.

    Second, Guidewire argues that absent a covenant not to sue, the Court must rule on Guidewire's motion for summary judgment on the validity of the '111 patent. That is incorrect. It is well-settled that the "Declaratory Judgment Act affords the district court some *discretion in determining whether or not to exercise that jurisdiction*, even when it has been established." *Cardinal Chemical v. Morton Intern, Inc.*, 508, U.S. 83, 97, n.17 (1993) (emphasis added).

    Indeed, both this District and the Federal Circuit have recognized and routinely exercised such discretion. *See, e.g., Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 444, 447, n.4 (D. Del. 2004) (dismissing declaratory judgment of invalidity in light of stipulation of noninfringement); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004) ("A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed *may either hear the claim or dismiss it without prejudice...*") (emphasis added); *Nystrom v. Trex Co.*, 339 F. 3d 1347, 1351 (Fed. Cir. 2003) ("*Cardinal Chemical*...does not preclude the *discretionary action of a district court ... in dismissing an*

The Honorable Sue L. Robinson
August 10, 2010
Page 2

*invalidity counterclaim* without prejudice when it concludes a patent is not infringed") (emphasis added).[1]

It does not promote judicial efficiency to insist that the Court must rule on the validity of a patent that is no longer in the case. We respectfully request the Court to exercise its discretion by dismissing as moot Guidewire's invalidity counterclaim with respect to the '111 patent.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

977832 / 32523

cc: Clerk of the Court (via hand delivery)
Counsel of Record (via electronic mail)

---

[1] Even if Accenture were to appeal the Court's *Markman* ruling after final judgment, a dismissal without prejudice of Guidewire's declaratory judgment claim preserves Guidewire's rights following any remand. *Liquid Dynamics*, 355 F.3d at 1371.