

Potter
Anderson
&Corroon LLP

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

December 9, 2010

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE  19801

> Re:   *Accenture Global Services GmbH, et al. v. Guidewire Software Inc.*
>       C.A. No. 07-826-SLR

Dear Judge Robinson:

On December 8, 2010, the United States Court of Appeals for the Federal Circuit ruled in *Research Corporation Technologies, Inc. ("RCT") v. Microsoft Corp.*, 2010-1037 (Fed. Cir. Dec. 8, 2010) (slip opinion) (attached hereto as Exhibit A).  This is the Federal Circuit's first post-*Bilski* opinion defining how patents claiming computer software—like Accenture's—should be handled under the *Bilski* framework.

In *RCT*, Federal Circuit reversed the district court's order granting summary judgment of invalidity under § 101.  Because Guidewire's motion for summary judgment on invalidity of Accenture's patents under § 101 is still pending, the *RCT* opinion is highly relevant.

The *RCT* patents related to digital image halftoning—computer software that allows computers to present many shades and color tones while using only a limited number of pixel colors.  On summary judgment, the District of Arizona held that certain claims in U.S. Patent Nos. 5, 111,310 ('310 patent) and 5,341,228 ('228 patent) were invalid under § 101.  Claim 1 of the '310 patent is representative:

> A method for the halftoning of gray scale images by utilizing a pixel-by-pixel comparison of the image against a blue noise mask in which the blue noise mask is comprised of a random non-deterministic, non-white noise single valued function which is designed to produce visually pleasing dot profiles when thresholded at any level of said gray scale images.

Page 2
The Honorable Sue L. Robinson
December 9, 2010

In reversing the lower court, Chief Judge Rader recognized that the "Supreme Court recently... faulted this court's 'machine or transformation' test for eligibility." Accordingly, the Federal Circuit did not use the MOT test to analyze the *RCT* patents. Slip Op. at 13.

Instead, it noted the statutory language of § 101, and acknowledged that of the three canonical exclusions under § 101, only "abstract ideas" were relevant. (None of the patents in *RCT* claimed an apparatus, and nothing in the Federal Circuit's *Bilski or RCT* opinions suggests that apparatus claims are subject to this § 101 analysis). *Id.* at 14.

The Federal Circuit held that the patents were valid because there is "nothing abstract" in their subject matter. *Id.* at 15. The court reasoned that '[t]he invention presents *functional and palpable applications in the field of computer technology*[,]" and in particular, "some claims [] require a *'high contrast film,' 'a film printer,' 'a memory,' and "printer and display devices,"* which *"also confirm this court's holding that the invention is not abstract."* *Id.* (emphasis added). Accenture made nearly identical arguments about the '284 patent. *See, e.g.,* Accenture's Opposition to Guidewire's Supplemental Brief in Support of Motion for Summary Judgment for Lack of Patentable Subject Matter ("Accenture's Opp. to Guidewire's Supp. Br."), at 3-5, 8.

Moreover, while in *RCT* "the claimed methods incorporate algorithms and formulas that control the masks and halftoning[,]" the court held that the use of algorithms did not render the claims abstract, because the patentee—like Accenture—only sought "'patent protection for a process of' halftoning in computer applications." Slip Op. at 15-16. And as Accenture noted in its briefing, Guidewire's focus on claim terms in isolation is improper—the patent's claims must be considered as a whole. The Federal Circuit agreed, reaffirming that holding from *Diamond v. Diehr. Id.*

Finally, the Federal Circuit stated that "inventions with *specific applications or improvements to technologies in the marketplace are not likely to be so abstract that they override the statutory language and framework of the Patent Act.*" *Id.* at 15 (emphasis added). The '284 patent has a very specific application (dynamically generating tasks for handling insurance claims), and as the hundreds of millions of dollars spent by clients on Accenture's software show, it was a major technological improvement.

The Court previously set this case for trial in March of 2010, but vacated the trial date pending the Supreme Court's *Bilski* decision. In light of *Bilski* and *RCT*, Accenture respectfully requests that the case be re-set for trial. To the extent that Guidewire argues it should be allowed to file further motions for summary judgment—atop the *9,000 pages*

Page 3
The Honorable Sue L. Robinson
December 9, 2010

it has already filed—Accenture suggests that any such briefing, if permitted, could be
filed concurrently with pretrial proceedings.[1]

Accenture does not believe that any oral argument on the pending § 101 motion is
needed, but of course if the Court requests, Accenture would be happy to present oral
argument or to submit further briefing in light of the Federal Circuit's *RCT* analysis.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH/cet
92615 / 32523

cc:     Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)

---

[1] The second lawsuit between the same parties, C.A. No. 09-848 (SLR), is presently set
for trial in October of 2011.  In Accenture's view, that second case will likely be resolved
and a trial will be unnecessary following the trial in this action.