# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

March 23, 2011

The Honorable Sue L. Robinson  *VIA ELECTRONIC FILING*
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE  19801

    Re:   *Accenture Global Services GmbH, et al. v. Guidewire Software Inc.*
           C.A. No. 07-826 (SLR)

Dear Judge Robinson:

      Guidewire writes to bring to Your Honor's attention the recent decision in *CLS Bank International v. Alice Corporation PTY, LTD,* No 07-974 (RMC) (D.D.C. March 9, 2011) (Exhibit A), in which Judge Collyer of the District of Columbia invalidated four patents for lack of patent-eligible subject matter in light of the Supreme Court's holding in *Bilski v. Kappos* and related decisions. The opinion is relevant to Guidewire's pending summary judgment motion for invalidity of the '284 and '111 patents for lack of patent-eligible subject matter.

      The invention at issue in *CLS*, as here, was directed to a computerized system and method for automating financial transactions by creating specified data records, and then manipulating those records in particular ways, in response to specified events and by means of the transmission of specified instructions. *See, e.g. CLS v. Alice* at *5-10. The *CLS* court began its analysis where the Supreme Court suggested it should – by using the machine or transformation test as an investigative tool to determine whether the asserted claims were impermissibly abstract. *Id.* at 19-20.

      First, the court found that the relevant claims did not involve a transformation, notwithstanding the fact that they called for the manipulation of electronic data. To support this conclusion the court cited the Federal Circuit's holding that transformations of "legal obligations or relationships, business risks, or other such abstractions cannot meet the test because they are not physical objects or substances and they are not representative of physical objects or substances." *Id.* at *22 (internal citations omitted). The same is true of the insurance claims at issue in the '284 and '111 patents before this Court.

      Second, the *CLS* court found that the claims did not meet the "machine" requirement – notwithstanding the fact that they either implicitly or explicitly called for the use

of various computer equipment. *Id.* at \*23. In performing this analysis, the court recognized (following *State Street*) that "[w]hether a claim is valid under 101 is a matter of claim construction." *Id.* at 24. Although acknowledging that, under the relevant constructions, the claims required computers and various associated devices, the court found that "[w]ith evolving guidance on this issue, district courts have determined that a method claim that is directed to a general purpose computer is not tied to a particular machine under the MOT test." *Id.* at 25-26. Instead, in order to satisfy the MOT test, a claim must state how the computer was "specifically programmed" to implement the claimed method. *Id.* In reaching this conclusion, the *CLS* court cited with approval *this Court's* decision suggesting that Accenture's '284 patent failed the machine or transformation test because it failed to "imply a specific computer having any particular programming." *Id.* at \*26 and \*30.

The *CLS* court's conclusion that the claims were invalid was further supported by its finding that the use of a computer failed to impose meaningful limits on the claims because the method they described could be performed in a non-electronic format. *Id.* at \*27-28 and 33-34. Under the Court's claim constructions, the same thing is true of both the '284 and '111 patents – both of which are directed to using computers to expedite processes (such as the creation of appropriate tasks for claims handlers based on new information about a claim) that existed well before computers.

The way the *CLS* court distinguished the holding in *Research Corp. Tech. v. Microsoft* (which the parties previously submitted to this Court) is also relevant here. In particular, the *CLS* court noted that the decision in RCT turned on the fact that the claims at issue there did not have broad preemptive or exclusionary power. *Id.* at 39. The claims before the *CLS* court, on the other hand, had a broad preemptive effect and were therefore both distinguishable and impermissibly abstract. *Id.* at \*39-40. As the court put it, "unlike the concrete and palpable blue noise mask and pixel-by-pixel comparison method which resulted in a higher quality halftone digital image all while using less processor power and memory space which was before the Federal Circuit in *Research Corp* …. [plaintiff's] method claims are hardly limited to 'specific applications' of a fundamental concept." *Id.* at 41. The same is true here. Indeed, Accenture has claimed the patents apply, not only to claims handling software, but also to billing software and software for creating insurance policies.

The *CLS* court followed a similar analysis for the system and *Beauregard* claims within the challenged patents. *Id.* at 44-56. The court found that the claims were directed to abstract ideas and that the recited physical elements were not the "heart" of the invention. *Id.* at \*52. The court's analysis of these claims was supported by the fact that their dependant claims "do not further describe or limit the claimed data processing system as a machine" but are instead directed to "details to flesh out the steps, parties, and circumstances under which obligations are to be exchanged." *Id.* at \*53. The same is true of the dependent claims in Accenture's '284 and '111 patents, which are directed to different ways of organizing information and to preempting the use of the claimed ideas within certain sub-fields (*e.g.*, marine insurance, automobile insurance, property insurance and the like).

The Honorable Sue L. Robinson
March 23, 2011
Page 3

Respectfully,

*[signature]*

Jack B. Blumenfeld (#1014)

JBB/dlb
Enclosure
cc:   Clerk of Court (Via Hand Delivery; w/ enclosure)
      Richard L. Horwitz, Esquire (Via Electronic Mail; w/ enclosure)
      L. Scott Oliver, Esquire (Via Electronic Mail; w/ enclosure)